UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LARRY A . KATZ and,<br>KENNETH M. RAFTERY,<br><br>　　　　　Plaintiffs,<br>vs.<br><br>THE SEPARATION PAY PLAN OF<br>TEXACO, INC. and TEXACO INC.<br><br>　　　　　Defendants. | CASE NO. 3: 02CV02201(AWT)<br><br><br><br><br><br><br>October 24, 2003 |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL AND FOR ATTORNEYS' FEES AND COSTS**

**I.  PRELIMINARY STATEMENT**

Plaintiffs, Larry A. Katz and Kenneth M. Raftery ("Plaintiffs") have moved, pursuant to Rule 37 of the Federal Rules of Civil Procedure for the Court to order Defendants, The Separation Pay Plan of Texaco, Inc. and Texaco Inc. ("Defendants"), to fully respond to Plaintiffs' discovery requests dated May 6, 2003. The Court should deny Plaintiffs' motion. Plaintiffs have failed to satisfy the requirements of Rule 37 of the Federal Rules of Civil Procedure and D. Conn. L. Civ. R. 37, and, moreover, Defendants' objections are substantially justified because the scope of discovery in this matter is limited to review of the Plan Administrator's decision.

**II.  FACTUAL BACKGROUND**

Plaintiffs' commenced this lawsuit in December 2002 challenging the determination by the Administrator, of The Separation Pay Plan of Texaco, Inc. (the "Plan"), that they were not entitled to enhanced separation benefits under the terms of the Plan. As part of

discovery in the lawsuit, Plaintiffs have sought extensive information regarding matters outside the administrative record. When the Defendants objected to producing such information, Plaintiffs filed the pending Motion to Compel.

Plaintiffs did not make any attempts to substantively discuss the discovery issues in this matter or to follow up on the August 8, 2003 letter attached to the Motion to Compel. Nonetheless, the parties have largely resolved the discovery disputes set forth in the Motion to Compel and continue to discuss the limited disputes remaining.

The discovery disputes have been resolved except for Interrogatories 4, 7 and 12 and Requests for Production Nos. 12-16, 22 and 32-33. See Declaration of Conrad S. Kee attached hereto at Tab A. The remaining discovery disputes share a common theme: Plaintiffs are requesting detailed information regarding other Texaco employees that participated in Texaco benefit plans other than the Plan. In particular, Plaintiffs are seeking detailed confidential information regarding the participants in the Texaco Annual Cash Bonus Award Plan, the FAMM Annual Cash Bonus Plan, the FAMM Long Term Incentive Plan, the Texaco Long Term Incentive Plan, the Texaco Deferred Compensation Plan, and the FAMM Deferred Compensation Plan. As noted in response the various information requests at issue, Plaintiffs have been provided the plan documents for these other plans which set forth the eligibility criteria to receive benefits under each plan.

There is no dispute in this matter that:

1. The eligibility criteria for these other plans are different than the eligibility criteria for the Plan in dispute.

2. The information requests at issue seek information outside the administrative record.

III. **ARGUMENT**

    A. <u>**Plaintiffs have not complied with Rule 37 of the Federal Rules of Civil Procedure and D. Conn. L. Civ. R. 37.**</u>

Rule 37(a) of the Federal Rules of Civil Procedure provides "A party, *upon reasonable notice to other parties* and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows" (emphasis added). Rule 37(d) requires the moving party "include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action." Plaintiffs, as conceded in their motion, filed this motion without so much as a phone call to Defendants' counsel. "Reasonable notice" must mean, at a minimum, that the opposing party is made aware that a motion compelling discovery and for costs and fees will be filed. The most recent communication that Defendants' counsel received from Plaintiffs' counsel was a letter dated August 8, 2003, in which no such mention was made. See, letter attached at Exhibit D to Motion to Compel. Moreover, Plaintiffs' counsel is located in the same building as Defendants' counsel -- a simple ride in the elevator could have accomplished what Plaintiffs now attempt to do with court intervention. Plaintiffs should not be permitted to bypass the "good faith efforts" requirement of reasonable notice.

Rule 37 of the Local Civil Rules of the United States District Court for the District of Connecticut, likewise, requires conferring with the opposing counsel prior to filing a motion to compel. Local Rule 37(a)(2) provides "[n]o motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution." This simply was not done and therefore the court should decline to address Plaintiffs' discovery

requests. See Hayes v. Compass Group, USA, Inc., 202 F.R.D. 363 (D. Conn. 2001)(directing counsel to "review the Local Rules of Practice - specifically Local Rule 9(d)(2)" [now 37(d)] - which requires conferring with opposing counsel, and declining to address discovery requests because "there is no indication that counsel have discussed these [ ] with [opposing] counsel"). Plaintiffs' motion to compel should be denied because Plaintiffs have failed to satisfy their obligations under this Court's rules.

B.     **Discovery is not a fishing expedition.**

Fed. R. Civ. Proc. 26(b)(1) of the Federal Rules of Civil Procedure provides that any party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . . The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

Although discovery principles under the federal rules are construed broadly, "courts should not allow parties to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."[1] Spina v. Our Lady of Mercy Med. Ctr., 97-CIV-4661, 2001 U.S. Dist. LEXIS 7338, at *6 (S.D.N.Y. June 7, 2001) (denying plaintiff's discovery requests regarding complaints of sexual harassment that were unrelated to herself). The discovery sought must be more than a mere fishing expedition. Id. at *7 "Where a plaintiff fails to produce any specific facts whatsoever to

---

[1] Fed. R. Civ. Proc. 26(b)(1) of the Federal Rules of Civil Procedure provides that any party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . . The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

4

support an . . . allegation, a district court may, in its discretion, refuse to permit discovery . . . ." Id. (citing Contemporary Mission, Inc. v. United States Postal Serv., 648 F.2d 97, 107 (2d Cir. 1981)).

In this case, information regarding individuals that received benefits under other benefit plans has no conceivable bearing on this dispute. Those plans set forth specific eligibility criteria which are distinct from the eligibility criteria under the plan. Moreover, this information was not considered as part of the administrative record. As such, it is not discoverable.

C.   **The scope of discovery in this case is limited to the administrative level.**

1.   **Discretion is conferred by the Plan**

The controlling plan at issue in this matter, the Separation Pay Plan of Texaco, Inc. ("the Plan") reserves discretion in Plan administration, and the determination of who is eligible for benefits under the Plan, to' the plan administrator. Specifically, the Plan provides:

- The Plan Administrator has sole discretionary authority to determine whether you are an employee of the company or a participating company, based only on the plan's eligibility criteria, without regarding to whether you are considered a common law employee of the company or a participating company for any other purpose. See, Plan, p. 2, attached at Tab B.

- If a claim for benefits under this plan is denied in whole or in part, . . ., you may appeal the denial, in writing to the Plan Administrator. . . . If you do appeal, the Plan Administrator will review the facts of the case and will have discretionary authority to make a final and conclusive determination of the claim." See, Plan, p. 23, attached at Tab C.

- The Plan Administrator is responsible for the administration of this plan and has final discretionary authority to interpret the plan's provisions, including questions of fact. The Plan Administrator is the Vice President, Human Resources Department, Texaco, Inc., except on the case of Change of Control benefits, the Plan Administrator is the Change of Control Committee, as defined and explained in the Change of Control section.

> Any decisions of the Plan Administrator with respect to all issues
> and questions will be final, conclusive, and binding on all persons.
> See, Plan, p. 24, attached at Tab D.

### 2. The "arbitrary and capricious" standard applies and limits the scope of discovery to the administrative record.

As a general rule, a denial of benefits is to be reviewed by the court de novo unless the plan gives the administrator or fiduciaries discretionary authority to determine eligibility for benefits or to construe the terms of the plan. See Firestone Tire & Rubber Co. v. Bruch, 489 US 101, 111 (1989). When a plan grants discretion to the administrator, the scope of review is narrow and highly deferential to the plan administrator's decision. See Jordan v. Retirement Committee of Rensselaer Polytechnic Inst., 46 F.3d 1264, 1271 (2d Cir. 1995). The administrator's decision should not be disturbed unless its conclusions are arbitrary and capricious. See Pagan v. NYNEX Pension Plan, 52 F.3d 438, 442 (2d Cir. 1995). The district court may not substitute its judgment for that of the plan administrator. See id. Plaintiffs concede that the arbitrary and capricious standard applies in this matter. See Memorandum in Support of Motion to Compel at 6.

Where, as here, review is under the more deferential arbitrary and capricious standard, "district courts may consider only the evidence that the fiduciaries themselves considered." Miller v. United Welfare Fund, 72 F.3d 1066, 1071 (2d. Cir. 1995). See also, Zervos v. Verizon, 277 F.3d 635 (2d Cir. 2002). Moreover, discovery outside the administrative record is not permitted in such cases. Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan, 195 F.3d 975, 981-82 (7th Cir. 1999)("Deferential review of an administrative decision means review on the administrative record. We have allowed parties to take discovery and present new evidence in ERISA cases subject to de novo judicial decisions ... but never where the question is whether a decision is supported by substantial evidence, or is arbitrary and

capricious.")(citations omitted); Maune v. IBEW, Local #1, Health & Welfare Fund, 83 F.3d 959,963 (8th Cir. 1996)("In determining whether the denial of benefits was reasonable, the district court was limited to reviewing the evidence presented to the trustees. Because the district court had before it all of the evidence relied on by the trustees in denying the claim, it properly denied the Maunes the opportunity to conduct further discovery.")(citation omitted).

Plaintiffs cite Nagele v. Elec. Data Sys. Corp., 193 F.R.D. 94, 103 (W.D.N.Y. 2000) to support their argument that even if the court is bound by the arbitrary and capricious standard of review, this does not limit pretrial discovery to the actual administrative record that was considered by the plan administrator. The holding in Nagele is contrary to another decision in this circuit, Peterson v. Continental Casualty, 77 F.Supp.2d 420, 422 (S.D.N.Y. 1999), in which the noted that discovery under an arbitrary and capricious claim is limited to the administration record. Moreover, discovery in this matter would be inconsistent with the rationale set forth in the Nagele case.

In this case, discretion is specifically conferred by the Plan to the Plan Administrator, which for Plaintiffs' claims was the Change of Control Committee ("the Committee"). Therefore, the district court may only consider the evidence that these fiduciaries themselves considered. In light of this, discovery in this matter is limited to that which was before the Committee when it decided Plaintiffs' claims and does not extend to a fishing expedition seeking detailed information regarding other Texaco employees that received benefits through other Texaco benefit plans.

WHEREFORE, the Defendants, The Separation Pay Plan of Texaco, Inc. and Texaco Inc., respectfully requests that Plaintiffs' Motion to Compel be denied.

Respectfully submitted,

THE DEFENDANTS,
THE SEPARATION PAY PLAN OF TEXACO
INC., AND TEXACO INC.

By:_____
Conrad S. Kee (CT 16904)
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, CT 06904-0251
(203) 961-0404
(203) 324-4704 (facsimile)
keec@jacksonlewis.com

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, postage prepaid, to:

Scott R. Lucas
Mary Alice S. Canaday
Martin, Lucas & Chioffi
1177 Summer St.
Stamford, CT 06905

_____

LEXSEE 2001 U.S. DIST. LEXIS 7338

**Elena Spina, Plaintiff, -against - Our Lady of Mercy Medical Center, Percy Sajid, Individually, and Kathryn DeVito, individually, Defendants.**

97 CIV 4661 (RCC)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*2001 U.S. Dist. LEXIS 7338; 86 Fair Empl. Prac. Cas. (BNA) 246*

June 6, 2001, Decided
June 7, 2001, Filed

**DISPOSITION:** [*1] Plaintiff's motion to compel production of additional discovery DENIED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff sued defendants pursuant to Title VII of the Civil Rights Act of 1967, *42 U.S.C.S. § 2000e* et seq., and New York State Human Rights Law, N.Y. Exec. Law § 296 et seq., alleging sexual harassment. Plaintiff moved to compel discovery in connection with her lawsuit.

**OVERVIEW:** In plaintiff's sexual harassment action, plaintiff sought discovery relating to other incidents of alleged sexual harassment, including information concerning the termination of a former employee of defendant employer. Plaintiff sought to prove that defendants did not exercise reasonable care to prevent and correct promptly sexually harassing behavior. The court denied plaintiff's discovery request. Plaintiff failed to produce any specific facts to support the allegation that defendants failed in their duty to correct a sexually hostile work environment. Plaintiff had been provided with all required discovery that was relevant to her case, and had made no showing that the discovery sought was in any way relevant or necessary to her case.

**OUTCOME:** Plaintiff's motion to compel discovery was denied.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

*Labor & Employment Law > Discrimination > Sexual Harassment > Hostile Work Environment*
[HN1] A plaintiff may establish a violation of Title VII of the Civil Rights Act of 1967, *42 U.S.C.S. § 2000e* et seq., by proving that discrimination based on sex has created a hostile or abusive work environment. The proper inquiry in determining whether workplace harassment was severe or actionable depends on the totality of the circumstances. The focus of the inquiry is on the nature of the workplace environment as a whole. An employer may be subject to vicarious liability for an actionable hostile environment created by a supervisor. An employer has an affirmative defense to a claim of vicarious liability if the employer exercised reasonable care to prevent and correct promptly any harassing behavior, and if the plaintiff/employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm.

*Civil Procedure > Disclosure & Discovery > Relevance*
[HN2] Fed. R. Civ. P. 26(b)(1) provides that any party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

*Civil Procedure > Disclosure & Discovery > Relevance*
[HN3] While the United States Supreme Court has mandated that Fed. R. Civ. P. 26 (b)(1), concerning discovery of relevant information, be construed broadly,

Case 3:02-cv-02201-AWT     Document 30     Filed 10/27/2003     Page 10 of 12

Page 2

2001 U.S. Dist. LEXIS 7338, *; 86 Fair Empl. Prac. Cas. (BNA) 246

courts should not allow parties to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.

***Civil Procedure > Disclosure & Discovery > Relevance***
[HN4] Where a plaintiff fails to produce any specific facts whatsoever to support an allegation, a district court may, in its discretion, refuse to permit discovery.

**JUDGES:** Richard Conway Casey, U.S.D.J.

**OPINIONBY:** Richard Conway Casey

**OPINION: RICHARD CONWAY CASEY, U.S.D.J.:**

Elena Spina ("Plaintiff") brought this case pursuant to Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e et seq., and New York State Human Rights Law, N.Y. Exec. Law § 296 et seq., alleging sexual harassment against Our Lady of Mercy Medical Center ("OLMC"), Percy Sajid ("Sajid"), and Kathryn DeVito ("DeVito"), (collectively "Defendants"). Currently before the Court is Plaintiff's motion to compel discovery in connection with her lawsuit. n1 Specifically, Plaintiff seeks discovery relating to other incidents of alleged sexual harassment, including information concerning the termination of Arkady Shear ("Shear"), a former employee of OLMC. (Pl.'s Mem. at 1-2.) For the reasons stated herein, Plaintiff's motion is DENIED.

---

n1 The parties appeared before the Court for a status conference on July 30, 1999, at which time Plaintiff made the same request of the Court as forms the basis of this motion. At that time, the Court questioned the relevancy of the requested discovery, and denied Plaintiff's application. The Court permitted the parties to brief the issue for further review by the Court, resulting in the instant motion.

---

[*2]

**Jurisdiction**

Jurisdiction is proper in federal court pursuant to Title 28 of the United States Code Section 1331. Plaintiff's state law claims are properly in federal court based on pendent jurisdiction, pursuant to Title 28 of the United States Code Section 1367. The Equal Employment Opportunity Commission issued Plaintiff a Right to Sue letter, pursuant to Title VII, on June 6, 1997.

**Background**

Plaintiff was employed by OLMC as a night shift office clerk, from September 1995 until December, 1996. Defendant Sajid was the manager with supervisory authority over Plaintiff during her shift. In her complaint, Plaintiff alleges that Sajid "deliberately and with [OLMC's] actual knowledge, continuously subjected Plaintiff [to] unwanted, unsolicited, and offensive conduct premised upon gender." (Comp. P 7.) Plaintiff claims that she expressed her discomfort to Sajid and DeVito, who was the Director of Medical Records for OLMC and the employee in charge of personnel decisions at the time. She claims that DeVito advised her that such conduct by Sajid was cultural and that DeVito would take no action. As a result of Sajid's conduct, Plaintiff claims to be depressed, [*3] disabled and unable to work.

Arkady Shear was employed by OLMC in a variety of capacities for approximately six years. Shear's employment was terminated on March 29, 1994, approximately 18 months before Plaintiff was hired by OLMC in September 1995. Plaintiff alleges that Shear was discharged after OLMC's Human Resources Department investigated complaints of sexual harassment made by a female employee against him. Plaintiff seeks "documents including but not limited to any complaints, statements, grievance forms, correspondence, memoranda, and notes related to events leading to and including the termination of Arkady Shear." (Pl.'s Mem. at 1-2.)

In support of Plaintiff's motion to compel discovery, Plaintiff argues that Defendants did not properly address alleged complaints about Shear prior to his termination. Plaintiff relies on information obtained from Linda Siklos ("Siklos"), Plaintiff's sister and a former supervisor in OLMC's Medical Records Department. Plaintiff alleges that Siklos and other unidentified complainants were the victims of harassment by Shear. Plaintiff seeks an order from the Court, directing Defendants to produce information regarding the reasons for Shear's [*4] termination, including whether his termination was a result of any alleged complaints about his behavior, and any OLMC procedures followed to effect his termination. Defendants object to such production.

**Discussion**

In *Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 91 L. Ed. 2d 49, 106 S. Ct. 2399 (1986)*, the Supreme Court stated that [HN1] "a plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment." *Meritor, 477 U.S. at 66.* The Second Circuit clarified that the proper inquiry in determining whether "workplace harassment was severe or actionable

Case 3:02-cv-02201-AWT   Document 30   Filed 10/27/2003   Page 11 of 12

Page 3

2001 U.S. Dist. LEXIS 7338, *; 86 Fair Empl. Prac. Cas. (BNA) 246

depends on the totality of the circumstances." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000). The focus of the inquiry is "on the nature of the workplace environment as a whole." Id. In *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 141 L. Ed. 2d 633, 118 S. Ct. 2257 (1998), the Supreme Court held that an employer may be subject to vicarious liability for an actionable hostile environment created by a supervisor. *Burlington Industries*, 524 U.S. at 765. [*5] The Court did offer employers an affirmative defense to a claim of vicarious liability if the employer exercised reasonable care to prevent and correct promptly any harassing behavior, and if the plaintiff/employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm. Id. Plaintiff argues that she is entitled to discover other instances of harassment by the same defendant, as well as by others, because the additional discovery may lead to admissible evidence which will demonstrate that "the defendant hospital's sexual harassment policy and procedures are inadequate," thus preventing Defendant OLMC from taking advantage of this affirmative defense. Plaintiff seeks to prove that Defendants did not exercise reasonable care to prevent and correct promptly sexually harassing behavior.

Defendants respond that the discovery sought by Plaintiff is overbroad and seeks irrelevant material. Defendants note that Spina and Shear never worked together at OLMC, and that Shear was discharged 18 months before Spina was ever hired. Defendants represent that they do not believe that Spina and Shear ever met or came in contact [*6] with one another while working at OLMC.

Plaintiff's motion to compel discovery is governed by [HN2] Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that any party:

> may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . . The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. Proc. 26(b)(1). [HN3] While the Supreme Court has mandated that Fed. R. Civ. P. 26 (b)(1) be construed broadly, see *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978), courts should not allow parties to "roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." *Evans v. Calise*, 1995 U.S. Dist. LEXIS 6948, No. 92 Civ. 8430, 1995 WL 312468, *1 (S.D.N.Y. May 19, 1995) (citations omitted). Here, this is exactly what Plaintiff appears [*7] to attempt to accomplish. While the law requires that the discovery sought must be "reasonably calculated to lead to discovery of admissible evidence," Fed. R. Civ. P. 26 (b)(1), Plaintiff's request in the instant matter is merely a fishing expedition. [HN4] "Where a plaintiff fails to produce any specific facts whatsoever to support an . . . allegation, a district court may, in its discretion, refuse to permit discovery . . . ." *Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97, 107 (2d Cir. 1981).

Here, Plaintiff fails to produce any specific facts to support the allegation that Defendants "failed in their duty to correct a sexually hostile work environment." (Pl.'s Mem. at 6.) In fact, the evidence that the Plaintiffs themselves proffer seems to indicate the opposite. Plaintiff and Defendants concede that Shear was terminated for sexual harassment. At the very least, this indicates that Defendants do, in fact, address sexual harassment complaints. Further, all Plaintiff offers in support of her suppositions is the testimony of Plaintiff's sister, who indicates that she had complained about Shear's conduct, but that "the managers failed to act on [*8] this complaint." Id. at 2. Siklos further indicated that other women may have made complaints though she was not able to identify other complainants. None of the allegations made by Siklos about Shear rises to the level of a "specific fact" and none of the allegations have any connection to this case.

OLMC has already provided Plaintiff with a copy of Mr. Sajid's disciplinary records and performance evaluations. OLMC has also provided Plaintiff with a copy of its policy against sexual harassment. Further, Defendants' witnesses have testified about other allegations of sexual harassment in Plaintiff's department, including an incident involving Mr. Sajid, which predated Plaintiff's employment with OLMC. The Court finds that Plaintiff has been provided with all required discovery that is relevant to her case, and has made no showing that the discovery sought is in any way relevant or necessary to her case. Furthermore, the Court finds that if the Court were to compel such a production, where there is no connection between the events of this case and the information sought, it could have a chilling effect on an employer's readiness and willingness to take action in harassment or [*9] discrimination cases, for fear of any documentation being used against them. This could contradict the purpose of the protections provided by Title VII and could diminish the effectiveness of anti-

Case 3:02-cv-02201-AWT   Document 30   Filed 10/27/2003   Page 12 of 12

Page 4
2001 U.S. Dist. LEXIS 7338, *; 86 Fair Empl. Prac. Cas. (BNA) 246

discrimination and anti-harassment policies. Therefore, Plaintiff's motion to compel discovery is denied.

**Conclusion**

For the reasons stated herein, Plaintiff's motion to compel production of additional discovery is DENIED.

Dated: June 6, 2001
New York, New York

SO ORDERED.

Richard Conway Casey, U.S.D.J.