# TAB A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LARRY A. KATZ and,<br>KENNETH M. RAFTERY, | : | CASE NO. 3: 02CV02201(AWT) |
| Plaintiffs, | : | |
| vs. | : | |
| THE SEPARATION PAY PLAN OF<br>TEXACO, INC. and TEXACO, INC. | : | |
| Defendants. | : | October 24, 2003 |

## DECLARATION OF CONRAD S. KEE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR ATTORNEYS' FEES AND COSTS

1. I am an attorney with the law firm Jackson Lewis LLP, attorneys for defendant The Separation Payment Plan of Texaco, Inc. and Texaco, Inc. ("Texaco") in the above-captioned matter. As such, I am aware of the facts and circumstances relating to the instant action.

2. I offer this declaration in further support of Texaco's Opposition to Plaintiffs' Motion to Compel and for Attorney's Fees and Costs.

3. Plaintiffs did not make any attempts to substantively discuss the discovery issues in this matter or to follow up on the August 8, 2003 letter attached to the Motion to Compel. Nonetheless, the parties have largely resolved the discovery disputes set forth in the Motion to Compel and continue to discuss the limited disputes remaining. Attached to this declaration at Tab A is a true and accurate copy of the October 16, 2003 letter from Attorney Canady to Attorney Kee regarding the resolution of discovery disputes.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 24, 2003

_____
Conrad S. Kee

## CERTIFICATE OF SERVICE

      This is to certify that, on this date, a copy of the foregoing was mailed, via U.S. first-class mail, postage prepaid, to:

Scott R. Lucas
Mary Alice S. Canaday
Martin, Lucas & Chioffi
1177 Summer St.
Stamford, CT 06905

_____
Conrad S. Kee

# Martin, Lucas & Chioffi, LLP

COUNSELORS AT LAW

STAMFORD, CONNECTICUT | NEW YORK, NEW YORK

RECEIVED BY

OCT 16 2003

JACKSON LEWIS STAMFORD

177 Broad Street
Stamford, Connecticut 06901

October 16, 2003

Telephone: 203 973.5200
Facsimile: 203 973.5250

www.mlc-law.com

**VIA HAND DELIVERY**

Conrad S. Kee, Esq.
Jackson Lewis LLP
177 Broad Street
P.O. Box 251
Stamford, CT 06904

Re: *Larry A. Katz and Kenneth M. Raftery v. The Separation Pay Plan of Texaco, Inc. and Texaco, Inc.*

Dear Shawn:

Confirming our meeting of yesterday:

***Interrogatories:***

Based upon your assertions during our meetings and those contained in your letter of October 3, 2003, there appear to be no remaining disputes in connection with Interrogatory Nos. 1-3, 5-6 and 8-10.

In connection with Interrogatory No. 9, we agreed to limit our request to the number of lawsuits involving claims seeking payment of enhanced change of control benefits and information regarding whether any rulings have been made on such cases. You indicated that Texaco was willing to provide such information. Accordingly, provided the information is forthcoming, no dispute remains with regard to this interrogatory.

In connection with Interrogatory No. 11, you confirmed that the Texaco executives who received severance plans, as indicated in the excerpt of Texaco's 2001 annual report, were Texaco position-grades 26 or above. However, we would still like to know when the agreements were entered into. The timing is important to the issue of the fiduciary's responsibility to act in good faith. Please advise whether Texaco is willing to provide this information or whether we should press this issue at the November 6 hearing.

MARTIN, LUCAS & CHIOFFI, LLP

Conrad S. Kee, Esq.
October 16, 2003
Page 2

In connection with Interrogatory Nos. 4, 7 and 12, you have indicated you are still working with defendants on getting responsive information and will get back to me,

**Document Requests:**

Based upon your assertions during our meetings and those contained in your letter of October 3, 2003, there appear to be no remaining disputes in connection with Document Request Nos. 1-11, 17-21, 23, 24 (provided information to Interrogatory No. 11 is provided) and 26-31.

You indicated in our meeting of yesterday, that we have been provided with all documents responsive to Document Request Nos. 8-11, 17, 21, 23-24, 26-27 and 30-31. Accordingly, there are no remaining disputes in regard to these requests.

You indicated in our meeting of yesterday that documents responsive to Document Request Nos. 25 and 34 will be provided. Accordingly, no disputes remain provided such information is received.

Finally, you indicated that you are still working with defendants in compiling documents responsive to Document Request Nos. 12-16, 22 and 32-33.

**Extension of Time:**

We are trying to reach our clients to determine whether they will consent to another week's extension.

**Depositions:**

As I indicated, we will not agree to take the depositions in Houston. Accordingly, we will notice the depositions of the Plan's committee members in Connecticut, and if defendants object, we can hopefully bring that issue before the Judge on November 6.

Sincerely,

Mary Alice S. Canaday

cc:   Larry Katz
      Kenneth Raftery

# TAB B

The Plan Administrator has sole discretionary authority to determine whether you are an employee of the company or a participating company, based only on the plan's eligibility criteria, without regard to whether you are considered a common law employee of the company or a participating company for any other purpose.

**Who is Not Eligible**

You are not eligible for the plan if:

(1) You do not meet all of the eligibility criteria under <u>Who is Eligible</u>;

(2) You are temporary, part-time, or seasonal employee; or

(3) You are characterized or under contract as an independent contractor or render services to the company pursuant to an agreement between the company or a participating company and a third party.

## SERVICE

**A Completed Year of Service**

A completed year of service means each 12 months of active, continuous and exclusive service from your continuous service date with the company, excluding periods of temporary layoff.

Active, continuous and exclusive service includes absences protected by leaves of absence approved by the company and absences that are shorter than those requiring a formal leave under company policy.

In most cases, your continuous service date is simply your date of employment with the company. However, if you left the company and were later re-employed, your continuous service date for purposes of this plan will be your most recent date of re-employment.

**Service for Eligibility**

To be eligible for this plan, you must complete one year of active, continuous, and exclusive service from your continuous service date with the company. However, if you were on a Texaco U.S. Dollar payroll as of December 1, 2000, the one-year of service requirement is waived.

While absences due to temporary layoff will not cause a break in your continuous service, a temporary layoff that occurs before you become eligible for the plan will not count towards the required 12 months of service for plan eligibility. In this case, you will become eligible for the plan when you complete 12 months of active, continuous and exclusive service on a cumulative basis.

Texaco 0145

# TAB C

# CLAIMS PROCEDURES

The claims procedures described in this section apply to the Basic and Enhanced separation pay benefits, as well as the Change of Control benefits, except that the Change of Control Committee is the Plan Administrator for purposes of the Change of Control benefits.

### Presentation of Claims

If the company determines that you're eligible for separation pay benefits under this plan, you'll be advised of this determination and asked to elect, in writing, payment under the Basic or Enhanced Benefits Option. If you elect payment under the Enhanced Benefits Option, you'll be asked to sign and return the release. In the case of Change of Control benefits, no election or release is required.

If you do not agree with a matter pertaining to your separation pay benefits, you may submit a written claim to the Benefits Center for the benefits you think you are entitled to under the provisions of this plan.

You'll be notified in writing of the decision within 90 days after your written claim is received (or 180 days if it's a special case). If an extension of time is required for the review, you'll be notified before the extension period begins.

### Procedures for Review of Claims Denied in Whole or In Part

If a claim for benefits under this plan is denied in whole or in part, you'll be notified, in writing, as to the specific reasons for the denial. Within a period of 60 days after you receive this notification, you may appeal the denial, in writing, to the Plan Administrator.

If you do not appeal within the 60-day period, the denial will be considered final, conclusive, and binding. If you do appeal, the Plan Administrator will review the facts of the case and will have discretionary authority to make a final and conclusive determination of the claim. This determination will be issued, in writing, within 60 days after receipt of your written appeal (or within 120 days if special circumstances require an extension of time for processing). If an extension of time is required for the review, you will be notified before the extension period begins.

Texaco 0166

# TAB D

**ADMINISTRATION**

The Plan Administrator is responsible for the administration of this plan and has final discretionary authority to interpret the plan's provisions, including questions of fact. The Plan Administrator is the Vice President, Human Resources Department, Texaco Inc., except in the case of Change of Control benefits, the Plan Administrator is the Change of Control Committee, as defined and explained under the Change of Control section.

The decisions of the Plan Administrator with respect to all issues and questions will be final, conclusive, and binding on all persons.

The Plan Administrator may delegate to other persons the responsibilities for performing the ministerial duties in accordance with the terms of the plan and may rely on information, data, statistics or analysis provided by these persons. The company's determination will be conclusive regarding rates of pay, periods of absence with or without full- or part-pay, length and continuity of service, and termination of employment.

This plan is voluntary on the part of the company. The company reserves the right to amend, modify, or terminate the plan at any time, with or without advance notice, prospectively as well as retroactively, subject to applicable law, except that the Change of Control provisions may not be amended modified, canceled, or rescinded at any time subsequent to the day immediately before a Change of Control. Changes to the plan can be approved by either the Plan Administrator, Executive Management, or the Board of Directors. The level of approval for changes depends on the type of change, its cost, or whether the change is required by law.

Modifications to the plan are usually announced in Texaco's benefits newsletter, *Focus On Benefits*. All articles published in *Focus On Benefits* after the printing date of this Summary Plan Description and Formal Text which disclose plan modifications are incorporated into and considered part of this plan document. The information in those articles, if different, will supercede and replace the information in this Summary Plan Description.

**GOVERNING PLAN DOCUMENT**

This Summary Plan Description and Formal Text of the Separation Pay Plan of Texaco Inc. is the governing plan document.

Texaco 0167