UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LARRY A. KATZ and,<br>KENNETH M. RAFTERY,<br><br>  Plaintiffs,<br>vs.<br><br>THE SEPARATION PAY PLAN OF<br>TEXACO, INC. and TEXACO INC.<br><br>  Defendants. | CASE NO. 3: 02CV02201(AWT)<br><br><br><br><br><br><br><br>November 18, 2003 |

## MEMORANDUM OF LAW
### IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND NON-PARTY RESPONDENT'S MOTION TO QUASH PLAINTIFFS' SUBPOENAS

I.   **PRELIMINARY STATEMENT**

Pursuant to Federal Rule of Civil Procedure 26(d) and 45, Defendants, The Separation Pay Plan of Texaco, Inc. and Texaco Inc. ("Defendants"), and Non-Party Discovery Respondent, Fuel and Marine Marketing LLC ("FAMM"), submit this Memorandum of Law in support of their Motion for Protective Order and Motion to Quash regarding seven fact witnesses: John Goldsby, Rob Boila, Carolyn Sellers, Peter Meade, Pat Lynch, Michele Swanson, and C. Michael Bandy, whose depositions have been noticed to take place and/or have been subpoenaed to appear in Stamford by the Plaintiffs' Larry A. Katz and Kenneth M. Raftery ("Plaintiffs").

The principal issue in this motion is the location of the depositions. Five of the deponents at issue in this motion reside in Southern Texas while the other two reside on the New Jersey Shore. Further, two of the witnesses have significant personal issues which restrict their ability to travel to Connecticut.

The witnesses have agreed to voluntarily attend a deposition if it is conducted at a location convenient to their home and/or regular place of work.[2] Defendants have offered to coordinate the attendance of all of the Texas witnesses and one of the New Jersey witnesses at a location convenient for those witnesses. As an alternative, defendants have indicated their willingness to agree to telephonic depositions of the witnesses. Plaintiffs have refused either of these alternatives and demand the witnesses appear at their office in Stamford.[3]

## II.    STATEMENT OF FACTS

Plaintiffs' commenced this lawsuit in December 2002 challenging the determination by the Administrator of The Separation Pay Plan of Texaco, Inc. (the "Plan"), that they were not entitled to enhanced separation benefits under the terms of the Plan. Plaintiffs are former employees of Texaco, Inc. and Fuel and Marine Marketing, LLC ("FAMM"). Plaintiffs formerly worked in White Plains, New York and were never employed by Texaco, Inc. in Connecticut. Texaco, Inc.'s principal place of business is in San Ramon, California. FAMM is headquartered in Houston, Texas. The primary basis for plaintiffs' selection of Connecticut as the forum for their claims appears to be personal convenience.

As part of discovery in the lawsuit, plaintiffs have noticed the depositions of several individuals to take place in Stamford, Connecticut and subpoenaed FAMM to produce persons designated by Plaintiffs for deposition. Defendants and FAMM have offered to coordinate the depositions for these individuals at a location convenient for the witnesses or by telephone, but plaintiffs have rejected all such offers.

---

[2]    Mr. Meade has not yet agreed to voluntarily attend a deposition although we expect that he will be willing to do so if we can arrange a convenient location for him. An eighth witness, Scott Jeffrey, now works in Stamford. While Mr. Jeffrey is no longer employed by an entity affiliated with Texaco, Inc., he has agreed to make himself available at a mutually convenient time.

[3]    See Declaration of Conrad S. Kee submitted herewith.

The deponents at issue can generally be grouped into three separate categories: (1) New Jersey Shore deponents, (2) Texas non-employee deponents and (3) Texas FAMM deponents. The New Jersey Shore deponents and the Texas non-employee deponents are not employed by Texaco, Inc. or an affiliated company.[4] FAMM is a company affiliated with Texaco, Inc. and the Texas FAMM deponents are employed by FAMM.

A. **New Jersey Shore Deponents**

Plaintiffs have noticed the deposition of Patrick Lynch and Peter Meade both of who live on the New Jersey shore. Mr. Lynch has agreed to make himself available for his deposition at a location near his home on the New Jersey shore and we expect that Mr. Meade would also make himself available for a deposition near his home.

Mr. Lynch's current home is in Sea Girt, New Jersey. According to Mapquest.com, Sea Girt is 101 miles from Stamford, Connecticut. Mr. Lynch's wife is currently undergoing radiation treatment for cancer and Mr. Lynch generally takes her to and from treatment each morning at a local facility.[5] Mr. Lynch has agreed to make himself available for his deposition at a location in the New Jersey shore provided that the deposition take place in the afternoon. Obviously, requiring Mr. Lynch to travel to Connecticut would be a significant hardship in light of his wife's medical condition.

Mr. Meade lives in Spring Lake, New Jersey. According to Mapquest.com, Spring Lake is 101 miles from Stamford, Connecticut. Spring Lake is within two miles of Mr. Lynch's Sea Girt home. Mr. Lynch is unwilling to voluntarily travel to Stamford, Connecticut for his deposition.

---

[4] Some of the deponents occasionally provide services to a company affiliated with Texaco, Inc. but are not employees of Texaco, Inc. or any affiliated company.

[5] Mr. Lynch also has a home in Northern New Jersey but is currently living on the New Jersey shore where his wife is receiving treatment.

### B.  Texas Non-Employee Deponents

Plaintiffs have noticed the deposition of three individuals who reside in Southern Texas: John Goldsby, Rob Boila and Carolyn Sellers. Each of these individuals has indicated a willingness to participate in a deposition near their homes.

Ms. Sellers lives in Sugarland, Texas, a suburb of Houston. Ms. Sellers has three children, ages 5, 7 and 14. Ms. Sellers does not have regular childcare and her husband is unable to care for the children after school hours because he is self-employed. Mr. Boila lives in Conroe, Texas, which is approximately 40 miles from Houston. Mr. Goldsby lives in College Station, Texas, which is approximately 95 miles from Houston.

### C.  Texas FAMM Deponents

Plaintiffs' subpoenas command FAMM to produce C. Michael Bandy and Michele Swanson for deposition in Stamford, Connecticut. Mr. Bandy and Ms. Swanson both live and work in Houston. See Declarations of C. Michael Bandy and Michele Swanson filed herewith.

### III.  ARGUMENT

### A.  The Defendants Are Not Required to Produce the Witnesses

Rule 30(a) permits the deposition of individual witnesses to be taken in a lawsuit. Rule 30(a) does not, however, require a party to produce witnesses and provides that "attendance of witnesses may be compelled by subpoena as provided in Rule 45." Fed.R.Civ.P. 30(a)(1). Plaintiffs have not subpoenaed five of the witnesses at issue in this motion.

Defendants are certainly willing to coordinate the depositions of these witnesses and would expect the witnesses to be cooperative without the necessity of formal service of a subpoena. Nonetheless, neither the individual deponents nor the defendants have waived the protection of Fed.R.Civ.P. 45 regarding the location of deposition.

### B. Witnesses May Not Be Required to Travel To Stamford Connecticut for Their Deposition

Plaintiffs have noticed five depositions and subpoenaed FAMM to produce two individuals for deposition. However, none of the individuals Plaintiffs have requested for deposition live or work within 100 miles of Stamford.

Rule 45(c)(3)(A) provides:

> On timely motion, the court by which a subpoena was issued <u>shall</u> quash or modify the subpoena if it . . . (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person ...

F.R.C.P. 45(c)(3)(A) (emphasis added). Consequently, plaintiffs, are required to conduct the deposition in Texas or New Jersey. Obviously, the cooperation of defendants and FAMM in coordinating these depositions does not waive such right.

Moreover, even if the five individuals were current employees of the defendants, defendants would not be required to produce them for deposition in Stamford. Fed.R.Civ.P. 26(c) permits the Court to issue a protective order:

> to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had; (2) that the disclosure of discovery may be had only on specified terms and conditions, including a designation of the time or place; . . .

Fed.R.Civ.P. 26(c).

The Court has broad discretion under Rule 26(c) in selecting the place of examination. From both a common sense and a legal perspective, these depositions should not take place in Connecticut.

From a common sense perspective, depositions in Connecticut simply don't make sense. None of these witnesses work or live in Connecticut. Mr. Meade and Mr. Lynch live

within two miles of each other in New Jersey. More significantly, Mr. Lynch's wife is undergoing radiation treatment and one cannot seriously suggest that he should travel to Connecticut under these circumstances. Moreover, Ms. Sellers, Mr. Boila, Mr. Goldsby, Ms. Swanson and Mr. Bandy all live in Texas. Ms. Sellers' responsibilities to care for her children restrict her ability to travel. Obviously, it makes more sense to take these depositions in New Jersey and Texas rather than require these individuals to travel to Connecticut.

From a legal perspective, these individuals cannot be compelled to attend a deposition in Connecticut. Indeed, even if they were current corporate officers or agents, their deposition would ordinarily be taken at the corporation's principal place of business and not Connecticut. See, e.g., Redland Soccer Club v. Dep't of Army, 55 F.3d 827, 853 n. 18 (3d Cir. 1995) (not abuse of discretion to require deposition at place of residence or business of witnesses); Thomas v. IBM, 48 F.3dd 478, 483 (10th Cir. 1995) (deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business); Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979) (deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business); Thompson v. Sun Oil Co., 523 F.2d 647 (8th Cir. 1975) (district court did not err in quashing plaintiff's notice to depose certain company representatives in Omaha rather than more convenient location).

"While a party is generally free to choose its method of discovery, it does not have an absolute right so to do and upon a showing of good cause the court may alter the manner or place of discovery as it deems appropriate." Colonial Capital Co. v. General Motors Corp., 29 F.R.D. 514, 518 (D. Conn. 1961). In the present case, plaintiffs should not be permitted to compel these depositions to take place in Connecticut and the Court should require plaintiffs to conduct any such depositions at a location convenient for the witness or by telephone.

## IV. CONCLUSION

WHEREFORE, the Defendants, The Separation Pay Plan of Texaco, Inc. and Texaco Inc., respectfully requests that this motion be granted.

Respectfully submitted,

THE DEFENDANTS,
THE SEPARATION PAY PLAN OF TEXACO INC., AND TEXACO INC.; AND NONPARTY, FUEL AND MARINE MARKETING, LLC

By: _____
Conrad S. Kee (CT 16904)
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, CT 06904-0251
(203) 961-0404
(203) 324-4704 (facsimile)
keec@jacksonlewis.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LARRY A. KATZ and,<br>KENNETH M. RAFTERY, : | CASE NO. 3: 02CV02201(AWT) |
| Plaintiffs, : | |
| vs. : | |
| THE SEPARATION PAY PLAN OF :<br>TEXACO, INC. and TEXACO INC. : | |
| Defendants. : | November 18, 2003 |

### DECLARATION OF CONRAD S. KEE

I, Conrad S. Kee, hereby declare as follows:

1. I am a partner at Jackson Lewis LLP and am counsel for the defendants in the above-captioned case.

2. I have consulted in good faith with plaintiffs' counsel in an attempt to resolve this dispute before filing the Motion for Protective Order. My attempts to resolve this dispute include conversations, in person and in telephone, with plaintiffs' counsel regarding the locations of the depositions at issue. I also forwarded plaintiffs' counsel a draft brief containing the substantive facts and law in support of these motion before seeking relief. We were unable to resolve this dispute.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Conrad S. Kee

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LARRY A. KATZ and, <br> KENNETH M. RAFTERY, <br> <br> Plaintiffs, <br> vs. <br> <br> THE SEPARATION PAY PLAN OF <br> TEXACO, INC. and TEXACO INC. <br> <br> Defendants. | CASE NO. 3: 02CV02201(AWT) <br> <br> <br> <br> <br> <br> <br> November 18, 2003 |

### DECLARATION OF C. MICHAEL BANDY IN SUPPORT OF MOTION TO QUASH

I, C. Michael Bandy, hereby declare as follows:

1. I am employed by ChevronTexaco as the President of Global Trading/Fuel Marine Marketing LLC.

2. I recently learned that a subpoena had been served upon Fuel and Marine Marketing LLC's ("FAMM") office in White Plains, New York which seeks to compel me to attend a deposition to White Plains, New York in a lawsuit involving Larry Katz and Kenneth Raftery, two former employees of FAMM.

3. My office and regular place of business is at FAMM's headquarters in Houston, Texas and I live in the Greater Houston area. I can make myself available at a mutually convenient time in the Houston area.

4. I am aware that the FAMM website lists 44 South Broadway, White Plains, New York as one of our offices. FAMM does maintain an office in White Plains, New York, but that office is merely one of several offices around the world. Mr. Katz and Mr. Raftery are well aware that the headquarters of FAMM is in Houston and declined an offer to relocate to the Houston headquarters in 2001.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
C. Michael Bandy

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LARRY A. KATZ and, <br> KENNETH M. RAFTERY, <br> <br> Plaintiffs, <br> vs. <br> <br> THE SEPARATION PAY PLAN OF <br> TEXACO, INC. and TEXACO INC. <br> <br> Defendants. | CASE NO. 3: 02CV02201(AWT) <br> <br> <br> <br> <br> <br> November 18, 2003 |

## **DECLARATION OF MICHELE J. SWANSON IN SUPPORT OF MOTION TO QUASH**

I, Michele J. Swanson, hereby declare as follows:

1. I am employed by Fuel and Marine Marketing, LLC ("FAMM") as Advisor to the President of Global Trading/Fuel Marine Marketing LLC, C. Michael Bandy.

2. I recently learned that a subpoena had been served upon FAMM's office in White Plains, New York which seeks to compel me to attend a deposition to White Plains, New York in a lawsuit involving Larry Katz and Kenneth Raftery, two former employees of FAMM.

3. My office and regular place of business is at FAMM's headquarters in Houston, Texas and I live in the Greater Houston area. I can make myself available at a mutually convenient time in the Houston area.

4. I am aware that the FAMM website lists 44 South Broadway, White Plains, New York as one of our offices. FAMM does maintain an office in White Plains, New York, but that office is merely one of several offices around the world. Mr. Katz and Mr. Raftery are well aware that the headquarters of FAMM is in Houston and declined an offer to relocate to the Houston headquarters in 2001.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Michele J. Swanson*
Michele J. Swanson

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was hand-delivered this date to:

>Scott R. Lucas
>Mary Alice S. Canaday
>Martin, Lucas & Chioffi
>177 Broad Street
>Stamford, CT 06901

_____
Conrad S. Kee