potentially be used and/or marked during the five proposed depositions. Accordingly, as those documents are currently in the office of plaintiffs' counsel, litigation efficiency is best served if the depositions are ordered to take place in Stamford, Connecticut.

### B.     *FAMM DEPONENTS*

####     1.     *Peter Meade*

Plaintiff noticed the deposition of Peter Meade, the former Vice President and Chief Financial Officer of FAMM, who currently resides in New Jersey according to representations by defendants. While he was properly served with a notice of deposition (as defendants' counsel agreed to accept service), defendants object to the deposition on the grounds that Mr. Meade resides 101 miles from Stamford, Connecticut. As set forth in connection with Mr. Lynch, defendant did not apply the proper standard to determine if a deponent is within 100 miles of the deposition location. Defendants apparently used a free map service, such as MapQuest, which measures the distances on roadways. The proper method uses the straight-line approach. SMC Corp. v. Xerox Corp., 76 F.R.D. 214, 215-16 (D. Conn. 1977). Accordingly, applying the correct analysis, it is clear that Mr. Meade resides within 100 miles of Stamford, Connecticut and is properly subject to having his deposition conducted there. (See Exhibit C attached hereto.) However, because plaintiffs have agreed to take Mr. Lynch's deposition in New Jersey in view of his personal issues, they will also agree to take Mr. Meade's deposition in New Jersey provided (1) both depositions are conducted on the same day at the same location and (2) defendants cover any and all costs and/or expenses related to changing the location of the deposition.

### 2. *Michael Bandy and Michele Swanson*

Plaintiffs issued subpoenas in connection with Michael Bandy and Michele Swanson, as each is an employee of Fuel and Marine Marketing Corporation (FAMM), a non-party with offices in White Plains, New York. Both individuals are currently employed by FAMM as officers and/or directors: Mr. Bandy is the President of FAMM and is also a member of the FAMM Board of Directors, while Ms. Swanson is an Advisor to the President, as well as an Assistant Secretary appointed by the Board of Directors.

As a general matter, there is a presumption that a nonparty witness shall be deposed in the district where there is a principal place of business. In the instant case, plaintiffs have noticed the deposition of FAMM by and through Michael Bandy and Michele Swanson. It is undisputed that FAMM has corporate offices in White Plains, New York which is well within 100 miles of Stamford, Connecticut. In fact, Mr. Bandy and Ms. Swanson both admit in their affidavits that FAMM has corporate offices in White Plains and according to FAMM's website these are the only FAMM offices located on the East Coast. Accordingly, because FAMM, the corporate deponent, has a place of business in White Plains, New York, the notice of deposition with a Stamford, Connecticut location is proper.

As set forth above, the burden is on the defendants to convince the Court to quash the subpoenas in question. Defendants have simply failed to support their burden. Accordingly, as previously established, the factors of cost, convenience and litigation efficiency weigh in favor of taking the depositions in Stamford, Connecticut. See, e.g., Devlin v. Transportation Communications International Union, 2000 WL 28173 (S.D.N.Y. 2000) (attached hereto as Exhibit B).

16

## CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that defendants' Motion for Protective Order and To Quash Subpoenas be denied in its entirety and defendants be compelled to produce each of the witnesses (except Meade and Lynch) who have been subpoenaed or whose depositions have been noticed to the offices of the undersigned on a date to be determined.

By _____
Scott R. Lucas (ct00517)
Mary Alice S. Canaday (ct17608)
*Attorneys for Plaintiffs*
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com