02CV2201
prop)oto

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LARRY A. KATZ<br>And KENNETH M. RAFTERY, | : <br> : | CIVIL ACTION NO.<br>302 CV 02201 (AWT) |
| Plaintiffs, | : <br> : | |
| V. | : <br> : | |
| THE SEPARATION PAY PLAN<br>OF TEXACO, INC.<br>And TEXACO, INC., | : <br> : <br> : <br> : | DECEMBER 4, 2003 |
| Defendants. | : | |

## PROTECTIVE ORDER

**WHEREAS,** the parties to this action are engaged in discovery proceedings, which may include and has included, among other things, the noticing of depositions and/or the production of documents for inspection and copying;

**WHEREAS,** these discovery proceedings necessarily involve the production of information which the parties believe to be confidential commercial, financial, business, or personal information.

**WHEREAS,** the information being produced during discovery in this litigation is entitled to protection;

1

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

**General Provisions**

1. Documents, testimony or things produced in discovery in this action (hereinafter collectively "Discovery Material") will be subject to the terms and conditions of this Protective Order.

2. Discovery Material may be provided or disclosed under the following terms and conditions:

   a. Discovery Material which the producing party does not believe is confidential, in which case no designation concerning the Discovery Material is to be made;

   b. Discovery Material which the producing party believes to be confidential, which the producing party or person will designate and mark "Confidential/Subject to Protective Order";

   c. Any confidential designation which is inadvertently omitted subsequent to the entry of this Protective Order may be corrected by written notification to opposing counsel.

3. With respect to Discovery Material designated pursuant to paragraph 2(b), access shall be limited to (i) the parties and their representatives, agents, and attorneys; (ii) any individual who is retained in connection with this litigation; (iii) and to persons being deposed who first have been provided a copy of this Protective Order, have been advised of the obligation it places on them with respect to Discovery Material so designated, and have signed a Confidentiality Agreement in the form attached as Exhibit A and provided to the counsel giving them access to the confidential Discovery Material. Those granted access shall maintain the confidentiality of the Discovery

Material, use it solely in connection with the prosecution and defense of this action, and share it only with those entitled to access to it under this Order.

4. Designation of Discovery Material pursuant to paragraph 2(b) constitutes a representation by the designating party that the designating person has a good-faith belief that:

    a. The designating person has an ownership interest in the Discovery Material or an obligation to the owner to limit dissemination of the Discovery Material (the latter hereafter a "Confidentiality Obligation"); and

    b. The Discovery Material contains or reflects nonpublic information of a confidential commercial, financial, business, medical, patient or personal nature.

If Discovery Material is designated because of a Confidentiality Obligation, the identity of the owner and the terms of the obligation must be disclosed at the time of designation. This Protective Order will extend to information or material derived from a source other than from a party to this litigation if that source was contacted solely in regard to this litigation and if the information or material received from that source is the same in substance as information or material previously provided by a party and designated as "Confidential/Subject to Protective Order."

**Depositions**

5. With respect to depositions, the stenographer or other person recording each deposition will be informed of this Order and will be required to operate in a manner consistent with the provisions of this Order, and for deposition transcripts containing Discovery Material designated pursuant to paragraph 2(b), the stenographer shall place on the cover of any deposition a legend:

> This contains confidential information subject to the Court's Protective Order of [date].

A copy of this Protective Order, including any supplements to it then pertaining, will be bound into the back of each such transcript.

6. In the event that deposition testimony is to be given that is subject to the provisions of paragraph 2(b), or if Discovery Material subject to the provisions of paragraph 2(b) is in any way used during a deposition (hereinafter collectively referred to as "testimony"), the following procedure shall govern:

    a. Any party, through counsel, or deponent or his or her counsel will advise all present at the deposition that the testimony about to be given is "confidential" under the terms of paragraph 2(b) of this Order;

    b. All present at the deposition will leave the room until the confidential testimony has been given, with the exception of the stenographer and those entitled to receive the confidential Discovery Material under paragraph 3;

    c. The testimony will then be given and designated by the stenographer as "confidential";

    d. The stenographer will segregate the portion of the testimony given pursuant to the terms of this paragraph and separately bind that portion of the transcript so designated and only produce an original and copies of the transcript in sealed envelopes with the exterior labeled as provided in paragraph 5 hereof;

    e. Confidential testimony recorded by other means as provided in Rule 30b(2) shall be segregated on separate recording media from nonconfidential testimony, labeled "Confidential Per Court Order," and the recording service shall only produce an original and copies of the recording in sealed envelopes with the exterior labeled as provided in paragraph 5 hereof.

**Challenges to Designation of Discovery Material**

7. Acceptance by any party of Discovery Material designated as "confidential" shall not constitute a concession that any such Discovery Material is appropriately so designated. If,

4

subsequent to the acceptance of the Discovery Material so designated, any receiving party wishes the Court to rule upon a claim of "confidential," the receiving party may move for such determination. However, before making such a motion, the parties shall first try to resolve the dispute on an informal basis. In the event that such a Motion is ultimately filed, the burden of establishing the Discovery Material was appropriately designated shall be on the party or third party who so designated it.

### Filing Confidential Discovery Material in Court

8. If any material designated "Confidential" is filed with the Court incident to any pretrial motion practice of any kind whatsoever, then the Discovery Material so designated shall be filed in a sealed envelope labeled with the case name and identification of the motion, memorandum or other pleading to which it relates and the designation that it is filed under seal pursuant to the Protective Order of this Court of [date].

### Notification of Protective Order/Agreement to be Bound

9. Any expert retained for this litigation and any individual or entity entitled to receipt of Discovery Material pursuant to paragraph 3, other than parties, their attorneys or employees, must sign an undertaking to be bound by the provision of the Protective Order and to be subject to the Court's jurisdiction to enforce same.

10. Upon reasonable notice and written agreement of the parties, or by order of the Court, persons other than those identified as being allowed access to Discovery Material under the terms of paragraph 3 may be provided access to such Discovery Material. In seeking agreement or the order of the Court, the party seeking to use Discovery Material pursuant to the terms of this paragraph must first identify: (a) the Discovery Material to be disseminated; (b) the individual or entity to which dissemination is sought; (c) the reasons for the dissemination; and (d) a copy of a signed undertaking from the individual or entity that will be receiving the Discovery Material agreeing to the terms of this Protective Order.

### General Rights and Obligations

11.  Upon the termination of this action, including any appeals, all Discovery Material designated as "confidential" shall be returned to the party that originally produced the Discovery Material unless by written agreement or court order a different disposition of Discovery Material is required. As to originals and copies of transcripts of depositions so marked, any party or person and their attorneys or representatives in possession of such transcripts will be responsible for ensuring that such transcripts are destroyed.

12.  The parties and their attorneys, and all other persons agreeing to this undertaking, shall be responsible to see that the purpose and effect of this Order is achieved.

13.  The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to any confidential documents or information; or to object to the production of documents it considers to be confidential; or to apply to the Court for an order compelling production of documents; or for modification of this Order.

14.  Should any party to this Protective Order become obligated to produce any information designated as "Confidential/Subject to Protective Order" in response to a third parties service of a subpoena or other legal process, said party will notify the party claiming confidentiality of such service within five days of its receipt.

15.  The specification of appropriate safeguards concerning evidence at trial and specifically reserved for action by the Court or later agreement by the parties at or before trial.

**SO ORDERED:**

Dated: December 9, 2003

_____
Judge

## *EXHIBIT A*

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LARRY A. KATZ<br>And KENNETH M. RAFTERY,<br><br>Plaintiffs,<br><br>v.<br><br>THE SEPARATION PAY PLAN<br>OF TEXACO, INC.<br>And TEXACO, INC.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br>302 CV 02201 (AWT) |

**CONFIDENTIALITY AGREEMENT**

The undersigned hereby acknowledges that he/she has read the foregoing Protective Order dated December 4, 2003 and entered _____, 200__ in the above-styled action presently pending in the United States District Court, and that he/she understands the terms thereof and agrees, upon threat of penalty of Contempt of Court, to be bound by such terms.

Date:_____, 200__       _____
                                                Signature

                                              _____
                                                (Please print name)

7