Corporation Law
Richard Remley
Senior Counsel
6001 Bollinger Canyon Road
San Ramon, CA 94583-0741
Tel 925 842-1911
Fax 925 842 2500
reml@chevrontexaco.com

# ChevronTexaco

November 15, 2002

Mr. Scott R. Lucas, Esq.
Martin, Lucas & Chioffi, LLP
1177 Summer Street
Stamford, Connecticut 06905

**EXHIBIT 36**

*Re: Larry A. Katz and Kenneth M. Raftery*

Dear Mr. Lucas:

This is in response to your letter of November 1, 2002 requesting a copy of the Separation Pay Plan of Texaco, Inc.

Attached is a copy of the most recent plan text.

Very truly yours,

*Richard Remley*

Richard Remley
rm

Plaintiffs 000205



# SEPARATION PAY PLAN OF TEXACO INC.

## Highlights

**Eligibility**

Regular, full-time employees upon completion of one year of continuous service with the company (one-year service rule waived for employees on a Texaco U.S. Dollar payroll as of December 1, 2000).

**Participation**

Automatic.

**Employee Contributions**

None.

**Benefits**

If you are laid off or terminated through no fault of your own due to a reduction in the workforce, you have the option to elect either Basic or Enhanced Benefits.

The amount of benefits payable to you is based on your years of continuous service with the company and will be paid according to the following table:

| Separation Pay Benefits | | |
|---|---|---|
| **Amount of Benefits** | **Minimum** | **Maximum** |
| **Basic Benefits** One week's pay for each year of completed service | 1 week's pay | 10 weeks' pay |
| **Enhanced Benefits\*** Two weeks' pay for each year of completed service | 4 weeks' pay | 52 weeks' pay |
| \* Requires signature confirming that you will not be filing any claims against the company. | | |

You can elect either Basic Benefits or Enhanced Benefits. You cannot receive both.

**Change of Control**

The plan includes special provisions that provide greater benefits in the event a change of control occurs.

Plaintiffs 000206

5/2001

Separation Pay Plan



# THE SEPARATION PAY PLAN OF TEXACO INC.
## Summary Plan Description and Formal Text
### Table of Contents

PURPOSE ................................................................................................................

DEFINITIONS ......................................................................................................... 1

ELIGIBILITY .......................................................................................................... 1
Who is Eligible .................................................................................................... 1
Who is Not Eligible ............................................................................................. 1

SERVICE ................................................................................................................. 2
A Completed Year of Service .............................................................................. 2
Service for Eligibility .......................................................................................... 2
Service for Benefits ............................................................................................. 2
Breaks in Service ................................................................................................. 3

BENEFITS ............................................................................................................... 3
Options ................................................................................................................ 5
Basic Benefits ..................................................................................................... 5
Enhanced Benefits .............................................................................................. 5
Schedule of Benefits ........................................................................................... 5

PAYMENT OF BENEFITS ..................................................................................... 6
When Benefits Are Payable ................................................................................ 7
Death ................................................................................................................... 7

ASSIGNMENT OF BENEFITS .............................................................................. 7

EXTENSION OF MEDICAL BENEFITS ............................................................... 7
Special COBRA Provisions ................................................................................ 8

RE-EMPLOYMENT ................................................................................................ 8
If You Previously Received Separation Pay ...................................................... 10
If You Did Not Receive Separation Pay ............................................................ 10

DENIAL OF BENEFITS ........................................................................................ 11

CHANGE OF CONTROL ...................................................................................... 13
Definitions ......................................................................................................... 14
Eligibility .......................................................................................................... 14
Benefits ............................................................................................................. 16

CLAIMS PROCEDURES ...................................................................................... 17
Presentation of Claims ...................................................................................... 23
Procedures for Review of Claims Denied in Whole or In Part .......................... 23

ADMINISTRATION ............................................................................................. 23

GOVERNING PLAN DOCUMENT ...................................................................... 24

ADDITIONAL INFORMATION ........................................................................... 24

STATEMENT OF ERISA RIGHTS ....................................................................... 25

AGENTS FOR SERVICE OF LEGAL PROCESS ................................................ 27

............................................................................................................................ 28

5/2001

Separation Pay Plan

Plaintiffs 000207

# THE SEPARATION PAY PLAN OF TEXACO INC.

## Summary Plan Description and Formal Text

**PURPOSE**

The Separation Pay Plan is intended to give you and your family added financial security should you be laid off or terminated through no fault of your own. The amount of your separation pay under this plan is based on several factors, including your service with the company, your base pay, and the benefits option you elect.

**DEFINITIONS**

This plan description has been written in a simplified manner that is intended to help explain this plan as clearly as possible. In this description, certain words have been used which have important and specific meanings. These words include:

- "Company," which means Texaco Inc. or a subsidiary or affiliated company that participates in this plan; and

- "You," which means you, the employee, and does not mean your dependents or any other person, institution, or other entity.

These meanings will apply whenever these words are used, unless a different meaning is clearly indicated in the text. There may be places where other words are used that also have important and specific meanings, and these words and their definitions are identified in the text of the description.

**ELIGIBILITY**

**Who is Eligible**

You are eligible for the Separation Pay Plan if you meet all of the following requirements:

(1) You are a regular, full-time employee of Texaco Inc. or of a subsidiary or affiliated company that participates in this plan (called "participating company");

(2) You are carried on a Texaco United States payroll;

(3) You are not represented by a labor organization or are represented by a labor organization that has bargained for and agreed to participation in the plan in lieu of any other company-sponsored severance or separation pay plan; and

(4) You have completed one year of active, continuous, and exclusive service with the company, as defined under Service.

Plaintiffs 000208

The Plan Administrator has sole discretionary authority to determine whether you are an employee of the company or a participating company, based only on the plan's eligibility criteria, without regard to whether you are considered a common law employee of the company or a participating company for any other purpose.

**Who is Not Eligible**

You are not eligible for the plan if:

(1)  You do not meet all of the eligibility criteria under Who is Eligible;

(2)  You are temporary, part-time, or seasonal employee; or

(3)  You are characterized or under contract as an independent contractor or render services to the company pursuant to an agreement between the company or a participating company and a third party.

## SERVICE

**A Completed Year of Service**

A completed year of service means each 12 months of active, continuous and exclusive service from your continuous service date with the company, excluding periods of temporary layoff.

Active, continuous and exclusive service includes absences protected by leaves of absence approved by the company and absences that are shorter than those requiring a formal leave under company policy.

In most cases, your continuous service date is simply your date of employment with the company. However, if you left the company and were later re-employed, your continuous service date for purposes of this plan will be your most recent date of re-employment.

**Service for Eligibility**

To be eligible for this plan, you must complete one year of active, continuous, and exclusive service from your continuous service date with the company. However, if you were on a Texaco U.S. Dollar payroll as of December 1, 2000, the one-year of service requirement is waived.

While absences due to temporary layoff will not cause a break in your continuous service, a temporary layoff that occurs before you become eligible for the plan will not count towards the required 12 months of service for plan eligibility. In this case, you will become eligible for the plan when you complete 12 months of active, continuous and exclusive service on a cumulative basis.

5/2001

2

Separation Pay Plan

Plaintiffs 000209

Service for Benefits

Your completed years of service with the company, as defined under <u>A Completed Year of Service</u>, determine your level of benefits available under the plan, as provided in the <u>Schedule of Benefits</u>.

While absences due to temporary layoff will not cause a break in your continuous service, these absences will be deducted when determining your completed years of service for purposes of this plan.

**Breaks in Service**

There are special rules that will apply to you if you leave the company and are re-employed. In this case, your continuous service date may be different from your employment or re-employment date.

### Re-Employment Date

Your re-employment date is the date of your employment with the company after:

(1) The termination of your employment with the company;

(2) You've been laid off before completing four consecutive months of active, continuous and exclusive service; or

(3) You've been laid off for any period in excess of the period established as a temporary layoff.

### Temporary Layoff

For purposes of this plan, a temporary layoff means a layoff that:

(1) Occurs after you've completed at least four consecutive months of active and exclusive service from your date of employment with the company;

(2) Is due to a shut-down or lack of work; and

(3) Does not exceed the period established as a temporary layoff in your collective bargaining agreement, if applicable.

Plaintiffs 000210

*Restoration of Prior Service*

If you were not eligible for separation pay benefits when you left the company and were later re-employed, your previous period of continuous service that was recognized by the company when you left may be eligible for restoration under the terms of the Benefit Service Restoration Program (BSRP) (see the Benefit Service Restoration Program in the General Information section), after you've completed one year of service following your re-employment. Basically, your prior service will be restored automatically for this plan if that same service is restored automatically under the Retirement Plan as a result of the break-in-service rules under the Employee Retirement Income Security Act (ERISA).

If your previous service is restored, your continuous service date will be adjusted and your previous service will be recognized when determining the level of benefits that may be available to you under this plan (unless you previously received some form of separation pay from the company, as explained in the next paragraph). The Benefits Center can provide specific information about the BSRP and can assist you in finding out whether you qualify for service restoration.

If you're re-employed by the company after having received separation pay benefits under this or any other company-sponsored severance pay plan or program, any periods of prior service for which you were paid will be:

(1) Disregarded in determining your completed years of service for benefits when calculating any future separation pay benefits, and

(2) Recognized and charged against the maximum completed years of service for which you may otherwise qualify.

*Under no circumstances can you receive separation pay for the same period of service twice, either under this plan or any other company-sponsored separation pay plan or program, nor can you receive total separation pay benefits based on more years of service than the maximum completed years of service recognized for benefits under this plan at any time.*

Plaintiffs 000211

Depending on your length of service and the payment option you elect, you will be paid an amount of benefits based on your base pay. Base pay means your regular monthly pay before any reductions in pay for pre-tax contributions to Texaco's Thrift Plan, the Benefit Cost-Reduction Plan (BCRP), and the Flexible Spending Account (FSA) Plan, and includes regularly scheduled overtime, but excludes all other overtime, extra pay, shift differentials, bonuses, and living or other allowances.

**Options**

Benefits described in this section are payable under one of two options:

- The Basic Benefits Option, or

- The Enhanced Benefits Option.

**Basic Benefits**

Under the Basic Benefits Option, you are eligible to receive separation pay equal to one week's base pay for each completed year of continuous service with the company, up to a maximum of 10 weeks' base pay.

**Enhanced Benefits**

Under this option, you will be eligible to receive separation pay equal to two weeks' base pay for each completed year of continuous service with the company. The minimum benefit is four weeks' base pay and increases to a maximum benefit of 52 weeks' base pay.

In return for receiving Enhanced benefits, you'll be asked to confirm, in writing, that you will not be filing any claims against the company relating to your employment or separation from employment. You will have a minimum of 45 days to return the signed release to the company. During this time, you may consult with your personal legal, tax or financial advisors about the implications of this release.

Once you elect the Enhanced Benefits Option and return the signed release to the company, you'll have a period of seven days before the release will become effective. During this 7-day period, you have the right to revoke, in writing, your election of the Enhanced Benefits Option and the release. The conditions of the release will become effective after the 7-day period unless your written notice is received by the company before then.

Plaintiffs 000212

If you revoke your election of the Enhanced Benefits Option, you'll be paid benefits under the Basic Benefits Option. In either case, once you have elected and start receiving benefits under the Basic or Enhanced Benefits Option, your election is irrevocable.

**Schedule of Benefits**

### Schedule of Benefits

| Eligibility (Completed Service) | Benefits Equivalent to Number of Weeks of Base Pay | |
|---|---|---|
| | Basic | Enhanced |
| 1 year* | 1 week | 4 weeks |
| 2 years | 2 weeks | 4 weeks |
| 3 years | 3 weeks | 6 weeks |
| 4 years | 4 weeks | 8 weeks |
| 5 years | 5 weeks | 10 weeks |
| 6 years | 6 weeks | 12 weeks |
| 7 years | 7 weeks | 14 weeks |
| 8 years | 8 weeks | 16 weeks |
| 9 years | 9 weeks | 18 weeks |
| 10 years | 10 weeks | 20 weeks |
| 11 years | 10 weeks | 22 weeks |
| 12 years | 10 weeks | 24 weeks |
| 13 years | 10 weeks | 26 weeks |
| 14 years | 10 weeks | 28 weeks |
| 15 years | 10 weeks | 30 weeks |
| 16 years | 10 weeks | 32 weeks |
| 17 years | 10 weeks | 34 weeks |
| 18 years | 10 weeks | 36 weeks |
| 19 years | 10 weeks | 38 weeks |
| 20 years | 10 weeks | 40 weeks |
| 21 years | 10 weeks | 42 weeks |
| 22 years | 10 weeks | 44 weeks |
| 23 years | 10 weeks | 46 weeks |
| 24 years | 10 weeks | 48 weeks |
| 25 years | 10 weeks | 50 weeks |
| 26 years or more | 10 weeks | 52 weeks |

\* If you were on a Texaco U.S. Dollar payroll as of December 1, 2000, you are eligible for this level of benefits, even though you have not yet completed one year of service.

Plaintiffs 000213

Separation Pay Plan

**PAYMENT OF BENEFITS**

The company pays the full cost of this plan. All benefits are paid from the company's general assets.

**When Benefits Are Payable**

You are eligible to receive separation pay benefits when you're permanently laid off or terminated, through no fault of your own, because of a reduction in force or because you are displaced by another employee whose job is eliminated.

Payment of benefits will begin within a reasonable time after your termination date, although Enhanced benefits will not begin until the 7-day revocation period expires.

Both Basic and Enhanced benefits are generally paid on a monthly basis, although Basic benefits may be paid in a lump sum at the Plan Administrator's discretion.

Benefits will be paid regardless of whether you're eligible for benefits under existing state or federal laws. Benefits paid to you under this plan will not be considered as salary or wages for the purposes of any other company-sponsored benefit plan.

Any outstanding obligation or indebtedness which you may have to the company which is due, owing, and unpaid as of your termination date will be offset against any benefits that you're entitled to under this plan.

Benefit payments under this plan are subject to all applicable federal, FICA, state and local withholding taxes.

If you receive Change of Control benefits, described in the Change of Control section, you will not be entitled to any other separation pay benefits under this plan or any other company-sponsored separation pay or severance pay plan.

**Death**

If you die while receiving separation pay benefits, your benefits will be paid to your designated beneficiary.

**ASSIGNMENT OF BENEFITS**

Benefits under this plan may not be assigned, other than to the company, subject to applicable law.

Plaintiffs 000214

5/2001                                    7                        Separation Pay Plan

## EXTENSION OF
## MEDICAL BENEFITS

*Retiree Medical Coverage*

If you are laid off or terminated with separation pay at age 50 or older with at least 10 years of service, you will be eligible for retiree medical coverage, provided you are covered under a company-sponsored medical plan on your separation date. The 5-Year Rule is waived when you separate from service with separation benefits. (For more information on retiree medical coverage, see the Summary Plan Description of the <u>Texaco Comprehensive Medical Plan</u>.)

**Special COBRA
Provisions**

If you are laid off or terminated with separation benefits and are ineligible for retiree medical coverage, you'll be eligible for continued medical coverage under COBRA, as well as the special COBRA provisions outlined below. (For more information on COBRA Coverage, see the Summary Plan Description of the <u>Texaco Comprehensive Medical Plan</u>.)

*COBRA Coverage*

You'll be eligible for up to 18 months of COBRA coverage. During the first 6 months of COBRA coverage, you'll be eligible for continued company contributions provided you continue your contributions. After the first six months of COBRA coverage, you can continue your COBRA medical coverage for up to an additional 12 months by paying the full cost of coverage (102% of the full premium). No company contributions will be provided toward this coverage. In addition, you may continue your COBRA medical coverage beyond your COBRA continuation period (see <u>Post-COBRA Coverage</u> and <u>Extended Post-COBRA Coverage</u>.)

*Post-COBRA Coverage*

You'll be eligible to continue post-COBRA medical coverage for up to an additional 18 months by paying the full cost of coverage (currently 115% of the full premium). No company contributions will be provided toward this coverage. Keep in mind, most Health Maintenance Organizations (HMOs) do not offer post-COBRA coverage. Therefore, if you are enrolled in an HMO that does not offer this coverage, you may enroll in the Texaco Comprehensive Medical Plan (TCMP).

Plaintiffs 000215

*Extended Post-COBRA Coverage*

If you are laid off or terminated at age 50 or older and are ineligible for company-provided retiree medical coverage upon termination, in addition to the COBRA and Post-COBRA coverages described on the previous page, you'll be eligible for Extended Post-COBRA coverage. Extended Post-COBRA coverage is available so long as you pay the full post-COBRA contribution, currently 115% of the full premium. No company contributions will be provided toward this coverage.

Plaintiffs 000216

5/2001

9

Separation Pay Plan

**If You Previously
Received Separation Pay**

If you are re-employed by the company after a temporary layoff or
other termination of employment, the following charts outlines the
rules that will apply to you following your re-employment:

| Re-Employment After Receiving Separation Pay Benefits: If You Received All Payments Due You | |
|---|---|
| Years of Service for Which You Were Paid Separation Pay Benefits | Any prior years of service for which you were paid separation pay benefits will not be restored to you under this plan as completed years of service for benefits, but will still count against maximum years of service for calculating future separation pay benefits. |

| Re-Employment After Receiving Separation Pay Benefits: If You Received A Portion of the Payments Due You | | |
|---|---|---|
| | **With a Break in Service\*** | **Without a Break in Service\*** |
| Remaining Separation Pay | Permanently suspended. | Permanently suspended. |
| Years of Service For Which You Were Paid Separation Pay | Not restored under this plan as completed years of service for benefits, but prior years' service will still count against the maximum years of service for calculating future separation pay benefits. | Not restored under this plan as completed years of service for benefits, but prior years' service will still count against the maximum years of service for calculating future separation pay benefits. |
| Years of Service For Which You Were Not Paid Separation Pay | Restored under *Benefit Service Restoration Program*, if eligible, after you complete a year of service following re-employment. | Restored immediately upon re-employment. |

**\* A *break in service*** means a 12-month period ending on your original employment anniversary in which you work less than 501 hours.

Plaintiffs 000217

If you were previously terminated or laid off and received any form of separation pay or severance pay from the company, these rules will apply to you if you are re-employed by the company:

(1)    Any prior years of service that were recognized in calculating previous separation or severance pay benefits and for which you received separation or severance pay benefits will not be restored as completed years of service for benefits under this plan following your re-employment.

(2)    Any prior years of service for which you were paid separation or severance pay benefits will count against the maximum number of completed years of service recognized under this plan if you are terminated or laid off again in the future and become eligible to receive benefits under this plan.

(3)    You may not repay to the plan any previous separation pay or severance pay benefits that were paid to you in order to restore your prior completed years of service for benefits under this plan.

(4)    Under no circumstances will you be paid separation pay benefits under this plan or any other company-sponsored separation pay plan or special separation program for the same period of service more than once.

**If You Did Not
Receive Separation Pay**

If you were not eligible for separation pay benefits when you left the company and were later re-employed, you may be eligible for restoration of your prior service under the terms of the Benefit Service Restoration Program (BSRP) following your re-employment (see Re-Employment Date under Service).

Plaintiffs 000218

Examples of Recognition of Prior Service
for Separation Pay Purposes

## Example 1

**First Period of Employment**

Employment date: ................................................................ April 1, 1990
Termination date: ................................................................ April 1, 2000
Completed years of service: ............................................... 10 years
Enhanced Separation Pay: ................................................. 20 weeks

**Second Period of Employment**

Re-Employment date: ...................................................... January 1, 2001
Duration of break: ............................................................ 39 weeks

Termination date: .............................................................. August 15, 2003
Completed years of service: ............................................. 2 years
Enhanced Separation Pay: ................................................ 4 weeks

Because this employee received her full separation pay benefits
before re-employment, her prior 10 years of service will not be
restored or recognized under this plan when she is laid off again.
Her separation pay benefits are based on her completed years of
service following re-employment (2 years for 4 weeks of
separation pay benefits).

## Example 2

**First Period of Employment**

Employment date: ...................................................... April 1, 1980
Termination date: ...................................................... June 1, 2000
Continuous service: .................................................. 20 years, 2 months
Completed years of service: ..................................... 20 years
Enhanced Separation Pay: ........................................ 40 weeks

**Second Period of Employment**

Re-employment date: ............................................... January 1, 2001
Duration of break: .................................................... 30 weeks
Weeks of paid separation pay: ................................. 30 weeks
Years of service not eligible for restoration: .................. 15 years
   (30 weeks divided by 2 = 15)

Termination date: .................................................... November 1, 2003
Total years of service:
   First period of service: ..................................... 20 years,  2 months
   Second period of service: ................................. 2 years, 10 months
Total years of service: .............................................. 23 years
Less years previously recognized and paid: ................... - 15 years
Balance of completed years of service: ...................... 8 years
Eligible for Enhanced Separation Pay: ........................ 16 weeks

Plaintiffs 000219

First Period of Employment

Employment date: ..................................................... April 1, 1980
Termination date: ..................................................October 1, 2000
Continuous service: ...................................... 20 years, 6 months
Completed years of service: ........................................ 20 years
Enhanced Separation Pay: ...............................................40 weeks

Second Period of Employment

Re-employment date: ............................................ March 1, 2001
Duration of break: .........................................................30 weeks
Weeks of paid separation pay: ......................................30 weeks
Years of service not eligible for restoration: ................... 15 years
   (30 weeks divided by 2 = 15)

Termination date: .............................................. September 1, 2008
Total years of service:
   First period of service:................................. 20 years, 6 months
   Second period of service: .......................... 7 years, 6 months
Total completed years of service: ................................... 28 years
Maximum completed years of service recognized:........... 26 years
Less years previously recognized and paid: ................... - 15 years
Balance of completed years of service: ........................... 11 years
Eligible for Enhanced Separation Pay: ..........................22 weeks

**DENIAL OF BENEFITS**

No benefits will be allowed or paid by this plan under the following conditions:

(1)   You do not meet the eligibility criteria for the plan.

(2)   You are terminated or laid off before completing one year of service with the company (unless you were on a Texaco U.S. Dollar payroll as of December 1, 2000);

(3)   You are a seasonal employee when laid off or terminated;

(4)   You are terminated or laid off due to some fault of your own or due to a labor dispute, fire, explosion, or any act of God;

(5)   You are eligible to receive benefits under any other company-sponsored separation or severance pay plan or program (including any special window programs) at the time of your layoff or termination from active employment;

Plaintiffs 000220

(6) You are laid off or terminated but offered continued employment at your work location or at another work location with:

     (a) The company, its subsidiaries, affiliates, or any entity in which the company, its subsidiaries or affiliates or other company entity has an interest; or

     (b) A purchaser, transferee, or other entity (including its parent, subsidiaries or affiliates) of the company or of its subsidiaries, affiliates or other company entity, or of any of assets or interest of these entities, who offers you a salary or hourly rate of pay which is comparable to your base salary or straight time hourly rate immediately prior to the offer of employment; or

(7) You become permanently and totally disabled and you qualify for separation from the company under the terms of Texaco's Long-Term Disability (LTD) Plan.

If there is a Change of Control, as defined under the <u>Change of Control</u> section, the provisions in (4), (5), and (6) above will not apply for a period of two years after the Change of Control occurs.

## CHANGE OF CONTROL

In the event Texaco undergoes a Change of Control, as defined below, eligible employees under this plan would be eligible for a different level of benefits.

### Definitions

A *Change of Control* is considered to have occurred if:

(1) At any time during a period of two consecutive years, at least a majority of the entire Board of Directors of Texaco Inc. does not consist of Incumbent Directors (defined as individuals who were directors of Texaco Inc. at the beginning of this 2-year period); or

(2) At any time during any 12-month period the individuals who are directors of Texaco Inc. at the beginning of any 12-month period cease to constitute at least a majority of the Board of Directors of Texaco Inc. during such twelve-month period for reasons other than death or disability; or

(3) Any individual, firm, corporation, partnership, or other entity, other than Texaco Inc., or one of its subsidiary companies, or any employee benefit plan of Texaco Inc. or one of its subsidiary companies, or any entity organized, appointed or established by Texaco for or pursuant to the terms of any such plan, becomes the *beneficial owner* of securities of


Plaintiffs 000221

Texaco Inc. representing 25% or more of the combined voting power of the then outstanding securities of Texaco Inc., ordinarily (and apart from rights accruing under special circumstances) having the right to vote in the elections of directors; or

(4) The shareholders of Texaco Inc., determined prior to a merger or corporate combination, do not own 55% or more of the merged or combined entity.

*Beneficial Owner* means (a) any individual, firm, corporation, partnership, or other entity, (b) or any affiliate or associate (as defined in Rule 12b-2, *General Rules and Regulations,* under the Securities Exchange Act of 1934) of an individual, firm corporation, partnership, or other entity, who or which:

(1) Is deemed to beneficially own any securities of Texaco Inc. within the meaning of Rule 13d-3 under the Securities Exchange Act, as amended; or

(2) Has the right to acquire any Texaco securities pursuant to a written or oral agreement, arrangement, or understanding (whether that right can be exercised immediately or only after a period of time) or upon the exercise of conversion rights, exchange rights, or rights, warrants, or options, or otherwise; except that the individual, firm, corporation, partnership, or other entity (or an affiliate or associate of the individual, firm, corporation, partnership, or other entity) will not be deemed to be a beneficial owner of Texaco securities tendered pursuant to a tender or exchange offer until the tendered Texaco securities are accepted for purchase or exchange; or

(3) Has the right to vote any Texaco securities pursuant to any written or oral agreement, arrangement, or understanding, except that the individual, firm, corporation, partnership, or other entity (or an affiliate or associate of the individual, firm, corporation, partnership, or other entity) will not be deemed to be a beneficial owner of the Texaco securities if the right to vote arises solely from a revocable proxy given in response to a public proxy or consent solicitation made pursuant to and in accordance with applicable rules and regulations under the Securities Exchange Act and is not also reportable on Schedule 13D (or comparable or successor report) under the Exchange Act; or

Plaintiffs 000222

5/2001                15                Separation Pay Plan

(4) Is deemed to beneficially own any securities of Texaco Inc., either directly or indirectly, pursuant to any written or oral agreement, arrangement, or understanding with another individual, firm, corporation, partnership, or other entity (or an affiliate or associate of the individual, firm, corporation, partnership, or other entity) within the meaning of (1), (2), or (3), above, to acquire, hold, vote (other than by a revocable proxy described in (3), above) or dispose of any securities of Texaco Inc.

*The Change of Control Committee* means a committee composed of individuals who held the offices of Senior Vice President of Texaco Inc., Vice President and Secretary of Texaco Inc., and the Vice President of the Human Resources Department of Texaco Inc. at any time during the 12-month period immediately before the Change of Control.

*Just cause* means that your employment with the company is terminated:

(1) Because you committed an act in the course of your employment with the company and you are convicted of intentionally and knowingly committing a crime against the company under federal law or the law of the state in which the act occurred, or

(2) Due to your engaging in willful and continued misconduct, or

(3) Your willful and continued failure to substantially perform your duties with the company for reasons other than physical or mental disability, illness, etc.

**Eligibility**

You'll be eligible for Change of Control benefits under this provision of the plan within two years after a Change of Control of Texaco, if any of the following occurs:

(1) Your employment was terminated without *just cause* (defined under Definitions in this Change of Control section); or

(2) You resign within 60 days after:

- A reduction in your base pay; or

- A reduction in approved overtime (other than an across-the-board cut for operational reasons); or

- A reduction in your position or position grade or any equivalent action; or

Plaintiffs 000223

excess of 20% of your prior year award, unless the reduction is due to Texaco's performance under the objective measurements of its Incentive Bonus Plan effective immediately before the Change of Control or under the objective measurements of an incentive compensation program with target bonuses and performance goals comparable to and not materially less favorable to the employee than the targets and goals described in Texaco's Incentive Bonus Plan in existence prior to the Change of Control); or

- The benefits under one or more of the benefit plans or perquisites in which you may participate at the time of the Change of Control are reduced or terminated (except as required by law) unless any such change is independently justified based on peer group practices; or

- Being required to relocate to a work location which is 50 or more miles from your former work location, without your consent.

Any question about your eligibility under the Change of Control provisions will be determined by three-fourths vote of the Change of Control Committee.

**Benefits**

### Base Pay

For purposes of determining benefits under the Change of Control provisions, base pay means the monthly rate of pay in effect immediately before the Change of Control or, if greater, the highest paid month in the year immediately before your termination or qualifying resignation.

### Lump Sum Payment

If there is a Change of Control and you meet the eligibility requirements in the preceding section, you'll receive the following benefits in a cash lump sum payment within 10 business days after your termination or qualifying resignation, unless you voluntarily elect to defer your benefits:

(1) **Base Pay Benefit.** One month's base pay for each completed and partial year of service with the company up to a maximum of 24 months' base pay (minimum of 3 months' base pay if you have at least one year of service); plus

(2) **Bonus & Overtime Benefit.** 1/12th of your highest cash bonus, PCP Award, cash stipend bonus, merit stipend, or overtime pay not included in the Base Pay Benefit received in any of the five years immediately preceding your termination or qualifying resignation, multiplied by the same number of months used to calculate your Base Pay Benefit; plus

Plaintiffs 000224

(1) **Benefit Plans Make-Up Payment.** The Benefit Plans Make-Up Payment is equal to the sum of (a), (b), and (c), as follows:

    (a) **The Retirement Plan:** 10% of the sum of your Base Pay Benefit and your Bonus & Overtime Benefit; plus

    (b) **The Thrift Plan:** 6% of your Base Pay Benefit; plus

    (c) **Medical:** The value of the company's contributions to the Texaco Comprehensive Medical Plan (or alternate company-sponsored medical plan or HMO) for your elected coverage option either immediately preceding the Change of Control or your termination or qualifying resignation, whichever is greater, multiplied by the same number of months used to calculate your Base Pay Benefit; plus

(4) **Expenses & Fees Reimbursement.** Reimbursement of all reasonable attorney's fees, costs and other expenses incurred by you in enforcing your rights under this plan, unless a court of competent jurisdiction determines that your cause of action is frivolous.

Plaintiffs 000225

*Retiree Medical Coverage*

You'll be eligible for retiree medical coverage under a company-sponsored medical plan if you are:

(1)  Age 45 or older, and

(2)  Have completed at least 10 years of service, and

(3)  Are covered under a company-sponsored medical plan immediately preceding the Change of Control or your termination or qualifying resignation.

If you have less than 20 years of service, the company's normal contribution for your elected coverage will be pro-rated downward by 5% for each year of service below 20 years, as shown in the next table.

| Retiree Medical Coverage | |
| --- | --- |
| **Your Completed Years of Service** | **Percent of Company's Normal Contribution** |
| 10 years | 50% |
| 11 years | 55% |
| 12 years | 60% |
| 13 years | 65% |
| 14 years | 70% |
| 15 years | 75% |
| 16 years | 80% |
| 17 years | 85% |
| 18 years | 90% |
| 19 years | 95% |
| 20 years or more | 100% |

If you are between the ages of 50 and 54 on the date you leave the company, you'll receive the higher level of company contribution from either the Change of Control provisions described above or the regular rules for retiree medical coverage. (For more information on retiree medical coverage, see the Summary Plan Description of the Texaco Comprehensive Medical Plan.)

If you are ineligible for retiree medical coverage on the date you leave the company, you'll be eligible for continued medical coverage described under Extension of Medical Benefits.

Plaintiffs 000226

If you are a grandfathered employee and elected to keep your coverage in the Term Life Insurance Plan, including retiree life insurance coverage, and if you're not eligible for the normal company-provided post-retirement life insurance coverage upon termination or qualifying resignation, you'll be eligible for company-provided post-retirement life insurance coverage, if you are age 45 or older and have completed at least 10 years of service. If you have less than 20 years of service, the normal post-retirement life insurance coverage will be reduced by 5% for each year of service below 20 years, as shown in the next table.

| Company-Provided Retiree Life Insurance Coverage | |
|---|---|
| **Your Completed Years of Service** | **Percent of Normal Retiree Life Insurance Coverage** |
| 10 years | 50% |
| 11 years | 55% |
| 12 years | 60% |
| 13 years | 65% |
| 14 years | 70% |
| 15 years | 75% |
| 16 years | 80% |
| 17 years | 85% |
| 18 years | 90% |
| 19 years | 95% |
| 20 years or more | 100% |

The amount of retiree coverage will be determined based on your level of participation (contributory or non-contributory schedule) immediately prior to the date of the Change of Control or immediately prior to termination of employment or qualifying resignation. If you are a contributory member, the contributory schedule will apply to you, even if you have not been a contributory member for five years before you separate from service. The amount of coverage will be based on your base pay in effect on August 1, 2000.

If you are between the ages of 50 and 54 on the date you leave the company, you'll receive the higher level of the company's normal retiree life insurance coverage from either the Change of Control provisions, described above, or the regular rules for retiree life insurance coverage. (For more information, see the Summary Plan Description of the Term Life Insurance Plan.)

Plaintiffs 000227

| First... | Find your completed years of service. |
|---|---|
| Then... | Multiply your annual base pay as of August 1, 2000, by the factor in the table to determine the amount of your retiree life insurance coverage at each age. |

### Retiree Life Insurance Coverage: Contributory Member
### Before Termination or Qualifying Resignation

| Completed Years of Service | When You Leave | Age 66 | Age 67 | Age 68 | Age 69 | Age 70+ |
|---|---|---|---|---|---|---|
| 10 years | .7500 | .6750 | .6000 | .5250 | .4500 | .3750 |
| 11 years | .8250 | .7425 | .6600 | .5775 | .4950 | .4125 |
| 12 years | .9000 | .8100 | .7200 | .6300 | .5400 | .4500 |
| 13 years | .9750 | .8875 | .7800 | .6825 | .5850 | .4875 |
| 14 years | 1.0500 | .9450 | .8400 | .7350 | .6300 | .5250 |
| 15 years | 1.1250 | 1.0125 | .9000 | .7875 | .6750 | .5625 |
| 16 years | 1.2000 | 1.0800 | .9600 | .8400 | .7200 | .6000 |
| 17 years | 1.2750 | 1.1475 | 1.0200 | .8925 | .7650 | .6375 |
| 18 years | 1.3500 | 1.2150 | 1.0800 | .9450 | .8100 | .6750 |
| 19 years | 1.4250 | 1.2825 | 1.1400 | .9975 | .8550 | .7125 |
| 20 years | 1.5000 | 1.3500 | 1.2000 | 1.0500 | .9000 | .7500 |

### Retiree Life Insurance Coverage: Non-Contributory Member
### Before Termination or Qualifying Resignation

| Completed Years of Service | When You Leave | Age 66 | Age 67 | Age 68 | Age 69 | Age 70+ |
|---|---|---|---|---|---|---|
| 10 years | .1500 | .1350 | .1200 | .1050 | .099 | .0750 |
| 11 years | .1650 | .1485 | .1320 | .1155 | .099 | .0825 |
| 12 years | .1800 | .1620 | .1440 | .1260 | .108 | .0900 |
| 13 years | .1950 | .1755 | .1560 | .1365 | .117 | .0975 |
| 14 years | .2100 | .1890 | .1680 | .1470 | .126 | .1050 |
| 15 years | .2250 | .2025 | .1800 | .1575 | .135 | .1125 |
| 16 years | .2400 | .2160 | .1920 | .1680 | .144 | .1200 |
| 17 years | .2550 | .2295 | .2040 | .1785 | .153 | .1275 |
| 18 years | .2700 | .2430 | .2160 | .1890 | .162 | .1350 |
| 19 years | .2850 | .2565 | .2280 | .1995 | .171 | .1425 |
| 20 years | .3000 | .2700 | .2400 | .2100 | .18 | .1500 |

Plaintiffs 000228

*Retirement Plan*

Upon a Change of Control, all plan members will become 100% vested immediately, regardless of years of service.

If a Change of Control occurs and you meet the eligibility requirements for Change of Control benefits, the following provisions will apply to you:

- **Early Commencement Discount Factors:** The Retirement Plan's more favorable early commencement discount factors will apply to you when you start your pension at age 50 or older, even if you leave the company before age 50;

- **Social Security Offset:** The social security offset in the final average pay formula will not apply until age 62, if you start your pension before age 62.

*Release*

You will not be asked to sign a release in order to receive the Change of Control benefits.

Plaintiffs 000229

**CLAIMS PROCEDURES**

The claims procedures described in this section apply to the Basic and Enhanced separation pay benefits, as well as the Change of Control benefits, except that the Change of Control Committee is the Plan Administrator for purposes of the Change of Control benefits.

**Presentation of Claims**

If the company determines that you're eligible for separation pay benefits under this plan, you'll be advised of this determination and asked to elect, in writing, payment under the Basic or Enhanced Benefits Option. If you elect payment under the Enhanced Benefits Option, you'll be asked to sign and return the release. In the case of Change of Control benefits, no election or release is required.

If you do not agree with a matter pertaining to your separation pay benefits, you may submit a written claim to the Benefits Center for the benefits you think you are entitled to under the provisions of this plan.

You'll be notified in writing of the decision within 90 days after your written claim is received (or 180 days if it's a special case). If an extension of time is required for the review, you'll be notified before the extension period begins.

**Procedures for Review of Claims Denied in Whole or In Part**

If a claim for benefits under this plan is denied in whole or in part, you'll be notified, in writing, as to the specific reasons for the denial. Within a period of 60 days after you receive this notification, you may appeal the denial, in writing, to the Plan Administrator.

If you do not appeal within the 60-day period, the denial will be considered final, conclusive, and binding. If you do appeal, the Plan Administrator will review the facts of the case and will have discretionary authority to make a final and conclusive determination of the claim. This determination will be issued, in writing, within 60 days after receipt of your written appeal (or within 120 days if special circumstances require an extension of time for processing). If an extension of time is required for the review, you will be notified before the extension period begins.

5/2001                              23                    Separation Pay Plan

Plaintiffs 000230

**ADMINISTRATION**

The Plan Administrator is responsible for the administration of this plan and has final discretionary authority to interpret the plan's provisions, including questions of fact. The Plan Administrator is the Vice President, Human Resources Department, Texaco Inc., except in the case of Change of Control benefits, the Plan Administrator is the Change of Control Committee, as defined and explained under the Change of Control section.

The decisions of the Plan Administrator with respect to all issues and questions will be final, conclusive, and binding on all persons.

The Plan Administrator may delegate to other persons the responsibilities for performing the ministerial duties in accordance with the terms of the plan and may rely on information, data, statistics or analysis provided by these persons. The company's determination will be conclusive regarding rates of pay, periods of absence with or without full- or part-pay, length and continuity of service, and termination of employment.

This plan is voluntary on the part of the company. The company reserves the right to amend, modify, or terminate the plan at any time, with or without advance notice, prospectively as well as retroactively, subject to applicable law, except that the Change of Control provisions may not be amended modified, canceled, or rescinded at any time subsequent to the day immediately before a Change of Control. Changes to the plan can be approved by either the Plan Administrator, Executive Management, or the Board of Directors. The level of approval for changes depends on the type of change, its cost, or whether the change is required by law.

Modifications to the plan are usually announced in Texaco's benefits newsletter, *Focus On Benefits*. All articles published in *Focus On Benefits* after the printing date of this Summary Plan Description and Formal Text which disclose plan modifications are incorporated into and considered part of this plan document. The information in those articles, if different, will supercede and replace the information in this Summary Plan Description.

**GOVERNING
PLAN DOCUMENT**

This Summary Plan Description and Formal Text of the Separation Pay Plan of Texaco Inc. is the governing plan document.

Plaintiffs 000231

**ADDITIONAL INFORMATION**

| | |
|---|---|
| Name of Plan: | The Separation Pay Plan of Texaco Inc. |
| Type of Plan: | Unfunded Welfare Plan |
| Plan Sponsor: | Texaco Inc.<br>2000 Westchester Avenue<br>White Plains, NY 10650 |
| Plan Sponsor's Employer Identification Number: | EIN 74-1383447 |
| Plan Administrator: | Ms. Janet Stoner, Vice President,<br>Human Resources Department<br>Texaco Inc.<br>2000 Westchester Avenue<br>White Plains, NY 10650<br>(914) 253-4000 |
| | *For purposes of Change of Control benefits, the Plan Administrator is the Change of Control Committee.* |
| Plan Number: | PN 703 |
| Plan's Initial Effective Date: | September 1, 1982<br>(Predecessor plan established effective March 1, 1962) |
| Plan Year: | January 1 – December 31 |
| Funding Method: | Unfunded. Benefits are paid from the company's general assets. |

*A list of Participating Companies appears on the next page.*

Plaintiffs 000232

| Participating Companies | Employer Identification Number |
|---|---|
| Four Star Oil & Gas Company | 51-0078813 |
| Fuel and Marine Marketing LLC | 94-3302975 |
| Petrotomics Company | 95-3870050 |
| Sabine Hub Services Company | 76-0440310 |
| Sabine Pipe Line LLC | 74-1502264 |
| Texaco California Inc. | 76-0511993 |
| Texaco Exploration and Production Inc. | 51-0265713 |
| Texaco Group Inc. | 76-0454935 |
| Texaco International Ltd. *(Change of Control Provisions Only)* | 74-1500480W |
| Texaco Marine Services Inc. | 58-1594520 |
| Texaco Natural Gas Inc. | 95-3443068 |
| Texaco Pipelines LLC | 74-2939048 |

Plaintiffs 000233

Security Act of 1974 (ERISA), the company is required to provide you with the following Statement of ERISA Rights to fully inform you of your rights as a participant under those benefit plans subject to ERISA.

As a participant in one or more of Texaco's benefit plans, you are entitled to certain rights and protections under ERISA. ERISA provides that all plan participants will be entitled to:

- Receive information about your plan and benefits.

- Examine plan documents without charge, at the Plan Administrator's office and at other specified locations, all documents governing the plan, including insurance contracts, collective bargaining agreements, and copies of all documents filed by each plan with the U.S. Department of Labor and/or the Internal Revenue Service, such as the most recent annual report (Form 5500 series) and updated summary plan description (SPDs).

- Obtain copies of documents governing the operation of the plan, listed in the preceding paragraph, upon written request to the Plan Administrator. The Plan Administrator may make a reasonable charge for the copies.

- Receive a summary of the annual financial report for each funded plan. The Plan Administrator is required by law to furnish each participant with a copy of these summary annual reports.

- Obtain a statement telling you whether you have a right to a pension at normal retirement age (age 65) under the Retirement Plan, and if so, what your benefits would be at normal retirement age if you stop working under the plan now. If you do not have a right to a pension, the statement will tell you how many more years you have to work to get a right to a pension. This statement must be requested in writing and is not required to be given more than once every twelve (12) months. The plan must provide the statement free of charge.

coverage for you, your spouse or dependents, if there is a loss of coverage under the plan as a result of a qualifying event. You or your dependents will have to pay for this coverage. Review the SPD for the Texaco Comprehensive Medical Plan (TCMP) and the Texaco Dental Assistance Plan (TDAP) for the rules governing your COBRA continuation coverage rights.

- Reduction or elimination of exclusionary periods of coverage for preexisting conditions under your group health plan, if you have creditable coverage from another plan. You should be provided a certificate of creditable coverage, free of charge, from your group health plan or health insurance issuer when you lose coverage under the plan, when you become entitled to elect COBRA coverage, when your COBRA coverage ceases, if you request it before losing coverage, or if you request it up to 24 months after losing coverage. Without evidence of creditable coverage, you may be subject to a preexisting condition exclusion for 12 months (18 months for late enrollees) after your enrollment date in your coverage.

- Prudent actions by plan fiduciaries. In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of each employee benefit plan. The people who operate your plans, called "fiduciaries," have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries. No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a benefit or exercising your rights under ERISA.

- Enforce Your Rights. If your claim for a benefit is denied or ignored, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules.

Plaintiffs 000234

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request plan documents from the Plan Administrator and do not receive them within 30 days, you may file suit in a Federal court. In this case, the court may require the Plan Administrator to provide the documents and pay you up to $110 a day until you receive the documents, unless the documents were not sent because of reasons beyond the Plan Administrator's control.

If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or Federal court. In addition, if you disagree with the Plan Administrator's decision about the qualified status of a domestic relations order or a medical child support order, you may file suit in Federal court.

If it should happen that plan fiduciaries misuse a plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in Federal court. The court will decide who should pay court costs and legal fees.

If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

## Assistance With Your Questions

If you have any questions about any of your benefit plans, you should contact the Plan Administrator. If you have any questions about this statement or about your rights under ERISA, or if you need assistance in obtaining documents from the Plan Administrator, you should contact the nearest office of the Pension and Welfare Benefits Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance and Inquiries, Pension and Welfare Benefits Administration, U.S. Department of Labor, 200 Constitution Avenue N.W., Washington, D.C. 20210. You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline of the Pension and Welfare Benefits Administration.

## AGENTS FOR SERVICE OF LEGAL PROCESS

| Place of Service | Agent |
| --- | --- |
| New York | T.A. Miller<br>Texaco Inc.<br>2000 Westchester Avenue<br>White Plains, NY 10650 |
| All states other than New York and Puerto Rico, U.S. Virgin Islands | L.R. Jerz<br>Texaco Inc.<br>1111 Bagby Street<br>Houston, TX 77002-2543 |

*Service of legal process may also be made upon the Plan Administrator or a plan trustee.*

Plaintiffs 000235