Form G-44 (OLY)

Date **6/15/99**

To **BBB-MAL-JPM-SP-MHR-LBR**

From **Tom Lynch**

Please
- ☐ Attend to
- ☐ Note and return
- ☐ Note and forward to files
- ☐ See (phone) me regarding attached
- ☐ Prepare reply for my signature
- ☐ Send me information required to answer
- ☐ For your information
- ☐ As per conversation
- ☐ Telephone message
- ☐ As requested
- ☐ For your comments and suggestions
- ☐ Does attached meet with your approval?
- ☐ For signature

Attached is a certified copy of the December 11, 1998 Board resolution dealing with Change of Control.

Also attached is the resolution we intend to have approved at the June 24, 1999 Board meeting amending the December 11, 1998 resolution.

TFL:lms
Attachments
v:15tfl01



RESOLUTIONS ADOPTED BY THE
BOARD OF DIRECTORS OF TEXACO INC.
December 11, 1998

WHEREAS, Texaco Inc. ("the Company") believes that it is in the best interest of the Company and its stockholders to encourage the continuous employment of its valued employees; and

WHEREAS, the Company believes that, in the event it is confronted with a situation that could result in a Change of Control (as defined in the Company's Separation Pay Plan) continuity of management and workforce will be essential to the Company's ability to evaluate and respond to such situation in the best interests of shareholders; and

WHEREAS, although such situation is not contemplated at this time, the Company wishes to assure that, if confronted with a Change of Control, its management and employees will able to respond without undue distraction and exercise sound business judgment without bias due to personal interest of financial and job security; and

WHEREAS, the Company desires to make certain amendments to its Separation Pay Plan, Retirement Plan, Comprehensive Medical Plan and Term Life Insurance Plan to become effective upon a Change of Control;

NOW, THEREFORE BE IT RESOLVED that in the event of a "Change of Control" as defined in the Separation Pay Plan, the Separation Pay Plan, Retirement Plan, and Supplemental Plans shall be amended as follows:

## SEPARATION PAY PLAN

The Separation Pay Plan as it applies to employees on U.S. dollar payrolls (Employees of Texaco International Limited shall also be eligible for the benefits provided by this Resolution) shall be amended and restated as follows:

> Each current and future participant is hereby vested as of the day immediately prior to a "Change of Control" (as such term is hereinafter defined), with the right to certain benefits (as set forth below).
>
> Such benefits shall be paid upon the occurrence of any of the following events within two years after such Change of Control:
>
> A. termination without "just cause" (as such term is hereinafter defined); or

Texaco 0174

B. employee resignation within 60 days after:

1. a reduction in base pay;

2. a reduction in approved overtime (other than an across-the-board cut for operational reasons);

3. a reduction in cash bonus or cash stipend bonus in excess of 20% of prior year award (unless the reduction is due to Texaco's performance under the objective measurements of the Company's Incentive Bonus Plan effective immediately before the Change of Control or under the objective measurements of an incentive compensation program with target bonuses and performance goals comparable to and not materially less favorable to the employee than the targets and goals described in the Company's Incentive Bonus Plan in existence prior to the Change of Control);

4. a reduction in position or position grade or any equivalent action;

5. the benefits under one or more of the benefit plans or perquisites in which the employee may participate at the time of the Change of Control are reduced or terminated (except as required by law) unless any such change is independently justified based on peer group practices; or

6. being required to relocate to a work location which is 50 or more miles from the employee's former work location, without the employee's consent.

The benefits to be provided shall be:

A. One month's base pay for each completed or partial year of Company service, up to a maximum of two years' base pay, with a minimum benefit of three months' base pay after one year of continuous service. Base pay shall be established as the monthly rate of pay in effect immediately prior to the Change of Control or during the highest paid

month in the year immediately prior to the participant's termination or resignation, whichever is greater; and

B. $1/12^{th}$ of the highest cash bonus, cash stipend bonus, merit stipend or annual overtime pay received in any of the five years immediately preceding termination or resignation, multiplied by the number of months determined in A. above; and

C. $1/12^{th}$ the value of the benefits received by the employee as a result of the employee's participation in the following plans immediately preceding the Change of Control or immediately preceding the participant's termination or resignation, whichever is greater, multiplied by the number of months determined in A. above:

    (1) Retirement Plan - the annual value of benefits received under the Retirement Plan shall be deemed equal to 10% of the sum of the amounts as defined in A. and B. above;

    (2) Thrift Plan - the annual value of benefits received under the Thrift Plan shall be deemed equal to 6% of the amount determined in A. above; and

    (3) The Texaco Comprehensive Medical Plan, or alternate company-sponsored medical plan or HMO - the annual value of benefits received under the Company's medical plans is equal to the value of the Company's contributions to the appropriate plan for the employee's elected coverage option either immediately preceding the Change of Control or immediately preceding the employee's termination or resignation, whichever is greater.

D. Retiree medical coverage under a Company-sponsored medical plan for employees who have attained age 45 with at least 10 years of service. The full Company portion of the premium will be paid by the Company if the employee has 20 or more years of service, pro-rated downward by 5% per year for employees with service between 10 and 20 years upon termination of employment. In order to qualify for retiree coverage the employee must have been covered under a Company-sponsored medical plan immediately prior to the Change of Control or immediately prior to

-3-

termination of employment. Employees not eligible for retiree medical can participate in the Company-sponsored medical plan at their own expense for three years from the date of termination (inclusive of COBRA coverage); and

E. Retiree life insurance coverage under the Company-sponsored life insurance plan for employees who have attained age 45 and at least 10 years of service. The Company will provide the full amount of insurance if the employee has 20 or more years of service. The coverage will be reduced 5% per year for employees with service between 10 and 20 years upon termination of employment. The amount of coverage will be determined based on your level of participation immediately prior to the date of the Change of Control or immediately prior to termination of employment.

F. The benefits payable under A, B, C and G of this Section shall be payable in a cash lump sum within ten business days of termination or resignation.

G. Reimbursement for all reasonable attorneys' fees, costs and other expenses incurred by participants in enforcing their rights under this amendment, unless a court of competent jurisdiction determines that the participant's cause of action is frivolous.

H. Except as otherwise provided, the rights created by this amendment are in addition to any other rights that the participant may have under any other Company-sponsored plan, program or arrangement.

Definitions:

A. A "Change of Control" shall be deemed to have occurred if either:

1. At any time during a period of two consecutive years, at least a majority of the entire Board of Directors of the Company shall not consist of Incumbent Directors. For purposes of the foregoing, "Incumbent Directors" shall mean individuals who were directors of the Company at the beginning of such two-year period; or

2. At any time during any twelve-month period the individuals who are directors of the Company at the beginning of any twelve-month period cease to

Texaco 0177

constitute at least a majority of the Board of Directors of the Company during such twelve-month period other than as a result of death or disability ("Board Change"); or

3. Any "Person" (hereinafter defined), other than the Company or a subsidiary of the Company or any employee benefit plan of the Company or a subsidiary of the Company or any entity organized, appointed or established by the Company for or pursuant to the terms of any such plan, shall become the Beneficial Owner (hereinafter defined) of securities of the Company representing 25% or more of the combined voting power of the then outstanding securities of the Company, ordinarily (and apart from rights accruing under special circumstances) having the right to vote in the election of directors; or

4. The shareholders of the Company, determined prior to a merger or corporate combination, do not own 55% or more of the merged or combined entity.

B. "Person" shall mean any individual, firm, corporation, partnership or other entity.

C. "Affiliate" and "Associate" shall have the respective meanings ascribed to such terms in Rule 12b-2 of the General Rules and Regulations, as in effect on the date hereof, under the Securities Exchange Act of 1934 (the "Exchange Act").

D. Person shall be deemed the "Beneficial Owner" of and shall be deemed to "beneficially own" any securities:

(i) which such Person or any of such Person's Affiliates or Associates beneficially owns (within the meaning of Rule 13d-3 under the Exchange Act), directly or indirectly;

(ii) which such Person or any such Person's Affiliates or Associates has (A) the right to acquire (whether such right is exercisable immediately or only after the passage of time) pursuant to any agreement, arrangement or understanding (whether or not in writing) or upon the exercise of conversion rights, exchange rights, rights,

warrants or options, or otherwise; <u>provided, however</u>, that a Person shall not be deemed the Beneficial Owner of or to beneficially own, securities tendered pursuant to a tender or exchange offer made by such Person or any of such Person's Affiliates or Associates until such tendered securities are accepted for purchase or exchange; or (B) the right to vote pursuant to any agreement, arrangement or understanding (whether or not in writing); <u>provided, however</u>, that a Person shall not be deemed the Beneficial Owner of, or to beneficially own, any security under this clause (B) if the agreement, arrangement or understanding to vote such security (1) arises solely from a revocable proxy given in response to a public proxy or consent solicitation made pursuant to, and in accordance with, the applicable rules and regulations of the Exchange Act and (2) is not also then reportable by such person on Schedule 13D under the Exchange Act (or any comparable or successor report); or

(iii) which are beneficially owned, directly or indirectly, by any other Person with which such Person or any of such Person's Affiliates or Associates has or has had any agreement, arrangement or understanding (whether or not in writing), for the purpose of acquiring, holding, voting (except pursuant to a revocable proxy as described in clause (B) of subparagraph (ii) of this paragraph) or disposing of any securities of the Company.

E. A participant's employment shall be deemed to have been terminated for "just cause" if it shall have been terminated due to the participant committing an act in the course of his or her employment with the Company for which he or she is convicted of intentionally and knowingly committing a crime against the Company under federal law or the law of the state in which such act occurred, or due to the participant's engaging in willful and continued misconduct, or willful and continued failure to substantially perform the employee's

Texaco 0179

duties with the Company, other than due to physical or mental disability, illness, etc.

### RETIREMENT AND SUPPLEMENTAL PLANS

Except as otherwise provided below, the Retirement Plan and Supplemental Plans (Retirement Plans) shall be amended as follows to provide the following for participants receiving benefits under the Company's Separation Pay Plan:

A. Accrued benefits under the Retirement Plans shall be vested for all participants upon a Change of Control.

B. Vested employees terminated after a Change of Control, as defined in the Company's Separation Pay Plan, are eligible to commence benefits from the Retirement Plans as an annuity or lump sum as early as age 50. In such case, the retirement benefit will be determined using the early retirement discounts currently set forth in the Retirement Plans and the actuarial assumptions applicable at the time the benefit is distributed.

C. Social security offset will be applied to accrued benefits beginning at age 62 rather than at commencement of benefit.

FURTHER RESOLVED, that employees in grades 20 or higher, qualifying for benefits under the Company's Separation Pay Plan, shall receive supplemental severance benefits equal to the difference between (a) their entitlement under the following schedule: a minimum benefit of twelve months, plus (i) one additional month base pay for each year of service for employees in Grade 20; (ii) one and one-half months base pay for each year of service for employees in Grade 21; (iii) two months base pay for each year of service for employees in Grades 22 and above and (b) their entitlement under the Company's Separation Pay Plan. In no event shall the aggregate severance benefits payable to employees grade 20 or higher under both the Separation Pay Plan and the supplemental severance benefits provided herein exceed 24 months' base pay.

FURTHER RESOLVED, that the terms of the Separation Pay Plan will continue in effect until June 26, 2003, and for subsequent periods of five years thereafter, subject however to a review of the resolution by the Board of Directors of the Company after each period. The resolution shall be deemed renewed after each review, unless the Board of Directors of the Company by a majority vote, amends, modifies, cancels or rescinds this resolution in whole or in part at such time provided however that such amendment, modification,

Texaco 0180

cancellation or rescission occurs prior to the day immediately prior to a Change of Control.

FURTHER RESOLVED, that the Chairman of the Board and Chief Executive Officer, any Vice President, or the Assistant Secretary with responsibility for executive compensation are hereby severally authorized to take any and all action necessary to effectuate the purpose of the foregoing resolutions.

A true copy, I hereby certify.

_____
R. E. Koch, Assistant Secretary
Texaco Inc.

Texaco 0181