UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LARRY A. KATZ and, <br> KENNETH M. RAFTERY, <br><br> Plaintiffs, <br><br> v.s <br><br> THE SEPARATION PAY PLAN OF TEXACO, INC. and TEXACO INC. <br><br> Defendant. | CASE NO. 3: 02CV02201(AWT) <br><br> **DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

Defendants, The Separation Pay Plan of Texaco Inc. and Texaco Inc. ("Defendants" or "Texaco"), by and through their attorneys, hereby respond to and, where appropriate, object to "Plaintiff's First Set of Interrogatories" ("Interrogatories")

## GENERAL OBJECTIONS

Defendants object to Plaintiff's Interrogatories to the extent they seek information or documents that (1) represent attorney work product, (2) are protected by the attorney-client privilege or any other applicable privilege, (3) have been prepared in anticipation of litigation and at the request of counsel, (4) concern confidential, financial, proprietary, business, personal, medical or otherwise protected information, (5) represent matters of public record, (6) relate to any corporate entity, department, division, work unit or department other than that in which Plaintiff worked, (7) are outside the administrative record applicable to plaintiff's claims or (8) go beyond the scope of permissible discovery under the Federal Rules of Civil Procedure or the Local Rules of this Court, including exceeding 25 in number, including their subparts.

1. John Bethancourt
2. Ron Boilla
3. John Burgess
4. John Goldsby
5. Richard Loving
6. Pat Lynch
7. Rosemary Moore
8. Glenn Phillips
9. Rebecca Roberts
10. Mike Rudy
11. Kwame Satchell
12. Carolyn Sellers
13. Janet Stoner

2. State in full detail how the benefits to which plaintiffs were entitled under The Separation Pay Plan of Texaco, Inc. were computed, including a full and complete explanation of why the enhanced change of control benefits sought by plaintiffs were denied, and an itemization of the calculations made in determining the amounts actually awarded.

**OBJECTIONS AND ANSWER:** Defendants object to Interrogatory No. 2 to the extent its seeks information regarding benefits under The Separation Pay Plan of Texaco Inc. that are not in dispute. Moreover, defendants object to said interrogatory to the extent it exceeds the permissible scope of discovery in this ERISA action for wrongful denial of severance benefits in that it seeks information beyond the administrative record concerning the claims. Without waiving such objections, defendants respond that plaintiff's were denied the enhanced change of control benefits that they sought because they were not employees in position grade 20 or above. Estimated information regarding the amounts actually awarded is at Tab A and is subject to further supplementation.

3. Identify all documents setting forth or announcing any of the terms of The Separation Pay Plan of Texaco, Inc. in effect at any time during the period January 1998 to the present, including all documents changing or amending or announcing changes or amendments to the terms thereof. For each such document, state (a) the date it was created, (b) its current location, (c) identify the person or person(s) who created said document and (d) to whom and how it was distributed.

**OBJECTIONS AND ANSWER:** Defendants object to Interrogatory No. 3 as overbroad and unduly burdensome and to the extent its seeks documents which do not govern the terms of the enhanced change of control benefits sought by the plaintiffs. Moreover, defendants object to said interrogatory to the extent it exceeds the permissible scope of discovery in this ERISA action for wrongful denial of severance benefits in that it seeks information beyond the administrative record concerning the claims. Without waiving such objections, the following documents set forth or announce the terms of any change of control benefits to which plaintiffs were entitled or which they seek in this matter:

1. The Separation Pay Plan of Texaco Inc.

3

2. December 11, 1998 Board of Directors of Texaco Inc. resolution amending the Separation Pay Plan of Texaco Inc.

3. June 25, 1999 Board of Directors of Texaco Inc. resolution amending the Separation Pay Plan of Texaco Inc.

4. Stephen Pennacchio letter of June 2, 1999.

5. May 1999 Focus on Benefits

4. Identify each and every participant in The Separation Pay Plan of Texaco, Inc. during the years 1998 to the present who also participated in all of the following: (a) Texaco or FAMM's Annual Cash Bonus Award Plan; (b) Texaco or FAMM's Long Term Incentive Plan; and (c) Texaco or FAMM's Deferred Compensation Plan. For each such participant, state his or her "Texaco or FAMM Pay Grade."

**OBJECTIONS AND ANSWER:** Defendants object to Interrogatory No. 4 as overbroad, unduly burdensome, unfairly invasive of the privacy of such individuals, on the grounds that the term "participant" is vague and ambiguous, and on the grounds that it seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Moreover, defendants object to said interrogatory to the extent it exceeds the permissible scope of discovery in this ERISA action for wrongful denial of severance benefits in that it seeks information beyond the administrative record concerning the claims. Without waiving such objections, defendants respond that the eligibility factors for the Separation Pay Plan of Texaco Inc. are set forth at page one of the Summary Plan Description and Formal Text produced in response to plaintiff's request for production. Defendants believe that most, if not all, of the individuals eligible for benefits under (a) Texaco or FAMM's Annual Cash Bonus Award Plan; (b) Texaco or FAMM's Long Term Incentive Plan; and (c) Texaco or FAMM's Deferred Compensation Plan, would also be eligible for benefits under The Separation Pay Plan of Texaco Inc. Such individuals would not, however, be eligible for the enhanced change of control benefits sought by the plaintiffs in this matter unless they were in position grade 20 or above. The other plans referred to above contained eligibility criteria which were distinct from the criteria contained in The Separation Pay Plan of Texaco Inc.

5. Set forth in detail each and every basis for defendants' decision that plaintiffs did not qualify for the requested enhanced change of control severance benefits under The Separation Pay Plan of Texaco, Inc.

**OBJECTIONS AND ANSWER:** Defendants object to Interrogatory No. 5 as overbroad and unduly burdensome. Without waiving such objections, defendants respond that plaintiffs did not qualify for the requested enhanced change of control severance benefits under the Separation Pay Plan of Texaco Inc. because they were not in position grade 20 or above and thus, were not eligible under the terms of the plan. In fact, Plaintiffs had been considered for promotion to position grade 20 or above by the Board of Directors of FAMM in August 2001, and the Board of Directors decided not to promote them.

6. Identify all participants in The Separation Pay Plan of Texaco, Inc. who received enhanced change of control benefits pursuant to the terms of said Plan after October 9, 2001.

4