UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LARRY A. KATZ and, | : | |
| KENNETH M. RAFTERY, | : | CASE NO. 3: 02CV02201(AWT) |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| THE SEPARATION PAY PLAN OF | : | |
| TEXACO, INC. and TEXACO INC. | : | |
| | : | |
| Defendant. | : | August 6, 2004 |
| | : | |

## THE DEFENDANTS' RESPONSE TO THE
## PLAINTIFFS'MOTION FOR SUMMARY JUDGMENT

### I.    PRELIMINARY STATEMENT

The Plaintiffs, Larry Katz and Ken Raftery, commenced this action seeking severance pay enhancements available to certain employees of Defendant Texaco, Inc. ("Texaco") and related companies, under the Severance Pay Plan of Texaco, Inc. (the "Plan") if they were Position Grade 20 or above.  There is no dispute that Plaintiffs never held Position Grade 20, that the Plan gave the Plan Administrator the maximum discretion available in interpreting and administering the Plan and that the Plan Administrator determined the Plaintiffs were ineligible for the enhancements at issue because they were not Position Grade 20 or above employees.  Indeed, it is readily apparent that the only reason this matter is in litigation is the attorneys' fees provision of the Plan.

The Plaintiffs' Motion for Summary Judgment is based on a single issue, i.e., whether the Court should dismiss the Defendants' counterclaim, which seeks a declaration that the Plaintiffs' pursuit of enhanced benefits under the Plan is frivolous, pursuant to the plain language contained in the Plan.  As set forth below, the Plaintiffs' have not established that they

are entitled to summary judgment on the factual question of whether their pursuit of the enhanced benefits is frivolous within the meaning of the Plan.

## II.    STATEMENT OF FACTS[1]

The following facts are not in dispute: (1) Fuel and Marine Marketing ("FAMM") was a majority owned subsidiary of Defendant Texaco Inc.  Memorandum in Support of Plaintiffs' Motion for Summary Judgment, page 2; Complaint, ¶ 10 ("Pl. Memo, p. ___"); Raftery Deposition[2], page 15.  (2) Both Plaintiffs began their employment with Defendant Texaco and were employed by FAMM when they resigned their employment in 2002.  Pl. Memo, page 4; Complaint, ¶¶ 8, 9, 10; Katz Deposition[3], pages 10, 17; Raftery Deposition, pages 8-9, 12-14, 15, 24.  (3) Both Plaintiffs resigned from FAMM in 2002 in lieu of relocating to Houston, Texas.  Pl. Memo, page 14; Katz Deposition., page17; Raftery Deposition, pages 57-58.  (4) Both Plaintiffs held Position Grade 19 at the time of their resignation.  Katz Deposition, page 10; Raftery Deposition, pages 8-9, 12-14, 24.  (5) Neither Katz nor Raftery ever held Position Grade 20 at either Texaco or FAMM.  Katz Deposition, pages 11, 29; Raftery Deposition, pages 24, 34.

It is also undisputed that Texaco maintained a benefits plan known as the Separation Pay Plan of Texaco, Inc.[4] ("the Separation Pay Plan" or "the Plan"), Pl. Memo, page 13.  FAMM participated in the Plan.  Stoner Declaration, ¶ 9.  On December 11, 1998, the Board

---

[1]    All facts set forth in this memorandum are supported by affidavits, declarations, deposition testimony or other evidence previously submitted by the parties in their Motions for Summary Judgment.  To avoid redundancy, this memorandum will refer to those documents.

[2]    The pertinent pages of the Deposition of Kenneth M. Raftery ("Raftery Deposition, page(s) _') are attached to the Declaration of Conrad S. Kee, submitted along with the Defendants' Motion for Summary Judgment, as Exhibit J.

[3]    The pertinent pages of the Deposition of Lawrence A. Katz ("Katz Deposition, page(s) _") are attached to the Declaration of Conrad S. Kee, submitted along with the Defendants' Motion for Summary Judgment, as Exhibit I.

[4]    The Separation Pay Plan of Texaco Inc. Summary Plan Description and Formal Text (5/01) in effect at the time of the merger are attached to the Declaration of Janet L. Stoner, submitted along with the Defendants' Motion for Summary Judgment, as Exhibit A.

of Directors of Texaco adopted a resolution amending the Plan. Pl. Memo, page 13; Stoner

Declaration, ¶ 14. The amendment provided that employees in Position Grade 20 or higher

would receive an enhanced severance benefit. Pl. Memo, pages 13-15; Stoner Declaration, ¶ 15.

On June 25, 1999, the Board of Directors of Texaco passed a clarifying amendment regarding

the Position Grade 20 or above enhancement. Pl. Memo, page 13.

> The relevant excerpt from the amendment provided as follows:

> > Employees in Grade 20 or higher qualifying for benefits
> > under the [Plan] shall be entitled to the following
> > supplemental benefits. In determining years of Company
> > service under paragraphs A, B and C of this resolution
> > setting forth certain benefits to be provided to eligible
> > participants in the separation pay plan upon a change of
> > control, such employee shall be credited with a minimum of
> > 12 years of service plus (a) *for employees in Grade 20,* one
> > additional year for each actual completed or partial year of
> > Company service.... in no event shall the aggregate years of
> > service, actual and deemed, used in determining benefits
> > under the separation pay plan exceed 24 years of service.

Stoner Declaration, ¶18 (emphasis added).

> The Plaintiffs admit they never questioned their Position Grade until they learned

of the Position Grade 20 and above enhancement to the Separation Pay Plan; and that after

learning of the enhancement, they made numerous appeals to executives within FAMM and

Texaco to obtain the enhanced benefits, which they understood were not available to them as

Position Grade 19 employees. Pl. Memo, pages 14-21; Katz Deposition, pages 12, 32-38, 41-44,

60-64; Raftery Deposition, pages 19, 34-35, 41-45, 53, 62-67. After the Plaintiffs had been

repeatedly informed that they would not receive the Position Grade 20 and above enhancement

because they were not employed in Position Grade 20 or above; they unsuccessfully sought to be

promoted to Position Grade 20 in order to become eligible for the enhanced benefits they sought.

Pl. Memo, page 15; Katz Deposition, pages 36-37; Raftery Deposition, pages 44-45.

On March 27, 2002, the Plaintiffs made a claim for the enhanced benefits. Stoner Declaration, ¶ 30, Exhibit E, pages 0043-0045. The Claims Committee reviewed the Plaintiffs' claim and provided a written decision dated April 22, 2002, denying the Plaintiffs' claims for enhanced benefits. Stoner Declaration, ¶ 31, Exhibit E, page 0039. On June 18, 2002, the Plaintiffs' attorneys appealed the Change of Control Decision. Stoner Declaration, ¶ 32, Exhibit E, pages 0009-0033; Raftery Deposition, pages 70-72. On August 20, 2002, the Change of Control Committee considered the Plaintiffs' Appeal. Stoner Declaration, ¶ 33. The Committee unanimously agreed that the Plaintiffs' Position Grade 19 status made them ineligible for the enhanced benefits afforded to Position Grade 20 and above employees. Stoner Declaration, ¶ 34. The Committee's decision was communicated to the Plaintiffs via written correspondence on August 26, 2002. Stoner Declaration, ¶ 35, Exhibit E, pages 0006, 0095.

There is no question that the Change of Control Committee is the Plan Administrator for purposes of the benefits sought by the Plaintiffs; or that the Plan Administrator has the "final discretionary authority to interpret the plan's provisions, including questions of fact." Stoner Declaration, ¶ 20.

Upon receiving a "final answer" from the Plan Administrator, the Plaintiffs filed this lawsuit, alleging the Plan Administrator had no right to draw "a line in the sand at position grade 20." Pl. Memo, page 38.

All parties agree the Plan provides for: "[R]eimbursement of all reasonable attorney's fees, costs and other expenses incurred by you in enforcing your rights under this plan, unless a court of competent jurisdiction determines that your cause of action is frivolous."[5] This provision is the provision at issue in Plaintiffs' Motion for Summary Judgment.

---

[5]    The plain language is contained on page 18 of the Separation Pay Plan, under Section (4), Expenses & Fees Reimbursement, and that portion of the Plan is attached to the Pl. Memo (Exhibit A, 000225). The language is also

### III.    ARGUMENT AND AUTHORITIES

#### A.    THE SUMMARY JUDGMENT STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure mandates the granting of a motion for summary judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). If material facts are undisputed, but susceptible to divergent inferences bearing upon an issue critical to disposition of the case, summary judgment is not available. Alyeske Pipeline Service Co. v. United States Environmental Protection Agency, 856 F.2d 309, 314 (D.C. Cir. 1988) (affirming trial court summary judgment in favor of the defendant). It follows that summary judgment is not proper unless the undisputed facts mandate judgment for the movant, as a matter of law. I.V. Services of America, Inc. v. Trustees of the American Consulting Engineers Council Insurance Trust Fund, et al., 136 F.3d 114, 119 (2nd Cir. 1998).

The material facts relevant to the Plaintiffs' single summary judgment issue, i.e., whether the Plaintiffs' claims are frivolous, are not complex and generally are not in dispute. Defendants contend that the evidence establishes Plaintiffs' claims are without sound basis in law or fact and that Defendants will be entitled to judgment on the Counterclaim. At a minimum, the question of whether the Plaintiffs claims are frivolous is susceptible to divergent inferences making summary judgment inappropriate. Alyeske Pipeline Service, Co., 856 F.2d 309, 314 (D.C. Cir. 1988); I.V. Services of America, Inc., 136 F.3d 114, 119 (2nd Cir. 1998).

---

set forth in the Pl. Memo, page 23 ("STANDARD USED TO DETERMINE FRIVOLOUSNESS . . . the Plan specifically provides:").

### B.    THE STANDARD FOR DETERMINING WHETHER A CLAIM IS FRIVOLOUS PURSUANT TO THE SEPARATION PAY PLAN

#### 1.    The Separation Pay Plan Reimbursement Terms are Undisputed.

Interpretation of a single term contained in The Separation Pay Plan is at the core of the Plaintiffs' summary judgment motion.  The Plan provides for: "[R]eimbursement of all reasonable attorney's fees, costs and other expenses incurred by you in enforcing your rights under this plan, unless a court of competent jurisdiction determines that your cause of action is frivolous."[6]    Plaintiffs do not contend the term "frivolous" in the Expenses & Fees Reimbursement section of the Separation Plan is ambiguous.

#### 2.    The Plaintiffs' Reliance on Rule 11 of the Federal Rules of Civil Procedure for Determining Whether their Claim is Frivolous is Misplaced.

Rule 11 of the Federal Rules of Civil Procedure authorizes *sanctions* for the filing of papers that are frivolous, lacking in factual support, or presented for any improper purpose. Townsend v. Holman Consulting Corp., 929 F.2d 1358 (9th Cir. 1990) (discussion and explanation of the term "frivolous" as it applies to Rule 11 sanctions).

The Plaintiffs mistakenly contend the standard used to determine whether a claim is frivolous is found in Rule 11 of the Federal Rules of Civil Procedure and support their position with a series of Rule 11 cases in which courts were hesitant to grant sanctions in the form of attorneys' fees based on the filing of a frivolous claim.  See, Pl. Memo, pages 24-26.

The Plaintiffs describe the standard they would have the Court apply as follows: "[S]omething is frivolous only when (a) we've decided the very point, and recently, against the person reasserting it, or (b) 99 of 100 practicing lawyers would be 99 percent sure that the

---

[6]        The plain language is contained on page 18 of the Separation Pay Plan, under Section (4), Expenses & Fees Reimbursement, and that portion of the Plan is attached to the Pl. Memo (Exhibit A, 000225).  The language is also set forth in the Pl. Memo, page 23 ("STANDARD USED TO DETERMINE FRIVOLOUSNES . . . the Plan specifically provides:").

position is untenable, and the other 1 percent would be 60 percent sure its untenable." Pl. Memo, page 24.  We note this authority was gleaned from a magazine article attributed to a judge indicating an example of an extreme violation of Rule 11.  See, Smith v. Blue Cross & Blue Shield, 724 F. Supp. 618, 623 (E.D. Wis. 1989) (attorneys' fees award against plaintiff where attorney ignored settled precedent requiring exhaustion of administrative remedies and repeatedly filed ERISA litigation having no basis in law, even after being warned by the court).

The standard for determining whether a pleading is frivolous under Rule 11 is very high because the court is using the determination of frivolity as a means for measuring whether *sanctions* are appropriate against the offending party.  The Court is not required to make that determination here.  The Plaintiffs have simply misconstrued the law regarding the Court's standard interpretation of the term "frivolous" in cases analogous to the case at bar.

3. **The Court Should Determine Whether the Plaintiffs' Case is Frivolous Based on the Unambiguous Language Contained in the Separation Pay Plan.**

Even in the absence of the misguided quote, the Plaintiffs' reliance on Rule 11 as a guide for the Court in interpreting the plain language of the Plan is misplaced.  The appropriate interpretation of the terms of an ERISA plan is governed by the federal common law of rights and obligations under ERISA-regulated plans.  Larsen v. The Prudential Insurance Company of America, 151 F. Supp. 2d 167 (D.C. Conn. 2001) (granting summary judgment for defendant on ERISA benefits claim).   In applying these principles, the court interprets and enforces "unambiguous language in an ERISA plan" according to its "plain meaning."  Larsen, 151 F. Supp. 2d at 173; quoting Aromony v. United Way Replacement Benefit Plan, 191 F.3d 140, 149 (2d Cir. 1999).

The Plan does not provide define the term frivolous; however it is well settled that where "words [are] not defined in the policy, a non legal dictionary can supply the everyday,

common meaning." <u>Larsen</u>, 151 F. Supp. 2d at 173; <u>citing</u> <u>United States v. Dauray</u>, 215 F.3d 257, 260 (2d Cir. 2000).  In <u>Dauray</u>, the Second Circuit Court of Appeals used Webster's Third New International Dictionary for definitions to help find the "ordinary, common-sense meaning of the words."  The term "frivolous" may be defined as "having no sound basis (as in fact or law)." <u>Merriam Webster's Collegiate Dictionary</u> 468 (10th ed. 1993).

The Court should determine whether the Plaintiffs' case is frivolous based on the unambiguous language contained in the Plan, according to the "plain meaning" of the word "frivolous."  The Rule 11 standard for determining when sanctions should be awarded as the result of a frivolous filing in the federal court is inappropriate.  <u>Larsen</u>, 151 F. Supp. 2d at 173; <u>Aromony v. United Way Replacement Benefit Plan</u>, 191 F.3d 140, 149 (2d Cir. 1999); <u>United States v. Dauray</u>, 215 F.3d 257, 260 (2d Cir. 2000).

## C.    THE PLAINTIFFS' CLAIM IS FRIVOLOUS PURSUANT TO THE PLAIN LANGUAGE CONTAINED IN THE SEPARATION PAY PLAN OF TEXACO, INC.

Plaintiff's claims for the enhanced severance benefits have no sound basis in fact or in law.  The clear and unambiguous language of the Plan provides the enhanced benefits at issue only to employees in Position Grade 20 or higher.  Plaintiffs were not.  The Plan further provides the maximum authority for the Plan Administrator to interpret and administer the Plan.  The Plan Administrator interpreted the Plan, determined the Plaintiffs were not Position Grade 20 or above, and denied Plaintiffs claims for the enhanced benefits.

The Plaintiffs do not dispute the fact that the Plan Administrator determined the Plaintiffs were not entitled to the enhanced benefits they seek in this litigation because they were Position Grade 19 employees nor do they dispute the factual basis for the Plan Administrators determination.  The Plaintiffs' claim is grounded on their contention that the Plan Administrator did not have the authority to "simply draw a line at position grade 20". See, generally, Pl. Memo.

There is no sound basis in fact or in law for Plaintiffs' claims that the Plan Administrator was required to make an individualized assessment and determine whether the Plaintiffs were the equivalent of a Grade 20 employee.  To the contrary, the Plan grants the Change of Control Committee, as Plan Administrator, "discretionary authority to make a final and conclusive determination" of claims, as well as "final discretionary authority to interpret the plan's provisions, including questions of fact."  The Plan further provides that "[t]he decisions of the Plan Administrator with respect to all issues and questions will be final, conclusive, and binding on all persons."

Further evidence of the frivolity of the Plaintiffs' claim is bore in the reality that in most cases of this type, the Court's scope of review is limited; and defined under the arbitrary and capricious standard.  Pagan v. NYNEX Pension Plan, 52 F.3d 438, 442 (2d Cir. 1995) (the NYNEX Committee had broad discretion to determine eligibility issues and their decision must be affirmed unless it was arbitrary and capricious);  O'Shea v. First Manhattan Co. Thrift Plan & Trust, 55 F.3d 109 (2d Cir. 1995) (upholding Trustees' decision holding Trustees' interpretation reasonably consistent with the terms of the plan and therefore, not arbitrary and capricious).  "[E]ven if the plaintiff's interpretation of the facts is as reasonable as the interpretation adopted by the plan administrator, the arbitrary and capricious standard requires the court to defer to the interpretation of the plan administrator." Mormile v. Metro. Life Insurance Co., 91 F. Supp. 2d 492, 495 (D. Conn. 2000) (summary judgment granted for defendant in claim for ERISA benefits).  Plaintiffs were not Grade 20 employees and were not eligible for benefits under the Plan. There is no sound basis in law or in fact for their assertion that the Plan Administrator was required to make an assessment of how their duties compared to those of other employees at Texaco.  Consequently, summary judgment should be denied.

## IV.    CONCLUSION

WHEREFORE, the Defendants, The Separation Pay Plan of Texaco Inc. and Texaco Inc., respectfully request that the Court deny the Plaintiffs' Motion for Summary Judgment.

Respectfully submitted,

THE DEFENDANTS,
THE SEPARATION PAY PLAN OF TEXACO
INC., AND TEXACO INC.

By:_____
Conrad S. Kee (CT 16904)
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, CT 06904-0251
(203) 961-0404
(203) 324-4704 (facsimile)
Keec@jacksonlewis.com

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was hand delivered, this date,

to:

Scott R. Lucas
Mary Alice S. Canaday
Martin, Lucas & Chioffi, LLP
177 Broad Street, 16th Floor
Stamford, CT 06904

_____
Conrad S. Kee