## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LARRY A. KATZ and, | : | |
| KENNETH M. RAFTERY, | : | CASE NO. 3: 02CV02201(AWT) |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| THE SEPARATION PAY PLAN OF | : | |
| TEXACO, INC. and TEXACO INC. | : | |
| | : | |
| Defendant. | : | August 23, 2004 |

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE
## TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I.    STATEMENT

The single issue before the Court is whether the Plan Administrator in this case acted without reason, issued a determination that was unsupported by substantial evidence, or issued a determination that was erroneous as a matter of law.   See, Jordan v. Retirement Committee of Rensselaer Polytechnic Institute, 46 F.3d 1264, 1271 (2d Cir. 1995) (the question before a reviewing court under the arbitrary and capricious standard is whether the plan administrator's decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment); Pulvers v. First UNUM Life Insurance Company, 210 F.3d 89, 92-93 (2d Cir. 2000) (where both the plan administrator and a spurned claimant offer rational, though conflicting interpretations of plan provisions, the administrator's interpretation must be allowed to control); Celardo v. GNY Automobile Dealers Health & Welfare Trust, 318 F.3d 142, 146 (2d Cir. 2003) (plan administrator's determination that claimant's actions were "illegal," even if not "criminal," was reasonable within the plain, common-sense meaning of the plan term); Mormile v. Metropolitan Life Insurance Company, 91 F. Supp. 2d 492, 495 (D. Conn. 2000) (even if the plaintiff's interpretation of the facts is as reasonable as the interpretation adopted by the plan

administrator, the arbitrary and capricious standard requires the court to defer to the interpretation of the plan administrator).

With respect to the only issue before the Court, the Plaintiffs' opposition to the Defendants' Motion for Summary Judgment hinges on two patently erroneous conceptions, i.e., that (1) the terms of the Texaco Inc. Separation Pay Plan ("the Separation Pay Plan" or "the Plan") are ambiguous with respect to the identification of employees eligible for the enhanced benefits sought by the Plaintiffs; and (2) the Plan Administrator in this case operated under a conflict of interest. See generally, Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Summary Judgment, page 28-32; ("Plaintiff's Memo, page ___"). As set forth below, the Plaintiffs' arguments are wholly without merit and the Court should grant summary judgment in favor of the Defendants, as a matter of law.

## II.    STATEMENT OF FACTS[1]

The material facts in this case are not in dispute. The Plaintiffs are seeking benefits under an enhanced severance pay benefit available under the Plan to "[e]mployees in Grade 20 or higher" who were otherwise eligible for benefits under the Plan. Plaintiffs admit they never held Position Grade 20 at either Texaco or FAMM. ¶¶ 9, 15; Plaintiffs' Local Rule 56(a)2 Statement.

Plaintiffs admit that the Change of Control Committee (the "Committee") was the Plan Administrator. ¶ 32, Id. Plaintiffs do not dispute that the Committee was composed of six individuals, that three of the six had retired from Texaco at about the time of the merger, that two others resigned from Texaco in 2002, and that the Committee has never had as a majority of its members persons who intended to remain employed with ChevronTexaco after the merger. ¶¶ 33-

---

[1]    All facts set forth in this memorandum are supported by affidavits, declarations, deposition testimony or other evidence previously submitted by the parties in their Motions for Summary Judgment and Responses. To avoid redundancy, this memorandum will refer to those documents. The Separation Pay Plan of Texaco Inc. Summary Plan Description and Formal Text (5/01) in effect at the time of the merger are attached to the Declaration of Janet L. Stoner ("Stoner Declaration"), submitted along with the Defendants' Motion for Summary Judgment, as Exhibit A.

37; 45, Id.  Plaintiffs do not dispute that the five members of the Committee participating in the review of their claim (three of whom had retired at or about the time of the merger) unanimously agreed that Plaintiffs' position grade 19 status made them ineligible for the enhanced benefits afforded to position grade 20 and above employees.  ¶ 67, Id.

## III.    ARGUMENT AND AUTHORITIES

### A.    The Scope of Review

The scope of review in ERISA cases in which the plan administrator has the discretionary authority to determine eligibility is narrow and highly deferential to the plan administrator.  Pagan v. NYNEX Pension Plan, 52 F.3d 438, 441 (2nd Cir. 1995).  A limited exception exists in some instances, where the terms of the plan are ambiguous, or where the plan administrator is influenced by a conflict of interest.  Firestone Tire & Rubber Co. v. Brunch, 489 U.S. 101, 115 (1989).

### B.    The Plaintiffs Have Failed to Show the Court Should Apply De Novo Review to Their Claims

#### 1.    The fact that the members of the Change of Control Committee were former Texaco employees does not create a conflict of interest.

"The simple fact that the administrator of a plan . . . happens to be 'an arm of the employer' does not in itself create a conflict of interest."  Jordan v. Retirement Committee of Rennselaer Polytechnic Institute, 46 F.3d 1264, 1274 (2nd Cir. 1995) citing Kotrosits v. GATX Corp. Non-Contributory Pension Plan, 970 F.2d 1165, 1173 (4th Cir.), cert. denied, 506 U.S. 1021 (1992).

In this case, Plaintiffs have not provided any evidence of a conflict of interest.  In their opposition brief, Plaintiffs refer to their June 29 Memorandum in Support of Plaintiffs' Motion for Summary Judgment ("Pl. Memo, p. ___") for evidence of the purported conflict of interest.  In that Memorandum, however, the Plaintiffs have provided no evidence of such a

conflict of interest by the Committee or shown that any such conflict actually influenced the decision.  See, Pagan v. NYNEX Pension Plan, 52 F.3d 438 (2nd Cir. 1995) (the existence of an alleged conflict of interest does not operate to change the standard of review, but becomes a factor in determining whether there is an abuse of discretion).  Rather, the Plaintiffs main complaints seem to be that the FAMM Board of Directors considered the financial ramifications of promoting Plaintiffs when the FAMM Board decided not to promote them, that a limited group of Texaco officers had an additional severance deal outside of the Plan, or that members of Texaco's legal department were given a copy of their application for benefits.  Pl. Memo at 30-31.  Of course, none of these assertions establish that the Committee as Plan Administrator had a conflict of interest in evaluating Plaintiffs claims or that the Committee was actually influenced by any such conflict.

### 2.    The fact that benefits under the Plan are paid from the Company's assets does not create a conflict of interest.

"The simple fact that the administrator of a plan ... happens to be 'an arm of the employer' does not in itself create a conflict of interest."  Jordan, 46 F.3d at 1264.  See also Roberton v. Citizens Utility Company, 122 F.Supp.2d 279 (D. Conn. 2000) (evidence that defendants and administrator are one and the same and that the parties are at odds does not convince the court that administrator was swayed by a conflict of interest).  If common ownership were sufficient to establish a conflict of interest, Courts would rarely apply the arbitrary and capricious standard in ERISA cases since, by their very nature, ERISA covered benefits plans are offered and administered by employers in almost all cases.

### 3.    The Plaintiffs have Failed to Show that any Alleged Conflict of Interest Influenced the Plan Administrator's Determination

Where a plan administrator "is shown to have a conflict of interest," the test to determine whether the administrator's application of the Plan is arbitrary and capricious rests upon

a two part inquiry: whether the administrator's decision was reasonable, in light of competing interpretations, and whether the evidence shows that the administrator was in fact influenced by such conflict. Sullivan v. LTV Aerospace and Defense Co., 82 F.3d 1251, 1255-56 (2d Cir., 1996); Nelson v. Nielsen Media Research, Inc., 235 F.Supp.2d 313 (S.D.N.Y. 2002). Plaintiffs have not met this burden.

The Plaintiffs offer no material evidence to support their allegation that the Committee as a whole was influenced by any alleged conflict of interest. In fact, the individual members of the Change of Control Committee had nothing to gain by denying payment of enhanced benefits to the Plaintiffs, as the Texaco – Chevron merger resulted in termination of employment for nearly all members of the Committee.

In August 2002, the Change of Control Committee consisted of six individuals: Glenn Tilton, Patrick Lynch, Michael Rudy, Rosemary Moore, John Bethancourt and Janet Stoner, the Committee Chairperson. See, Declaration of Janet L. Stoner, submitted along with the Defendants' Motion for Summary Judgment, as Exhibit A. ("Stoner Declaration, ¶_.'). Ms. Stoner, Mr. Lynch and Mr. Rudy retired from Texaco at or about the time of the merger. Stoner Declaration ¶¶ 2, 4. Mr. Tilton, Ms. Moore and Mr. Bethancourt were Texaco employees who joined ChevronTexaco after the merger; but Mr. Tilton resigned from the Change of Control Committee in 2002 when he became the Chairman and Chief Executive Officer of United Airlines, and while Ms. Moore remained on the Committee, she resigned from ChevronTexaco to join United Airlines in the latter part of 2002. Stoner Declaration ¶4. Only one member, John Bethancourt, survived the merger and continued to be a member of the Committee. Five members of the Committee participated in the unanimous decision to deny Plaintiffs the benefits at issue and three of these five members were retired from Texaco. Stoner Declaration ¶¶ 4, 34

Moreover, the Plaintiffs were former Texaco employees, as were the members of the Committee. Stoner Declaration ¶11. Under the circumstances, the Plaintiffs have failed to provide any evidence that the Committee members had or were actually influenced by a conflict of interest.

### 4.    The Plaintiffs Have Failed to Show the Terms of the Plan Are Ambigous

The relevant language of the Plan is not ambiguous. Three documents reference the benefits at issue: (1) the December 1998 Board Resolution, (2) the June 1999 Pennacchio letter, and (3) the June 1999 clarifying Board Resolution. Stoner Declaration, ¶ 15; Exs. B, C and D. Respectively, each of these documents expressly state that the benefits at issue are only available to "employees in grades 20 or higher," "employees in position grade 20 and above," and "employees in Grade 20 or higher." Id.

In their quest to find some hope, Plaintiffs suggest that the Pennacchio letter is ambiguous because it uses the phrase "members of *our* management group (position grade 20 and above.) Pl. Memo, at 27 (emphasis in original). Of course, when referring to the enhanced separation pay at issue, the Pennacchio letter expressly limits the enhancement to "employees in position grade 20 and above." Stoner Declaration, ¶ 15; Exs. B, C and D. We note the Pennacchio letter refers to other benefits from a change of control that are not governed by the Plan and that the Pennacchio letter could not alter the terms of the Plan that were set by the Texaco Board of Directors. Further, the Plaintiffs never received this letter at the time it was issued. ¶ 54; Plaintiffs' Local Rule 56(a)2 Statement. There is nothing in these documents that could reasonably be construed to provide benefits to Grade 19 employees of FAMM.

C.    **Plaintiffs Have Not Established Any Disputes of Material Fact that Would Permit them to Prevail Under Either the Arbitrary and Capricious or the De Novo Standards**

The Plan Administrator determined that Plaintiffs were not entitled to the enhanced benefits because they were Position Grade 19 employees. Stoner Declaration, ¶ 34. Indeed, there is no dispute Plaintiffs were never Position Grade 20 employees. ¶¶ 9, 15; Plaintiffs' Local Rule 56(a)2 Statement.

Whether the position grading systems of Texaco and FAMM were analogous, whether the plaintiffs were paid more than most position grade 19 employees, or whether the plaintiffs were members of FAMM's management team is irrelevant to the Court's determination here, as there is no evidence the Committee acted unreasonably by "drawing a line in the sand" at position grade 20. In making its determination, the Change of Control Committee was fully familiar with the Texaco position grading system, was aware that FAMM had adopted the Texaco position grading system, and was aware that the FAMM Board of Directors had considered Plaintiffs for promotion to Position Grade 20 but not promoted them. Stoner Declaration, ¶ 30-34, Ex. E, p. 0039.

Regardless of whether the Court applies the arbitrary and capricious standard or the de novo standard, Plaintiffs have failed to establish a dispute of material fact that would support their claim for benefits. Based on the foregoing, the Plaintiffs' claims should be dismissed, as a matter of law.

IV.    **CONCLUSION**

If the Committee simply "drew a line in the sand," as the Plaintiff's contend, the Court should grant summary judgment in favor of the Defendants, as the Plaintiffs have failed to show that the Committee acted without reason, issued a determination that was unsupported by substantial evidence, or issued a determination that was erroneous, as a matter of law.

WHEREFORE, the Defendants, The Separation Pay Plan of Texaco, Inc. and Texaco Inc., respectfully request that the Court grant summary judgment for the Defendants.

Respectfully submitted,

THE DEFENDANTS,
THE SEPARATION PAY PLAN OF TEXACO
INC., AND TEXACO INC.

By:

Conrad S. Kee (CT 16904)
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, CT 06904-0251
(203) 961-0404
(203) 324-4704 (facsimile)
Keec@jacksonlewis.com

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was hand delivered, this date, to:

Scott R. Lucas
Mary Alice S. Canaday
Martin, Lucas & Chioffi, LLP
177 Broad Street, 17th Floor
Stamford, CT 06904

Conrad S. Kee