## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LARRY A. KATZ** | : | |
| **And KENNETH M. RAFTERY,** | : | **CIVIL ACTION NO.** |
| | : | **302 CV 02201 (AWT)** |
| **Plaintiffs,** | : | |
| | : | |
| **V.** | : | |
| | : | |
| **THE SEPARATION PAY PLAN** | : | |
| **OF TEXACO, INC.** | : | |
| **And TEXACO, INC.,** | : | |
| | : | **SEPTEMBER 14, 2006** |
| **Defendants.** | : | |

### PLAINTIFFS' OBJECTIONS TO RECOMMENDED RULING ON
### CROSS-MOTIONS FOR SUMMARY JUDGMENT DATED AUGUST 31, 2006

Pursuant to 29 U.S.C. §636(b), plaintiffs Larry A. Katz and Kenneth M. Raftery hereby object to Magistrate Martinez' Recommended Ruling on Cross-Motions For Summary Judgment dated August 31, 2006.

### *PRELIMINARY STATEMENT*

Plaintiffs first object to the "Factual Background" set forth by Magistrate Martinez in section I of her Recommended Ruling dated August 31, 2006. The Magistrate depicts this section as containing "undisputed" facts, when, in fact, there are numerous issues of material fact that are contested by the plaintiffs. Indeed, she failed to cite or even address but one sentence of plaintiffs' 450 page[1] submission and ultimately adopted defendants' version of key disputed issues of fact. Accordingly, the Magistrate has made unwarranted findings of fact throughout this section.

---

[1] Total number of pages submitted is approximated.

Plaintiffs also object to the legal conclusions reached by the Magistrate in granting Defendants' Motion for Summary Judgment. In arriving at her Recommended Ruling, the Magistrate ignores or fails to address key points of plaintiffs' argument and erroneously indicates that plaintiffs failed to include other key arguments, which were in fact raised by plaintiffs.

Finally, plaintiffs object to the Magistrate's Recommended Ruling denying plaintiffs' Motion for Summary Judgment without prejudiced based on jurisdictional issues. In recommending such denial, the Magistrate skirts the Court's duty to determine jurisdiction, which is not contested by either party.

In view of the objections above and set forth in further detail herein, plaintiffs hereby request that the District Judge reject the Magistrate's Recommended Ruling in its entirety and undertake a *de novo* review of the parties' cross-motions for summary judgment.

## *ARGUMENT*

### I.   *THE MAGISTRATE'S "FACTUAL BACKGROUND" IS INACCURATE AND CONTAINS DISPUTED ISSUES OF MATERIAL FACT.*

The first sentence of the section in the Magistrate's Recommended Ruling entitled "Factual Background" states: "The relevant facts are undisputed." (Recommended Ruling, p.1.) Plaintiffs object to this general statement, as many of the key material facts are in dispute and in need of resolution by a fact finder. It is improper to make findings of fact when ruling on a motion for summary judgment, yet this is just what the Magistrate has done. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Indeed, it does not appear from the Magistrate's recitation of the facts that she duly considered the plaintiffs' submissions. But for one instance, the Magistrate cites *exclusively* to defendants' submissions in support of her version of the purportedly "undisputed" facts. The one

2

and only time the Magistrate cites to one of plaintiffs' submissions is to support the assertion that The Separation Pay Plan of Texaco is a self-funded plan. (Recommended Ruling p.3.)

Incredibly, despite the fact that plaintiffs included in their Memorandum a seven-page section entitled ***"Position Grading Systems of Texaco and FAMM Were Not Analogous,"*** the Magistrate states as an undisputed fact that: "At the time FAMM was created, it adopted Texaco's position grade system," citing Defendants' Local Rule 56(a)1 Statement without further analysis. The Magistrate entirely misses plaintiffs' argument that while FAMM may have *initially* adopted Texaco's grading system, FAMM did not *maintain* this grading system. (Bandy Depo. P11 L1-4, L21-24 (A.Ex.G).) Accordingly, by the time decisions had to be made regarding the enhanced provisions of The Separation Pay Plan of Texaco, Texaco's position grading system and FAMM's position grading system were simply not equivalent. The Magistrate never addresses this very central and disputed issue of fact. At the very least, this is a material question of fact that needs to be determined by a fact finder. To make such a finding of fact is wholly inappropriate when deciding a motion for summary judgment.

Indeed, the Magistrate does not appear to have considered the deposition testimony of Michael Bandy, CEO and President of FAMM, in which he distinguishes Texaco pay grades and FAMM pay grades by stating: "Technically they were not Texaco pay grades. They were FAMM pay grades...." (Bandy Depo. P11 L21-24 (A.Ex.G).) Mr. Bandy even stated that he "no longer had a pay grade at Texaco once he became President of FAMM ... Because FAMM was a separate company." (Bandy Depo. P11 L1-4 (A.Ex.G); Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment, pp.2-3.)

Plaintiffs further object to the finding of fact on page 2, paragraph 2, stating: "On December 11, 1998, Texaco amended the Plan to provide 'that employees in grades 20 or higher ... shall

3

receive supplemental severance benefits.' " The Magistrate cites to Defendants' Local Rule 56(a)1 Statement ¶49 and the affidavit of Janet L. Stoner ¶7 (submitted by defendants) in support of this contention. However, neither citation supports this statement: Ms. Stoner at ¶7 of her affidavit merely alleges: "In general, most of the employees who participated in Texaco's Executive incentive compensation plans were Position Grade 20 or above"; and ¶49 of Defendants' Local Rule 56(a)1 Statement merely states: "On December 11, 1998, the Board of Directors of Texaco adopted a resolution amending the Plan." *Neither* of these statements even make mention of the enhanced benefits which the plaintiffs are seeking. Moreover, had the Magistrate reviewed the memorandum announcing the enhancement, which plaintiffs submitted as Appendix Exhibit E, she would have realized that the *document* itself refers only to *Texaco* employees holding a position grade 20 and is silent as to any such limitation on FAMM employees. (See Plaintiffs' Local Rule 56(a)1, ¶48; A.Ex.E at Texaco 0100.) Additionally, and as plaintiffs point out repeatedly in their submissions, this memorandum was not circulated to any FAMM employees and FAMM employees were not advised of the informational meeting regarding the enhanced severance options. (See, e.g., Plaintiffs' Local Rule 56(a)1, ¶¶49-50.)

The Magistrate could not have duly considered plaintiffs' submissions, given the fact she states on page 10 of her ruling: "The plain language of the Plan provides enhanced severance benefits only to employees at position grade 20 or higher." Plaintiffs again repeatedly assert: ***"The Separation Pay Plan of Texaco itself does not include any provision for the enhanced benefits or who is or is not eligible to receive such enhanced benefits."*** (See ¶47 of Plaintiffs' Local Rule 56(a)1 Statement; Memorandum In Support of Plaintiffs' Motion For Summary Judgment, p.27; as

well as the Plan document itself, submitted by Plaintiffs as the very first exhibit in their Appendix, Exhibit A.[2])

The Magistrate, in discussing plaintiffs' attempts to secure a promotion, also apparently accepts defendants' characterization of Exhibit G to the Bandy Affidavit when she cites it in support of her contention that the Board of Directors for FAMM "understood that the plaintiffs were requesting promotion in order to become eligible for enhanced severance benefits." Had the Magistrate considered plaintiffs' arguments, she would have been aware that Exhibit G to the Bandy Affidavit, is merely a *draft* version of *anticipated minutes prepared prior* to the Board Meeting and *never signed or adopted* by the Board members. Exhibit H to the Bandy Affidavit contains the official and accurate minutes to the August 22, 2001 Board meeting, and those minutes make no reference whatever to such assumption. (Swanson Depo. P73 L16-P76 L5; Jeffery Depo. P23 L9-P23 L23 ("I believe it [Exhibit G] was a draft of the minutes. But the only minutes, the only final minutes, were Exhibit [H]. ..." "...there was never a proposal brought to the board with respect to Messrs. Raftery and Katz to promote them.").) This is just another example of the Magistrate accepting defendants' version of the facts without regard to whether they are disputed by the plaintiffs.

Plaintiffs also object to the final two paragraphs on page 4 of the Magistrate's "Factual Background" in which she describes the process pursuant to which plaintiffs made their claims for the enhanced benefits. The Magistrate has failed completely to recognize plaintiffs' argument, which is the inadequacy of the alleged review or investigation by either the Benefit Center Change

---

[2]  The purported "clarifying" amendment of June 25, 1999 does nothing to clarify whether the position grade of 20 applies to FAMM's management team. Such amendment was only brought before the Texaco Board of Directors. (See Ex. D of Defendants' Appendix.)

of Control Claims Committee or the Change of Control Committee.[3]  Accordingly, to recite these incomplete facts as being material and undisputed is misleading and improper.

In connection with the subject cross-motions for summary judgment, plaintiffs filed:

(a)    A Local Rule 56(a)1 Statement comprising 133 paragraphs;

(b)    A Memorandum In Support of Plaintiffs' Motion For Summary Judgment (40 pages);

(c)    A Memorandum in Opposition to Defendants' Motion For Summary Judgment (14 pages);

(d)    A Local Rule 56(a)2 Statement; and

(e)    An Appendix comprising Exhibits A-EE.

Unfortunately, from all these sources of material information, the Magistrate, in making her Recommended Ruling, cited to *one* sentence provided by the plaintiffs, stating that The Separation Pay Plan of Texaco is a self-funded plan.  Such a one-sided acceptance of the facts as presented by the defendants amounts to making findings of facts. Making such factual determinations is unacceptable and against black letter law when deciding motions for summary judgment. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Accordingly, plaintiffs hereby object to the Magistrate's version of the facts as set forth the "Factual Background" and request that the District Judge undertake a *de novo* review of the cross-motions for summary judgment.

---

[3] Interestingly, the Magistrate adopts the Defendants' abbreviated name for the Benefits Center Change of Control Claims Committee  and refers to that committee simply as the "Claims Committee", while Plaintiffs' use the proper, although longer, name throughout their brief.

## II.    *PLAINTIFFS OBJECT TO THE MAGISTRATE'S LEGAL CONCLUSIONS.*

### A.    *Plaintiffs Object To The Magistrate's Recommendation That Defendants' Motion For Summary Judgment Be Granted.*

#### 1.    *Plaintiffs object to the Magistrate's holding that de novo review does not apply.*

Plaintiffs object to the Magistrate's legal conclusion holding that the Court need not undertake a *de novo* review of the decisions to deny plaintiffs enhanced benefits made by the Benefits Center Change of Control Claims Committee and the Change of Control Committee.

##### a.    *The Magistrate failed to consider plaintiffs' argument that eligibility criteria is ambiguous.*

The Magistrate mistakenly asserts that the plaintiffs only argue that *de novo* review is applicable because the Committees were operating under a conflict of interest. (Recommended Ruling pp.6-8.) While this is *one* of the bases plaintiffs raise to support *de novo* review, plaintiffs also argue that the eligibility criteria used to determine who is entitled to the enhanced benefits is ambiguous and, as such, *de novo* review is appropriate. In fact, this ambiguity is the first line of argument presented by plaintiffs in their Memorandum in Support of Plaintiffs' Motion for Summary Judgment (pp.27-28). Moreover, plaintiffs again argue that the eligibility requirements of the Plan are ambiguous requiring a *de novo* review in their Memorandum in Opposition to Defendants' Motion for Summary Judgment (pp.8-9). The Magistrate failed entirely to address or even recognize this line of argument in making her determination that *de novo* review was not the appropriate standard in this case.

In view of the Magistrate's failure to consider plaintiffs' first line of argument in connection with the appropriate standard of review, plaintiffs object to the Magistrate's finding that *de novo* review does not apply and request that the District Judge reject this finding entirely.

        **b.**    ***The Magistrate also failed to consider plaintiffs' arguments in finding no conflict of interest.***

Plaintiffs also object to the finding by the Magistrate that there was no conflict of interest that actually influenced the decision to deny benefits to the plaintiffs.  It is uncontested that the Separation Pay Plan of Texaco is a self-funded plan.  That, in and of itself, creates a conflict of interest. See, e.g., Firestone Tire Rubber Co. v. Bruch, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); Sullivan v. LTV Aerospace and Defense Co., 82 F.3d 1251, 1255-56 (2d Cir. 1996.)  The Second Circuit, however, appears to require that a plaintiff bear the additional burden of showing that this conflict actually influenced the decision to deny benefits in order to invoke a *de novo* review.  Sullivan v. LTV Aerospace and Defense Co., 82 F.3d 1251, 1255-56 (2d Cir. 1996). Plaintiffs dedicated approximately three pages in the Memorandum In Support Of Plaintiffs' Motion For Summary Judgment (pp.29-32) to the issue of whether this conflict of interest actually influenced the denial of benefits to the plaintiffs. Without addressing a *single* argument presented by plaintiffs, the Magistrate makes the conclusory statement that "Plaintiffs' allegations do rise to [the level found in Sullivan.] (See Recommended Ruling p.8.)  Indeed, it appears that the Magistrate did not read all of plaintiffs' argument, as she simply states that plaintiffs "argue that a conflict of interest arose because the Plan was self-funded, so that Texaco (and, presumably, the Committee) had an interest in minimizing payments."  While this was the *first* portion of plaintiffs' argument supporting the existence of a conflict of interest, plaintiffs went on in Section III-A-2(b) of their Memorandum, entitled "***The conflict actually influenced the denial of benefits,***" to set forth facts supporting the argument that the conflict actually influenced the denial of benefits.  The Magistrate never addresses or even mentions the arguments and/or facts set forth in this section of plaintiffs' Memorandum before arriving at her conclusion that plaintiffs' allegations do rise to the appropriate level to invoke *de novo* review.

Accordingly, plaintiffs object to the Magistrate's finding that *de novo* review is inapplicable and request that the District Judge reject this finding in its entirety.

### 2.   *Plaintiffs object to the Magistrate's finding that denial of benefits was not arbitrary and capricious.*

Plaintiffs also object to the Magistrate's finding that the denial of enhanced benefits was not an arbitrary and capricious decision on the part of the Benefits Center Change of Control Claims Committee and the Change of Control Committee. Again, it appears that the Magistrate did not consider all of plaintiffs' arguments, as she inaccurately summarizes plaintiffs' position as follows: "The Plaintiffs next argue that the plan administrator's decision was arbitrary and capricious because their position grade does not accurately reflect their real level of responsibility at FAMM." (Recommended Ruling p.9.) This is *not* plaintiffs' argument – this is defendants' version.

If plaintiffs held a *Texaco* position grade 19, plaintiffs would not be embroiled in the current litigation regardless of what their "real level of responsibility at FAMM" was – they would not be entitled to the enhanced severance. The fact is, plaintiffs do not hold a *Texaco* position grade, they hold a *FAMM* position grade. The confusion arises because Texaco and FAMM both use a numerical system, and one of the ways (in addition to deposition testimony) to demonstrate that the two grading systems are not analogous is to compare the duties and responsibilities between the two sets of employees (Texaco v. FAMM) who happen to hold the same numerical position grade.

Moreover, the Magistrate makes an improper finding of fact when she concludes: "Given the nature of the claim that was before the Committee, the Committee's decision to review only the plaintiffs' position grades was reasonable." Not only is it apparent that the Magistrate misconstrued the "nature of the claim that was before the Committee," summary judgment is simply not

9

appropriate if there is a question as to whether a claim was properly investigated.[4] See, e.g., Sparkes v. Morrison & Foerster Long-Term Disability Ins. Plan, 129 F.Supp.2d 182, 188 (N.D.N.Y. 2001).

In view of the foregoing, plaintiffs object to the Magistrate's finding that the decision to deny plaintiffs the enhanced benefits they seek was not arbitrary and capricious. Accordingly, plaintiffs request that the District Judge reject this recommendation in its entirety.

**B.     *Plaintiffs Object To The Magistrate's Recommendation That Plaintiffs' Motion For Summary Judgment Be Denied.***

Finally, the Magistrate declined to decide plaintiffs' Motion For Summary Judgment, ruling that it is unclear whether defendants have jurisdictional standing pursuant to ERISA to bring their counterclaim. However, ***jurisdiction is not contested by either party***, and if the Court has jurisdictional questions of its own, it should exercise its inherent authority to determine whether it has jurisdiction over the parties and the subject matter at hand. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (federal courts have an obligation to satisfy itself of its own jurisdiction); see also 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure §3536, at 535 (2d ed. 1984) ("'Jurisdiction to determine jurisdiction' refers to the power of a court to determine whether it has jurisdiction over the parties to and the subject matter of a suit."); Kuhali v. Reno, 266 F.3d 93, 100 (2d Cir. 2001).

Accordingly, plaintiffs object to the recommendation by the Magistrate to deny their Motion without prejudice. Plaintiffs thereby request that the District Judge decide the jurisdictional issue and undertake a *de novo* review of Plaintiffs' Motion For Summary Judgment.

---

[4] It is also unclear as to what "Committee" the Magistrate refers, as there are two committees: The Benefits Center Change of Control Claims Committee and the Change of Control Committee, and it is plaintiffs' assertion that neither committee undertook an adequate investigation or review of their claims – such arguments are set forth in detail on pages 16-21 of their Memorandum In Support of Plaintiffs' Motion For Summary Judgment.

### *CONCLUSION*

In view of the foregoing, plaintiffs hereby object to the "Factual Finding" as recited by the Magistrate, as well as her legal conclusions recommending that defendants' Motion For Summary Judgment be granted and plaintiffs' Motion For Summary Judgment be denied without prejudice. Accordingly, plaintiffs request that the Recommended Ruling On Cross-Motions For Summary Judgment dated August 31, 2006 be rejected in its entirety.

By _____

Scott R. Lucas (ct00517)
*Attorney for Plaintiffs*
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com

## *CERTIFICATE OF SERVICE*

This is to certify that on this 14th day of September, 2006, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties, as listed below, by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

Conrad S. Kee, Esq.
Alison Jacobs Wice, Esq.
Jackson Lewis LLP
177 Broad Street, P.O. Box 251
Stamford, CT 06904
Phone: (203) 961-0404
Fax: (203) 324-4704
KeeC@JacksonLewis.com
wicea@jacksonlewis.com

Jennifer B. Courtian, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, NY 10038-4502
Phone: (212) 545-4000
Fax: (212) 972-3213
courtiaj@jacksonlewis.com


Scott R. Lucas (ct00517)
Martin Lucas & Chioffi, LLP
177 Broad Street
Stamford, CT 06902
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com