UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LARRY A. KATZ and,<br>KENNETH M. RAFTERY, | CASE NO. |
| Plaintiffs, | 3: 02CV02201(AWT) |
| v. | |
| THE SEPARATION PAY PLAN OF<br>TEXACO, INC. and TEXACO INC. | |
| Defendant. | December 13, 2006 |

**OPPOSITION TO PLAINTIFFS' MOTION
FOR ENTRY OF JUDGMENT PURSUANT TO F.R.C.P. 54(b)**

Defendant Texaco Inc. ("Texaco") hereby objects to Plaintiffs' Motion for Entry of Judgment Pursuant to F.R.C.P. 54(b), dated November 17, 2006. Plaintiffs fail to demonstrate a risk of hardship that would be remedied by entry of final judgment and an immediate appeal. In addition, because the currently pending claims and the previously adjudicated claims are interrelated, allowing Plaintiffs to appeal the Court's Recommended Ruling and Order would risk duplication of effort for the Court of Appeals. Plaintiffs' Motion should therefore be denied.

**I.      Plaintiffs Cite No Legitimate Basis for Entering a Final Judgment**

Plaintiffs' Motion requests the Court to disregard the general rule that no appeal should be heard until the entire case has been completed. See Plaintiffs' Motion at 1; Hogan v. Consolidated Rail Corp., 961 F.2d 1021, 1026 (2d Cir. 1992) (noting that it is preferred to postpone appeal until after a final judgment disposing of all the claims has

1

been entered); <u>Siemens Westinghouse Power Corp. v. Dick Corp.</u>, 219 F.R.D. 326, 327 (S.D.N.Y. 2004). Due to the strong federal policy against "piecemeal review," orders for final judgment under Rule 54(b) should not be entered routinely. <u>Siemens Westinghouse</u>, 219 F.R.D. at 327; <u>Arlinghaus v. Ritenour</u>, 543 F.2d 461, 463 (2d Cir. 1976). Rule 54(b) orders must be granted only in the rare case in which a failure to do so might have a harsh effect. <u>Campbell v. Westmoreland Farm, Inc.</u>, 403 F.2d 939, 942 (2d Cir. 1968) (vacating Rule 54(b) order); <u>see also</u>, <u>L.B. Foster Co. v. America Piles, Inc.</u>, 138 F.3d 81, 86 (2d Cir. 1998) (final judgment should be entered only if there is some danger of hardship or injustice from delay which would be alleviated by immediate appeal).

Plaintiffs' assertion that they will suffer economic hardship absent an immediate appeal is insufficient to meet the demands of Rule 54(b). <u>See</u> <u>Manufacturers Hanover Overseas Capital Corp. v. Southwire Co.</u>, 589 F. Supp. 214, 221 (S.D.N.Y. 1984) (finding threatened hardship was not shown where the plaintiff's recovery depended on the defendant's solvency). Furthermore, the suggestion that ChevronTexaco and/or the Separation Pay Plan of Texaco cannot satisfy any future monetary award in this case is absurd. <u>See</u> Plaintiffs' Motion at 5. As such, the Plaintiff's cannot establish the hardship or injustice necessary for a Rule 54(b) certification.

**II.    Allowing Plaintiffs to Appeal the Court's Order Will Lead to a Waste of Judicial Resources and a Duplication of Effort**

Delaying appeal until all issues can be presented to the circuit court at once is "particularly desirable where, as here, the adjudicated and pending claims are closely related and stem from essentially the same factual allegations." <u>Manufacturers Hanover Overseas Capital Corp. v. Southwire Co.</u>, 589 F. Supp. 214, 221 (S.D.N.Y. 1984), *quoting* <u>Cullen v. Margiotta</u>, 618 F.2d 226, 228 (2d Cir. 1980). Certification

under Rule 54(b) should be granted only when it would contribute to the "interests of sound judicial administration" and efficiency, not detract from them.  <u>Hogan v. Consolidated Rail Corp.</u>, 961 F.2d 1021, 1025 (2d Cir. 1992), *quoting* <u>Curtiss-Wright Corp. v. General Electric Co.</u>, 446 U.S. 1, 8 (1980).

Should Plaintiffs' Motion be granted, this case will proceed on two tracks: Plaintiffs' will appeal the Court's Order dated September 30, 2006 granting Defendants' Motion for Summary Judgment, and Plaintiffs' Renewed Motion for Summary Judgment will be pending in this Court.  Allowing this case to proceed on two tracks is inappropriate because the claims that Plaintiffs seek to appeal are inextricably interrelated to the claims still pending before this Court.  <u>See</u> <u>Brunswick Corp. v. Sheridan</u>, 582 F.2d 175, 183 (2d Cir. 1978) (holding that the primary contract claim and the counterclaim were inextricably interrelated where the counterclaim depended on the interpretation of the contract clause).

The determination of whether Plaintiffs' claims are frivolous, the subject of the counterclaim and the ultimate issue underlying Plaintiffs' Renewed Motion for Summary Judgment, is entirely dependant on Plaintiffs' primary claims.  <u>See</u> Plaintiffs' Renewed Summary Judgment dated 12/6/06.  In order to evaluate the counterclaim, the Court will have to analyze the Plaintiffs' claims that the de novo standard should have applied to the Committee's decision to deny their benefits, and that even under the arbitrary and capricious standard, the Committee's review was not supported by substantial evidence.  <u>See</u> Recommended Ruling on Cross-Motions for Summary Judgment.  These are the same claims that will be the subject of Plaintiffs' appeal.

Defendant's counterclaim that Plaintiffs' claims were frivolous depends on an analysis of Plaintiffs' claims and stems from the same factual circumstances.  As such, the claims are inextricably interrelated.  See Manufacturers Hanover Overseas Capital Corp., 589 F. Supp. at 221; Brunswick Corp., 582 F.2d at 183.  If this case proceeds on two tracks, it is possible that the appellate court would be asked to consider an appeal based on the primary claims and the counterclaims, both of which depend on the same set of facts.  These issues should be raised before an appellate court in the same proceeding, if at all.  To proceed otherwise would result in a duplication of effort and a waste of judicial resources.

## III.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiffs' Motion for Entry of Judgment.

Respectfully submitted,

JACKSON LEWIS LLP

By:   /s/ Conrad S. Kee
      Conrad S. Kee (Ct 16901)
      177 Broad Street
      P.O. Box 251
      Stamford, Connecticut 06904-0251
      Tel: (203) 961-0404
      Fax: (203) 324-4704
      E-mail: Keec@jacksonlewis.com

      ATTORNEYS FOR DEFENDANTS
      THE SEPARATION PAY PLAN OF
      TEXACO INC. AND TEXACO INC.

## **CERTIFICATION**

        I hereby certify that on this date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing as indicated below.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

        /s/ Conrad S. Kee
        Conrad S. Kee