UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LARRY A. KATZ<br>And KENNETH M. RAFTERY,<br>Plaintiffs,<br><br>V.<br><br>THE SEPARATION PAY PLAN<br>OF TEXACO, INC.<br>And TEXACO, INC.,<br>Defendants. | : CIVIL ACTION NO.<br>: 302 CV 02201 (AWT)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: DECEMBER 21, 2006<br>: |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR ENTRY OF
PARTIAL JUDGMENT PURSUANT TO F.R.C.P. 54(b)**

*PRELIMINARY STATEMENT*

Defendants oppose plaintiffs' request for entry of a partial judgment and a certification pursuant to Federal Rule of Civil Procedure 54(b). Defendants, however, fail to provide any basis for denying plaintiffs' motion. Defendants argue that (1) plaintiffs' ERISA claim and defendants' counterclaim for a declaratory judgment are interrelated, and (2) plaintiffs will face no hardship if judgment is not entered pursuant to Rule 54(b). A brief review of the relevant case law, as well as plaintiffs' arguments, reveals that defendants' position is not a sound one.

I.   *A RULE 54(b) CERTIFICATION IS APPROPRIATE WHEN ONE CLAIM HAS BEEN FINALLY DECIDED.*

Defendants miss the point when arguing that by requesting a Rule 54(b) certification, plaintiffs "disregard the general rule that no appeal should be heard until the entire case has been completed." (Defendants' Opposition at 1.) The basic thrust of the final judgment rule is *not*

deflected by Rule 54(b). Indeed, Rule 54(b) does not permit an immediate appeal on a claim *until* a final judgment is reached *on that claim*. See Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 742-43 (1976); Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435 (1956) ("[Rule 54(b) ] does not relax the finality required of each decision, as an individual claim, to render it appealable, but it does provide a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on *all* the claims in the case."); National Asbestos Workers Medical Fund v. Philip Morris, Inc., 71 F.Supp.2d 139, 153-54 (E.D.N.Y.,1999). Accordingly, as the Court granted defendants' Motion for Summary Judgment and dismissed plaintiffs' ERISA claims, those claims are ripe for a 54(b) certification.

## II. DEFENDANTS' COUNTERCLAIM SEEKING A DECLARATORY JUDGMENT IS SEPARATE AND DISTINCT FROM PLAINTIFFS' ERISA CLAIMS.

Defendants further argue that plaintiffs' ERISA claims and defendants' counterclaim stem from the same factual circumstances and, as a result, a Rule 54(b) certification is not appropriate. This, however, is not an accurate portrayal of the law governing Rule 54(b) certifications. A compulsory counterclaim, as the one here, by definition arises from the same facts, transactions or occurrences as those of the opposing party's claim. See F.R.C.P. 13. Accordingly, were the Court to accept defendants' argument, a Rule 54(b) certification would never be appropriate when a compulsory counterclaim was involved. As there have been innumerable Rule 54(b) certifications in cases involving compulsory counterclaims, defendants' characterization of the law must fail. See, e.g., Cold Metal Process Co. v. United Eng'r & Foundry Co., 351 U.S. 445 (1956) (Rule 54(b) certification appropriate even though a counterclaim, arising in part out of the same transaction as plaintiff's claim, remained unadjudicated).

While plaintiffs do not contest that their ERISA claims and defendants' counterclaim involve the same factual circumstances, the analysis the Court must undertake to determine the propriety of defendants' counterclaim is completely distinct. In the counterclaim, defendants seek a declaration by the Court that plaintiffs' claims are frivolous. Pursuant to the provisions of the Separation Pay Plan of Texaco, defendants are obligated to reimburse plaintiffs for any and all reasonable attorneys fees expended in securing their rights, *unless* plaintiffs' claims are deemed frivolous by a court of law. The plan specifically provides:

> "Reimbursement of all reasonable attorney's fees, costs and other expenses incurred by you in enforcing your rights under this plan, unless a court of competent jurisdiction determines that your cause of action is frivolous."

(See Appendix Exhibit A to Plaintiffs' Motion for Summary Judgment, p. 19.)

Accordingly, in an attempt to justify their repeated refusal to reimburse plaintiffs for their legal expenses, defendants, in their only counterclaim, seek a declaratory ruling by this Court that plaintiffs' claims are frivolous. To decide this counterclaim, the Court must undertake an analysis pursuant to Federal Rule of Civil Procedure 11. Indeed, the standard set forth in Rule 11 for determining whether an action is frivolous is the standard that is generally applied to determine frivolousness in ERISA cases. See Shofer v. Stuart Hack Co., 753 F.Supp. 587, aff'd, 970 F.2d 1316 (4th Cir. 1992); see also Tolson v. Avondale Industries, Inc., 141 F.3d 604 (5th Cir. 1998). Accordingly, although defendants' counterclaim arises from the same basic facts as plaintiffs' ERISA claim, the standard of review and the required analysis the Court must undertake is completely diverse. As a result, a Rule 54(b) certification and entry of a partial judgment in connection with plaintiffs' ERISA claims is wholly appropriate. See, e.g., Cullen v. Margiotta, 811 F.2d 698, 712 (2d Cir. 1987) (Second Circuit held even when there is some factual overlap between the adjudicated claim and the unadjudicated claim, a Rule 54(b)

3

certification is appropriate; RICO claims sufficiently distinct from civil rights claims even though the two claims arose from the same common facts because the elements of each offense were different and the potential recoveries were different); National Asbestos Workers Medical Fund v. Philip Morris, Inc., 71 F.Supp.2d 139, 154 (E.D.N.Y. 1999) (when claims provide distinct legal theories, a Rule 54(b) certification is appropriate).

Accordingly, as defendants' counterclaim for declaratory judgment is not "inseparable from" or "inextricably interrelated" to plaintiffs' claims for ERISA benefits, and indeed, involves a completely distinct legal analysis, it is respectfully submit that a Rule 54(b) certification is warranted. See, e.g., Advanced Magnetics v. Bayfront Partners, 106 F.3d 11, 16, n. 21 (2d Cir.1997); see also Ginett v. Computer Task Group, 962 F.2d 1085, 1096 (2d Cir. 1992); Blue Cross of California v. SmithKline Beecham Clinical, 108 F.Supp.2d 125, 128 (D.Conn. 2000).

Moreover, should the Court's ruling dismissing plaintiffs' claims be reversed, such a reversal would likely render defendants' counterclaim moot, further supporting the need for a Rule 54(b) certification. See, e.g., Gas-A-Car, Inc. v. American Petrofina, Inc., 484 F.2d 1102, 1105 (10th Cir. 1973) (Tenth Circuit agreed with trial court's ruling that it would be better to allow appeal on first count via Rule 54(b) because if there was reversible error, it would save a future trial on second count).

### III. *DELAYING AN APPEAL WILL RESULT IN HARDSHIP OR INJUSTICE.*

A Rule 54(b) certification allowing an immediate appeal, is appropriate where delaying such appeal could result in some danger of hardship or injustice. See, e.g., Cullen v. Margiotta, 618 F.2d 226 (2d Cir. 1980). In their Motion, plaintiffs assert that delaying an appeal on the dismissal of their claims could result in hardship or injustice because Texaco, Inc. is no longer in existence, having merged with Chevron to become ChevronTexaco in 2001, and because it is

unclear whether the Separation Pay Plan Of Texaco is still being funded or whether any monetary reserves have been set aside in connection with claims pending against the Plan. Without addressing this argument, defendants simply argue that hardship is not shown where a plaintiff's recovery depends on a defendant's solvency. (Defendants' Opposition at 2, citing Manufacturers Hanover Overseas Capital Corp. v. Southwire Co., 589 F.Supp. 214, 221 (S.D.N.Y. 1984).) Defendants continue by boldly asserting, without any support, that "the suggestion that ChevronTexaco and/or the Separation Pay Plan of Texaco cannot satisfy any future monetary award in this case is absurd." (Defendants' Opposition at 2.)

As an initial matter, plaintiffs have *never* alleged that ChevronTexaco is in danger of becoming insolvent. However, this case is not against ChevronTexaco, it is against Texaco, Inc., an entity which is no longer in existence. Second, defendants have made absolutely no assurance that that the Separation Pay Plan of Texaco is still being funded, nor have defendants made any representation as to the amount of money still in the Plan. Additionally, defendants have never made a representation as to whether there are adequate reserves to cover plaintiffs' claims, or whether there are other claims pending against the Plan. Accordingly, with each passing day, the likelihood increases that there will be insufficient funds to cover plaintiffs' claims should there be a reversal on this matter.

Moreover, despite defendants' assertion to the contrary,[1] case law in the Second Circuit clearly indicates that the financial solvency of a party is a proper consideration when determining whether there is a hardship pursuant to Rule 54(b). In deciding whether to certify a claim for appeal pursuant to Rule 54(b), the court can take into account whether delay would cause

---

[1] Defendants cite Manufacturers Hanover Overseas Capital Corp. v. Southwire Co., 589 F.Supp. 214, 221 (S.D.N.Y. 1984) to support their proposition that the solvency of a party is not an appropriate consideration when determining hardship. However, cases decided in this Circuit since Manufacturers Hanover, and cited above, are contrary to defendant's assertion.

financial hardship to either party. See Curtiss-Wright at 12, 100 S.Ct. at 1467; Log Plastic Prods. v. Robert Linkletter Assoc., Inc., 1988 WL 68178 (S.D.N.Y. 1988) (ordering entry of partial final judgment where party was in danger of becoming insolvent) (attached hereto as Exhibit A); Lone Star Indus., Inc. v. Nelstad Material Corp., 1993 WL 120376 (S.D.N.Y. 1993) (ordering entry of partial final judgment where party was insolvent) (attached hereto as Exhibit B); Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 270, 273 (S.D.N.Y. 1995).

Accordingly, plaintiffs' assertion that they may face financial hardship should their appeal be delayed is not only appropriate, but adequate to support a Rule 54(b) certification and entry of a partial final judgment on their dismissed claims.

## CONCLUSION

In view of the foregoing, plaintiffs respectfully request that the Court reject defendants' arguments and enter a partial final judgment pursuant to F.R.C.P. 54(b) with an express and reasoned determination that there is no just reason to prohibit plaintiffs from taking an appeal of this Court's September 30, 2006 Order.

By /s/
Scott R. Lucas (ct00517)
Mary Alice S. Canaday (ct17608)
*Attorneys for Plaintiffs*
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com

## *CERTIFICATE OF SERVICE*

This is to certify that on this 21st day of December, 2006, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties, as listed below, by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

Conrad S. Kee, Esq.
Alison Jacobs Wice, Esq.
Jackson Lewis LLP
177 Broad Street, P.O. Box 251
Stamford, CT 06904
Phone: (203) 961-0404
Fax: (203) 324-4704
KeeC@JacksonLewis.com
wicea@jacksonlewis.com

Jennifer B. Courtian, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, NY 10038-4502
Phone: (212) 545-4000
Fax: (212) 972-3213
courtiaj@jacksonlewis.com

Scott R. Lucas (ct00517)
Martin Lucas & Chioffi, LLP
177 Broad Street
Stamford, CT 06902
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com

**EXHIBIT A**

Westlaw.

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1988 WL 68178 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

▷
Log Plastic Products v. Robert Linkletter Associates, Inc.S.D.N.Y.,1988.Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
LOG PLASTIC PRODUCTS, Plaintiff,
v.
ROBERT LINKLETTER ASSOCIATES, INC., Defendant.
**No. 87 CIV. 3482 (SWK).**

June 20, 1988.

*MEMORANDUM OPINION AND ORDER*
KRAM, District Judge.
*1 Presently before this Court is plaintiff's motion to certify as a final judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure ("Rule"), those portions of this Court's Memorandum Opinion and Order which granted plaintiff's motion for summary judgment. *See Log Plastic v. Robert Linkletter Associates,* 87 Civ. 3482 (SWK), slip op. (S.D.N.Y. January 29, 1988) (hereinafter *Log Plastic I* ). Plaintiff argues that defendant's precarious financial situation makes Rule 54 certification necessary in order to protect plaintiff's ability to collect. Defendant argues in response that certification is not warranted since the one remaining claim and the two counterclaims are factually related to the claims on which this Court granted summary judgment, thus creating the possibility of duplicitous appeals.

Background

Plaintiff's complaint alleges three causes of action.[FN1] The first cause of action sought recovery for $69,000 owed by defendant to plaintiff pursuant to an Amendment, dated October 1, 1986, to the parties' original Licensing, Manufacturing and Sale Agreement ("Agreement"), which the parties executed on February 22, 1985. The Court found that defendant had admitted its liability to the amount claimed and accordingly granted summary judgment to plaintiff. The second cause of action seeks recovery of $177,000 allegedly owed by defendant pursuant to an agreement allegedly reached between the parties some time during the course of their dealings. This agreement concerns defendant's purported promise to reimburse plaintiff for the cost of repairing and purchasing certain injection molds provided by defendant to plaintiff pursuant to the original Agreement. This Court held that genuine issues of material fact concerning the existence of an agreement by defendant to pay plaintiff the claimed amounts precluded summary judgment. The Court also noted the presence of factual questions concerning the amount allegedly owed. The third cause of action sought recovery for $120,000, based on defendant's failure to fund a letter of credit as required by the 1986 Amendment to the Agreement. This Court found that defendant had an obligation to fund the letter of credit and had not done so. The Court granted plaintiff summary judgment on this cause of action since no genuine issues of material fact were in question and since plaintiff was entitled to judgment as a matter of law. Defendant has interposed two counterclaims. The first counterclaim alleges that the parties entered into an agreement by which defendant would warehouse certain goods for plaintiff at an agreed upon rental rate. Defendant claims that it sent invoices to plaintiff and that plaintiff has failed to pay the amount invoiced, $17,329.86. The second counterclaim alleges that pursuant to the original Agreement defendant ordered from plaintiff a certain quantity of goods and anticipated the sale of those goods to a third party. Defendant claims that the third party placed an order, that plaintiff failed to deliver the goods and that as a result defendant lost its expected profit from the sale of the goods to the third party. Damages are not specified.

Discussion

Rule 54(b) allows this Court to direct the entry of final judgment as to the first and third causes of action in this case "only upon an express determination that there is no just reason for delay ..." Acting as a "dispatcher" to the Court of Appeals, it is within the Court's discretion to decide the "the appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 8 (1980) (citation omitted). The discretion is to be exercised in the interest of sound judicial administration. *Id.* Certification should not be routinely granted, however, especially since piecemeal appeals are disfavored. *Id.* at 10; *Ansam Associates, Inc. v. Cola Petroleum, Ltd.,* 760 F.2d

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                              Page 2
Not Reported in F.Supp., 1988 WL 68178 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

442, 445 (2d Cir.1985) ("unrestrained application of Rule 54(b) is strongly disfavored"). The Court should consider "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright, supra,* 446 U.S. at 8.

\*2 In the present case, defendant argues that the remaining cause of action and the counterclaims are not separable from the first and third causes of action on which this Court granted summary judgment. While it is true that all the claims and counterclaims stem generally from common facts, namely the contractual dealings between the parties over the course of a few years, this Court disagrees that the claims on which the Court granted summary judgment are not "separable from and independent of the remaining claims in the case." *Brunswick Corp. v. Sheridan,* 582 F.2d 175, 182 (2d Cir.1978). The first cause of action sought recovery for defendant's admitted liability pursuant to the Amendment. The third cause of action concerned defendant's failure to fund a letter of credit. The other cause of action involves plaintiff's separate claim for expenses it incurred to repair the molds and is based on a separate alleged agreement between the parties.

Defendant's counterclaims, which seek recovery for plaintiff's alleged failure to live up to its contractual obligations to supply certain goods, are more closely related to the remaining cause of action than to the two on which this Court has granted summary judgment. Though it is not perfectly clear from the record before the Court, it appears possible that defendant's second counterclaim-failure to ship goods-is related to plaintiff's third cause of action-failure to fund a letter of credit-in that plaintiff refused to ship the goods since defendant had not funded the letter of credit. Though the issues may overlap in this manner, thus suggesting that certification may not be warranted, the Court finds the claims separable. The Court concluded in its earlier decision that defendant's obligation to fund the letter of credit could not as a matter of law be affected by plaintiff's failure to ship the goods, since funding the letter of credit was in effect a condition precedent. *Log Plastic I, supra,* slip op. at 9-10. In addition, the purported agreement on which defendant bases its counterclaim arose prior and separately to the Amendment which established defendant's obligation to fund the letter of credit.

Though this Court finds the claims separable, defendant's argument would be untenable, and certification would be warranted, even if the claims were not separable. Defendant does not cite any cases support of its contention. The Supreme Court has stated that a court of appeals reviewing a district court's decision to grant certification should

\*3 scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units. *But once such juridical concerns have been met,* the discretionary judgment of the district court should be given substantial deference ... [concerning its] assessment of the equities ...

*Curtiss-Wright, supra,* 446 U.S. at 10 (emphasis added). While this language suggests that the Court should consider the juridical concerns first, this Court does not read it to mean that the equities can never justify certification even if the issues are not completely separate. In an earlier footnote, the *Curtiss-Wright* Court noted that the presence of related claims or claims the nature of which might require appellate review of the same issues would not necessarily make certification improper. 446 U.S. at 8 n. 2. Instead, the Court would have to find a "sufficiently important reason for nonetheless granting certification." *Id.*

Plaintiff has established sufficient equitable reasons justifying Rule 54(b) certification. Plaintiff has stated that it does not seek certification in order to file an appeal, though defendant has indicated that it may appeal if certification is granted. Instead, plaintiff seeks certification in order to protect itself against the possibility of that defendant may become insolvent in the near future. Plaintiff has stated that defendant has not responded to a request to work out a means for payment of the letter of credit. Plaintiff draws the Court's attention to a prospectus filed by defendant with the Securities and Exchange Commission which indicates that defendant's liabilities exceed its assets by over $1.1 million, that defendant is involved in other litigation which may expose it to liability, that defendant owes its attorneys $127,000 and that defendant's net losses since its inception surpass $3.4 million. In the words of its attorney, plaintiff seeks certification "simply so that it may be docketed and made a matter of public record in terms of its potential standing in a potential bankruptcy action by defendant." Affirmation of Stephen Bury, at ¶ 7.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1988 WL 68178 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

Page 3

Defendant does not deny that insolvency is imminent or that plaintiff would stand to suffer if defendant filed for bankruptcy. Instead, defendant argues that this Court cannot consider such factors unless the Court has first concluded that the claims are separate, distinct and independent. As stated above, this Court disagrees, and finds that the equitable concerns involved here "sufficiently important" to justify certification. The imminent or reasonably likely bankruptcy of a party ordered to make payments in an interlocutory order, such that a delay in the entry of judgment would impair the winning party's ability to collect, weighs in favor of certification. *Id.* at 12. Plaintiff has established a "danger of hardship or injustice through delay" which makes immediate certification appropriate. *Ansam Associates, supra,* 760 F.2d at 445 (quoting *Campbell v. Westmoreland Farm, Inc.,* 403 F.2d 939, 942 (2d Cir.1968)). The Court thus orders entry of final judgment pursuant to Rule 54(b) on plaintiff's first and third causes of action.

Though certification is warranted, this Court believes that an immediate appeal would not be in the best interests of sound judicial administration given the general overlap of issues involved. Accordingly, at the suggestion of the *Curtiss-Wright* Court, 446 U.S. 13 n. 3, this Court will stay enforcement of the judgment pursuant to Rule 62(h) until all claims have been adjudicated.[FN2] *See F & M Schaefer Corp. v. Electrical Data Systems Corp.,* 430 F.Supp. 988, 993 (S.D.N.Y.1977), *aff'd without opinion,* 614 F.2d 1286 (2d Cir.1979). In the interest of protecting plaintiff's claims, the Court orders defendant to deposit with the Court $189,020.16, plus applicable interest from December 1, 1986.[FN3] Defendant should comply within twenty-one days from the date of this order. This solution should avoid unnecessary appellate litigation while protecting plaintiff's legitimate interests.

Conclusion

*4 For the reasons stated above, plaintiff's motion for certification of this Court's grant of summary judgment on the first and third causes of action in the complaint as a final judgment pursuant to Rule 54(b) is granted. In the interest of sound judicial administration and to protect plaintiff's interests, execution of the judgment is stayed and defendant is ordered pursuant to Rule 62(h) to deposit with the Court the amount of the judgment, $189,020.16 plus applicable interest, within twenty-one (21) days of the date of this order. Plaintiff should submit within seven (7) days a statement of applicable interest.

SO ORDERED.

FN1. The facts of this case were fully discussed in *Log Plastic I* and those facts will not be repeated here except as is necessary.

FN2. Rule 62(h) states that the Court may stay enforcement of a final judgment ordered pursuant to Rule 54(b) "until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered."

FN3. Plaintiff has requested the judgment to include an amount of applicable interest. In the interest of clarity, plaintiff should submit to the Court within seven days from the date of this order a statement of the applicable amounts of interest for the Court to "so order" *nunc pro tunc.*

S.D.N.Y.,1988.
Log Plastic Products v. Robert Linkletter Associates, Inc.
Not Reported in F.Supp., 1988 WL 68178 (S.D.N.Y.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# **EXHIBIT B**

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1993 WL 120376 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

Page 1

H
Briefs and Other Related Documents
Lone Star Industries, Inc. v. Nelstad Material Corp.S.D.N.Y.,1993.Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
LONE STAR INDUSTRIES, INC., Plaintiff,
v.
NELSTAD MATERIAL CORP. and James Capossela, Defendants.
**No. 92 Civ. 3040 (VLB).**

April 14, 1993.

Lawrence E. Tofel, Tofel Berelson & Saxl, PC, New York City, for plaintiff.
John A. Tartaglia, New Rochelle, NY, for defendants.

MEMORANDUM ORDER
VINCENT L. BRODERICK, District Judge.

I

*1 On January 25, 1993, I granted a motion for partial summary judgment sought by plaintiff Lone Star Industries, Inc. against defendant James Capossela based on his personal guarantee of indebtedness of the corporate defendant. Plaintiff has now submitted a proposed judgment pursuant to that order.

In signing the proposed judgment, I have added an endorsement reflecting my finding pursuant to Fed.R.Civ.P. 54(b) that there is no reason for delay in entry of partial final judgment. No counterclaims or offsets are asserted and the corporate defendant is insolvent. Plaintiff's remaining unadjudicated claim against the individual defendant is a fraud claim which appears to have been pursued chiefly to provide plaintiff with a claim which may be immune from potential bankruptcy filing on the part of the individual defendant.

In concluding that the partial judgment I am signing today against the individual defendant need not be delayed because of the pendency of the claims remaining in this case, I do not indicate that such claims should be permitted to remain unresolved indefinitely. Plaintiff is directed to report to the court within 60 days of the date of this memorandum order whether there is any prospect that the corporate defendant will be able to pay any claims against it in this case, and if not, why claims against it should not be dismissed.

Plaintiff is also directed to report within the same period (a) what authority if any plaintiff asserts supports my retention of its fraud claim against the individual defendant for purposes of providing plaintiff security against the risk of bankruptcy filing on the part of the individual defendant affecting collection of the judgment I sign today, and (b) how long plaintiff asserts that its fraud claim should be retained without dismissal for lack of prosecution.

II

Plaintiff seeks attorney's fees of $47,777 together with disbursements of $2,917.05 in this debt collection suit against two related defendants in which no counterclaims were asserted, only one significant deposition was necessary, the plaintiff's motion for summary judgment was granted without trial or evidentiary hearing, and no complex litigation steps were required.

The records submitted by plaintiff were not broken down by category. They contain redactions concerning items totalling $16,370.50 and obscure information relevant to evaluation of the reasonableness and necessity for the charges involved. Although afforded an opportunity to do so, plaintiff did not further supplement its submission in regard to the fee claim.

The fee claimed is "out of line with the degree of effort reasonably needed to prevail in the litigation," Smiley v. Sincoff, 958 F.2d 498, 502 (2d Cir.1992), quoting In re Agent Orange, 818 F.2d 226, 237 (2d Cir.), cert. denied 484 U.S. 926 (1987). I reduce it from $47,777 by $27,000, to yield $20,777 plus the disbursements claimed.

SO ORDERED.

S.D.N.Y.,1993.
Lone Star Industries, Inc. v. Nelstad Material Corp.
Not Reported in F.Supp., 1993 WL 120376 (S.D.N.Y.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                                     Page 2
Not Reported in F.Supp., 1993 WL 120376 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

Briefs and Other Related Documents (Back to top)

• 7:92cv03040 (Docket) (Apr. 27, 1992)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.