UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LARRY A. KATZ and, | : | |
| KENNETH M. RAFTERY, | : | CASE NO. 3: 02CV02201(AWT) |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| THE SEPARATION PAY PLAN OF | : | |
| TEXACO, INC. and TEXACO INC. | : | |
| | : | |
| Defendant. | : | January 10, 2006 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
RENEWED MOTION FOR SUMMARY JUDGMENT**

Defendants, the Separation Pay Plan of Texaco ("the Plan" or "Defendant") and Texaco Inc. ("Texaco"), hereby object to Plaintiffs' Larry A. Katz and Kenneth M. Raftery ("Plaintiffs") Renewed Motion for Summary Judgment, dated December 6, 2006, which asserts only legal issues.[1]  Plaintiffs' argument that Defendant does not have standing or subject matter jurisdiction to bring its counterclaim is without merit, and Plaintiffs' Motion should be denied.

There can be little doubt that Plaintiffs' claims for enhanced benefits under the Plan available to employees in Position Grade 20 or above are frivolous.  There is no dispute that Plaintiffs never held Position Grade 20 and that Plaintiffs unsuccessfully took every effort to attempt to manipulate the system to become Position Grade 20's after learning of the enhanced benefit during the merger process.  Further, before commencing this litigation, Plaintiffs were well aware that the Plan gave the Plan Administrator the maximum discretion available in

---

[1]  Defendants note that Plaintiffs Renewed Motion for Summary Judgment does not comply with Local Rule 56 which requires a Local Rule 56(a)(1) Statement setting forth a concise statement of each material fact as to which Plaintiffs contend there is no genuine issue to be tried.  Consequently, Defendants are unable to respond to any issues of fact and expressly adopt their Local Rule 56(a)(1) and Local Rule 56(a)(2) statements previously filed with the Court in support of Defendants' Motion for Summary Judgment and in support of Defendants' earlier Opposition to Plaintiffs' initial Motion for Summary Judgment.

interpreting and administering the Plan and that the Plan Administrator determined the Plaintiffs were ineligible for the enhancements at issue because they were not Position Grade 20 or above employees. Indeed, it is readily apparent that the only reason this matter is in litigation is the attorneys' fees provision of the Plan.

Jurisdiction is proper pursuant to 28 U.S.C. § 1367(a) because Defendant's counterclaim arises out of the "same transaction or occurrence" as Plaintiffs' primary claims. Because federal jurisdiction has already been established for Plaintiffs' claims, it is appropriate to adjudicate Defendant's counterclaims in the same forum. Jurisdiction over Defendant's counterclaim is also proper pursuant to 28 U.S.C. § 1331 because it is a claim relating to ERISA that arises under federal common law. Further, Defendant has standing to pursue its declaratory judgment pursuant to § 502(a)(3) of ERISA, because Defendant qualifies as a fiduciary under ERISA and because it is seeking equitable relief. For these reasons, Plaintiffs' Motion should be denied.

**I.    Jurisdiction is Proper Pursuant to 28 U.S.C. § 1367(a)**

Unlike the majority of cases cited by Plaintiffs in their Motion for Summary Judgment, the Plan's claim in this case is asserted as a counterclaim to Plaintiffs' claim in this case.[2] Indeed, the counterclaim is inextricably intertwined with Plaintiffs' claims asserted before this Court because Plaintiffs are seeking benefits under the Plan, including a claim for attorneys' fees which is the subject of the counterclaim. As such, the Court necessarily exercises jurisdiction over the instant counterclaim.

---

[2] For example, although Plaintiffs cite to Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Co. in support of their standing argument, the court addressed whether a plaintiff-fund had jurisdiction and standing to initiate an action, not file a counterclaim. 700 F.2d 889 (2d Cir. 1983). In Memorial Hospital for Cancer and Allied Diseases v. Empire Blue Cross and Blue Shield, the court only examined the defendant's jurisdiction and standing to bring a counterclaim because there was no federal jurisdiction for the plaintiff's underlying claim. 1994 WL 132151 (S.D.N.Y. Apr. 12, 1994).

Courts have supplemental jurisdiction over compulsory counterclaims regardless of whether there is an independent basis for jurisdiction over those claims. D'Jamoos v. Griffith, 368 F. Supp. 2d 200, 203 (E.D.N.Y. 2005) citing Baker v. Gold Seal Liquors, 417 U.S. 467, 469 n.1 (1974); 28 U.S.C. § 1367(a).[3] Whether an independent jurisdictional basis must exist in order for the court to adjudicate defendant's counterclaims turns on whether the claim is compulsory or permissive. D'Jamoos v. Griffith, 368 F. Supp. 2d at 203-04.

Compulsory counterclaims arise out of the same transaction or occurrence that is the subject matter of the primary claim. Jones v. Ford Motor Credit Co., 358 F.3d 205, 209 (2d Cir. 2004); Fed. R. Civ. P. 13(a).[4] Courts consider the following factors when deciding whether a counterclaim is compulsory or permissive: 1) identity of facts between the original claim and counterclaim; 2) mutuality of proof; 3) logical relationship between the original claim and the counterclaim. D'Jamoos v. Griffith, 368 F. Supp. 2d at 204. The critical inquiry is whether the "essential facts of the claims [are] so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Jones v. Ford, 358 F.3d at 209 *quoting* Critical-Vac Filtration Corp. v. Minutemen Int'l, Inc., 233 F.3d 697, 699 (2d Cir. 2000); D'Jamoos v. Griffith, 368 F. Supp. 2d at 204. An absolute identity of factual background is not required. Jones v. Ford, 358 F.3d at 209.

In D'Jamoos v. Griffith, the plaintiff filed suit for malpractice, and the defendant filed counterclaims for compensation for legal services rendered. 368 F. Supp. 2d at 204. The court found that the counterclaim was compulsory because it was based on the same transaction

---

[3] 28 U.S.C. § 1367(a) provides: [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

[4] Fed. R. Civ. P. 13(a) provides: A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

as the subject matter of the plaintiff's complaint: the legal services defendant provided to plaintiff. Id. Both claims involved questions related to the parties' agreement regarding the defendant's fees. Id. Because the defendant's counterclaims were compulsory, jurisdiction over them was ancillary to the court's original jurisdiction over the underlying action and the court did not need an independent basis for jurisdiction. Id. at 205.

Here, Defendant's counterclaim is based on the same transaction as Plaintiffs' primary claims. Defendant seeks a judgment declaring that Plaintiffs' claims were frivolous, and therefore, Defendant is not liable for Plaintiffs' attorneys' fees pursuant to the Plan. In order to evaluate Defendant's counterclaim, the Court will have to analyze the Plaintiffs' claims that the de novo standard should have applied to the Committee's decision to deny their benefits, and that even under the arbitrary and capricious standard, the Committee's review was not supported by substantial evidence. See Recommended Ruling on Cross-Motions for Summary Judgment. Both claims are based on the same "transaction" and the same set of facts. As in D'Jamoos v. Griffith, Defendant's counterclaim is compulsory, and jurisdiction over it is supplemental to the Court's original jurisdiction over the underlying action. See 368 F. Supp. 2d at 204. Because federal jurisdiction has already been established for Plaintiffs' primary claims, it is appropriate and more efficient to adjudicate Defendant's counterclaim as part of these proceedings.

II.     **Jurisdiction is Proper Pursuant to 28 U.S.C. § 1331**

Several courts have held that if an ERISA action arises under federal common law, there is jurisdiction over the action pursuant to 28 U.S.C. § 1331(a). Provident Life & Accident Ins. Co. v. Waller, 906 F.2d 985, 989 (4th Cir. 1990) (citations omitted); Northeast Dept. ILGWU Health & Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund, 764

F.2d 147, 156 (3d Cir. 1985); Frank L. Ciminelli Constr. Co. v. Buffalo Laborers Supplemental Unemployment Ben. Fund, No. CIV-90-1265E(F), 1992 U.S. Dist. LEXIS 533, at *6 and n.4 (W.D.N.Y. 1992) (allowing a federal common law action of equitable restitution in order for an employer to recover mistakenly paid contributions, and finding jurisdiction appropriate pursuant to 28 U.S.C. § 1331).

An action arises under federal law "if and only if the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." Lindy v. Lynn, 501 F.2d 1367, 1369 (3d Cir. 1974); see also Airco Industrial Gases, Inc. v. Teamsters Health & Welfare Pension Fund, 850 F.2d 1028, 1033 (3d Cir. 1988).

Federal question jurisdiction exists under ERISA if the issue in dispute is of "central concern" to the federal statute. Provident Life, 906 F.2d at 990. The court in Provident Life & Accident Ins. Co. v. Waller held that the circumstances of the case before it met the "central concern" test. Id. at 992-993. In reaching this conclusion, the court looked to the plan contract, the statutory policies of ERISA, and state law. Id. at 993. The case involved an insurance plan administrator's attempt to obtain repayment of a cash advance from a plan participant who was injured in an auto accident. Id. at 986. The court held that the creation of a common law remedy would further the contract between the parties because the plan provided for repayment of money advanced. Id. at 993. This remedy also conformed with statutory provisions of ERISA allowing for mistakenly paid contributions made by employers to multiemployer plan funds. Id. Finally, the claim included all of the elements of a cause of action for unjust enrichment under Virginia law. Id. Therefore, it was appropriate for the court to "weave into the statutory fabric of ERISA the federal common law remedy of unjust

5

enrichment." Id. at 994. See also Airco Industrial Gases, Inc. v. Teamsters Health & Welfare Pension Fund, 850 F.2d at 1034 (holding that § 1331 conferred subject matter jurisdiction to determine the existence of a federal common law cause of action based on unjust enrichment); Northeast Dept. ILGWU, 764 F.2d at 157 (holding that the dispute over reimbursement of medical expenses required an application of the federal common law of welfare funds authorized by § 1144 of ERISA).

In the instant case, both the plan language and the statutory policies underlying ERISA support a conclusion that the dispute over attorneys' fees is of "central concern" to ERISA. First, the plan documents provide for recovery of attorneys' fees unless Plaintiffs' claims are deemed frivolous. As in Provident Life, resolving this issue in federal court is appropriate because it would further the agreement between the parties. In addition, the clause providing for attorneys' fees also conforms with the statutory policy set forth in 29 USC § 1132(g) of ERISA granting attorneys' fees to either party.

Because the dispute over attorneys' fees is of central concern to ERISA, this dispute should be viewed as arising under federal common law, rendering jurisdiction appropriate under § 1331.

### III. The Separation Pay Plan is a Fiduciary with Standing to Sue Pursuant to ERISA

While Plaintiffs have asserted a claim against the Plan seeking benefits under the Plan, including attorneys' fees, they nonetheless assert that the Plan lacks standing to assert a counterclaim that they are not entitled to one of the benefits at issue, i.e., attorneys' fees, even though such a counterclaim would almost certainly be a compulsory counterclaim under the Federal Rules of Civil Procedure. Indeed, this court will necessarily need to address the frivolous nature of Plaintiffs' claims in this case, either by addressing this counterclaim or in

evaluating Plaintiffs' eventual claim for attorneys' fees. Standing to assert a compulsory counterclaim is inherent under the Federal Rules of Civil Procedure. Further, as noted below, the Plan has standing to assert the instant counterclaim seeking an equitable remedy as a fiduciary.

### A. The Separation Pay Plan is a Fiduciary Under ERISA

A fiduciary may bring a civil action under § 502(a)(3) of ERISA "to obtain other appropriate equitable relief … or to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). Plaintiffs in the instant case argue that ERISA benefit plans or funds are not fiduciaries and do not have standing to sue. Renewed Motion for Summary Judgment at § I.

The court in Saramar Aluminum Co. v. Pension Plan of Employees of the Aluminum Industry held that a pension plan was included in the ERISA definition of "fiduciary" when it filed a counterclaim against the plaintiff. 782 F.2d 577, 581 (6th Cir. 1986). The plan was administered by a Board of administrators who had full power and authority to carry out its provisions. Id. at 582. Therefore the plan, as a party to the litigation, necessarily included those who administered it and effectuated its policies. Id.

The administrators also qualified as fiduciaries under ERISA. Id. at 581. Pursuant to 29 U.S.C. § 1002(21)(A), a person is deemed a fiduciary to the extent that, "(i) he exercises any discretionary authority or discretionary control respecting management of such plan … or disposition of its assets, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." The administrators in Saramar had discretionary authority and control in administering the Plan and qualified as fiduciaries. Saramar, 782 F.2d at 581; see also I.B.T. Local 191 Health Servs. & Ins. Plan v. Parkes, No. CV87237697S, 1993 Conn. Super. Lexis 2545, at *11 (Conn. Super. Ct. Sept. 21, 1993) (finding

plaintiff-health plan was a fiduciary under ERISA since it exercised discretionary control over management of the plan and disposition of its assets). Because the administrators were an integral part of the plan, the plan had the authority to file suit as a fiduciary in its counterclaim against the plaintiff. <u>Saramar</u>, 782 F.2d at 581 (also noting that, "[a]n employee benefit plan may sue or be sued under this subchapter as an entity" pursuant to 29 U.S.C. § 1132(d)(1)).

As in <u>Saramar</u>, the Plan in the instant case is administered by the Change of Control Committee, a group of administrators with authority to interpret the Plan's provisions and determine employees' entitlement to benefits. <u>See</u> Memo of Law in Support of Defendants' Motion for Summary Judgment at 3-4; <u>I.B.T. Local 191 Health Servs.</u>, 1993 Conn. Super. Lexis 2545 at *7 (noting that control over cash reserves is highly probative of fiduciary status). Because the Change of Control Committee has discretionary authority and control in administering the Plan, they qualify as fiduciaries under § 1002(21)(A). The Plan, as a party to this litigation, necessarily includes the Change of Control Committee. The Plan therefore has the authority as a fiduciary to file a counterclaim against Plaintiffs in this case.

Although Plaintiffs cited to <u>Blanck v. Consolidated Edison Retirement Plans</u> for the proposition that the Plan does not have standing, the reasoning in <u>Saramar</u> is superior and more compelling. <u>See</u> <u>Blanck</u>, No. 02 Civ. 7718 LTS DCF, 2006 WL 177003 (S.D.N.Y. Jan. 24, 2006). While it is unclear from the decision what the plaintiff's underlying claims were in <u>Blanck</u>, it is unlikely that they were as closely intertwined with the counterclaims as in this case. Furthermore, while the court in <u>Blanck</u> found that the Plan lacked standing to bring its counterclaims, it ultimately allowed the Plan Administrator to intervene and pursue the Plan's claims for overpayment of benefits. Even if this Court chooses to follow the holding in <u>Blanck</u>,

the appropriate remedy would be to allow Defendant's Plan Administrator to pursue the Plan's counterclaim.

### B.    The Plan's Counterclaim Seeks Equitable Relief under § 502(a)(3) of ERISA

As a fiduciary, the Plan is entitled to file a claim under § 502(a)(3) of ERISA "to obtain other appropriate equitable relief." 29 U.S.C. § 1132(a)(3); Sereboff v. Atlantic Medical Servs. Inc., 126 S. Ct. 1869, 1873, 164 L. Ed. 2d 612 (U.S. 2006).

Suits for declaratory judgment are a statutory creation and are neither inherently legal nor equitable in nature. Chicago Pneumatic Tool Co. v. Smith, 890 F. Supp. 100, 131 (N.D.N.Y. 1995) *citing* Gulf Life Ins. Co. v. Arnold, 809 F.2d 1520, 1523 (11th Cir. 1987). To determine whether a given declaratory judgment action is legal or equitable, "courts have examined the basic nature of the issues involved to determine how they would have arisen had Congress not enacted the Declaratory Judgment Act." Id.

The court in Spitz v. Tepfer characterized a suit by a fiduciary for a declaratory judgment as an action in pursuit of an equitable remedy. 171 F.3d 443, 450 (7th Cir. 1999). The plaintiff sued his former business partner seeking a declaration that the defendant's actions were invalid or illegal, clarifying the parties' vesting percentages, declaring that certain provisions of the 401(k) plan were invalid, and clarifying other rights and entitlements under the plan. Id. at 446. The court held that the claim was one for equitable remedies under ERISA. Id. at 450. See also Raytech Corp v. Pension Benefit Guaranty Corp., 241 B.R. 790 (Bankr. D. Conn. 1999) (finding that defendant did not lack standing to assert counterclaim seeking declaratory judgment that plaintiff-subsidiary was liable for contributions to pension plans).

Just as the plaintiff in Spitz v. Tepfer sought a declaration that the defendant's actions were invalid, the Plan in the instant case seeks a declaration that Plaintiffs' claims were

9

frivolous. Both claims essentially seek a factual determination regarding the opposing parties' actions, and both claims seek equitable remedies. As such, the Plan has standing to bring its counterclaim under § 502(a)(3) of ERISA.

## IV.     CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiffs' Renewed Motion for Summary Judgment.

Respectfully submitted,

JACKSON LEWIS LLP

By:     /s/
Conrad S. Kee (CT 16904)
Tal A. Kadar (CT 26723)
177 Broad Street
P.O. Box 251
Stamford, Connecticut 06904-0251
Tel: (203) 961-0404
Fax: (203) 324-4704
E-mail: Keec@jacksonlewis.com

ATTORNEYS FOR DEFENDANTS
THE SEPARATION PAY PLAN OF TEXACO INC. AND TEXACO INC.

## **CERTIFICATION**

I hereby certify that on this date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing as indicated below. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/
Conrad S. Kee