UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LARRY A. KATZ<br>And KENNETH M. RAFTERY,<br><br>Plaintiffs,<br><br>V.<br><br>THE SEPARATION PAY PLAN<br>OF TEXACO, INC.<br>And TEXACO, INC.,<br><br>Defendants. | :<br>:  CIVIL ACTION NO.<br>:  302 CV 02201 (AWT)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  JANUARY 23, 2007<br>: |

### PLAINTIFFS' REPLY TO
### DEFENDANTS' MEMORANDUM IN OPPOSITION
### TO PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGMENT

In defendants' Opposition to plaintiffs' renewed Motion for Summary Judgment, defendants have failed to provide any basis for denying plaintiffs' Motion. While defendants attempt to argue that there is adequate jurisdiction to bring their counterclaim, defendants do not even address the remaining issues of plaintiffs' Motion. Moreover, defendants' assertion that plaintiffs have raised only "legal issues" in their Motion and have not complied with Local Rule 56 is baseless. In the Preliminary Statement of plaintiffs' renewed Motion, plaintiffs clearly state: "Plaintiffs' Motion for Summary Judgment, Memorandum in Support, *Statement of Material Facts*, and Appendix of Exhibits all dated June 29, 2004 (Docket Entries 48-51), and their Reply Brief dated August 20, 2004 (Docket Entry 65), are incorporated herein by reference...." Plaintiffs' Statement of Facts Pursuant to Rule 56(a) is Docket Entry No. 50 and fully incorporated despite defendants' assertion to the contrary.

Accordingly, defendants' counterclaim should be dismissed for lack of jurisdiction or, in the alternative, should the Court find adequate jurisdiction, plaintiffs' Motion for Summary Judgment should be granted and defendants' counterclaim thereby dismissed.

## I. DEFENDANTS DO NOT HAVE JURISDICTION OR STANDING TO BRING THEIR COUNTERCLAIM.

### A. Jurisdiction Does Not Exist Pursuant To 29 U.S.C. §1132.

Defendants have provided no theory under which they have proper jurisdiction pursuant to 29 U.S.C. §1132. Indeed, defendants attempt to downplay the clear law in this Circuit by relying on a case from the 6th Circuit handed down over 20 years ago [1] See Saramar Aluminum Co. v. Pension Plan for Employees of Aluminum Industry and Allied Industries of Youngstown Ohio Metropolitan Area, 782 F.2d 577 (6th Cir. 1986). Moreover, a close reading of the ruling in Saramar supports plaintiffs' position. As an initial matter, jurisdiction was not contested in Saramar by either party. Secondly, the court in Saramar specifically limited its decision to those instances in which a "fiduciary" is bringing an action to enjoin a violation of ERISA or to enforce ERISA or the provisions of a plan thereunder. Id. at 581. Defendants, here, are doing neither of those things. Moreover, it is plaintiffs' position that neither defendant here is a "fiduciary" as defined by ERISA. Indeed, Justice Contie in his concurring opinion in Saramar specifically acknowledges this exact point. To wit:

> The majority's conclusion that the Plan is a fiduciary is premised on an interpretation of the statute which finds that the Plan exercises "discretionary authority or discretionary control respecting management of" itself. Such a construction stretches the scope of the statute beyond the ordinary meaning of its terms without any indication of legislative acquiescence, and constitutes an impermissible broadening of our limited jurisdiction. See generally 1974 U.S.Code Cong. & Ad.News 4639-5190.

Saramar, supra, at 584.

In fact, the reasoning set forth by the majority in Saramar has been rejected by many of the other circuits. The court in Carpenters District Council of Kansas Cit Pension Fund, et al. v. Bowlus School Supply, Inc., 716 F.Supp. 1232 (W.D. Mo., 1989), after reviewing the law in other circuits, held squarely that a district court does not have subject matter jurisdiction over a suit brought by an

---

[1] Defendants also cite I.B.T. Local 191 Health Services and Ins. Plan v. Parkes, 10 Conn. L. Rptr. 105 (Conn. Super. 1993), for the proposition that the Separation Pay Plan of Texaco is a "fiduciary." This is an unreported state court case which does not appear to have been cited by any state or district court since being handed down in 1993.

2

employee benefit plan under ERISA. The court, there, specifically found that courts in the 2nd, 3rd, 4th, 6th, 7th, and 11th Circuits, as well as in the District of Columbia, have decided that the standing and jurisdictional provisions of §1132 are limited only to suits by the entities specified in the statute. Id. at 1234. See also Local 159, et al. v. Nor-Cal Plumbing, 185 F.3d 978, 983 (9th Cir. 1999) (while recognizing the Second Circuit's very strict interpretation of §1132, states "We have previously held than an ERISA plan itself does not have standing to sue under §503(a) of ERISA because it is not a plan participant, beneficiary or fiduciary."); Via Christi Regional Medical Center, Inc. v. Blue Cross and Blue Shield of Kansas, Inc., 361 F.Supp.2d 1280, 1289 (D. Kansas, 2005) (finding the language of the Second Circuit's decision in Pressroom Unions-Printers League persuasive, declined to grant standing to the benefit plan under ERISA). Similarly, in Northeast Department ILGWU Health and Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund, 764 F.2d 147, 153 (3rd Cir., 1985), another case cited by defendants, the court rejected the argument defendants attempt to make here and refused to expand jurisdiction under 29 U.S.C. §1132 to include a pension fund and cited the Second Circuit's decision in Pressroom with approval.

Even if the Plan is determined to be a "fiduciary," standing still does not exist. A fiduciary may only bring an action under ERISA to "(A) enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) enforce any provisions of this subchapter of the terms of the plan." 29 U.S.C. §1132 Defendants' counterclaim does not fall within any of these categories and defendants therefore do not have proper jurisdiction.

Defendants' argument that because they seek a declaratory judgment they have standing under §1132(a)(3) is misguided. Assuming *for the sake of argument only* that defendants' counterclaim is equitable in nature, the statutory language is clear that not just *any* equitable relief falls under ERISA, the equitable relief must be sought to redress a violation of ERISA or to enforce a provision of ERISA

or a plan thereunder. 29 U.S.C. §1132. Such is not the case here. Moreover, it is plaintiffs' contention that defendants' counterclaim is unquestionably legal in nature and is therefore not a proper claim under ERISA. Defendants' reliance on Spitz v. Tepfer, 171 F.3d 443 (7th Cir. 1990), simply ignores the law of this Circuit. See, e.g., Connecticut General Life Ins. Co. v. Cole, 821 F.Supp. 193, 197 (S.D.N.Y. 1993) (finding no jurisdiction under §1132(a)(3) over fiduciary's declaratory judgment action seeking interpretation of its obligations under ERISA-covered policy because such action sought legal relief); Memorial Hospital For Cancer And Allied Diseases v. Empire Blue Cross and Blue Shield, 1994 WL 132151 at 6 (S.D.N.Y. 1994) (holding declaratory judgment claim seeking interpretation of rights and obligations under an ERISA covered plan is one of contract interpretation and therefore legal in nature) (attached hereto as Exhibit A). See also Simler v. Conner, 327 U.S. 221, 222 (1963) (the fact that the claim seeks a declaratory judgment does not obscure the legal nature of the claim); Transamerica Occidental Life Ins. Co. v. Digregorio, 811 F.2d 1249, 1251 (9th Cir. 1987) (an action seeking a declaration of obligations under an ERISA-covered policy is *not* an equitable action).

In view of the foregoing, it is clear that jurisdiction for defendants' counterclaim does not exists pursuant to 28 U.S.C. §1132.

### B.    *Defendants Do Not Have Jurisdiction Pursuant To 28 U.S.C. §1331.*

In arguing that jurisdiction exists pursuant to 28 U.S.C. §1331, or federal common law, defendants disregard the clear law of this Circuit.

> "Twice in its most recent term, the [Supreme] Court has repeated its belief that ERISA's express remedies, as the product of long and careful study and compromise, should remain exclusive. *See Rush Prudential HMO, Inc. v. Moran,* 536 U.S. 355, 375-76, 122 S.Ct. 2151, 153 L.Ed.2d 375 (2002); *Great-West,* 534 U.S. at 209, 122 S.Ct 708. We see little room in this framework for judicially-created, "interstitial" remedies. ... *Great-West* is quite explicit, however, that "[i]t is ··· not our job to find reasons for what Congress has plainly done." 534 U.S. at 217, 122 S.Ct 708. That comment, taken in the context of other recent Court opinions applying a strong presumption that creation of an express remedy clearly forecloses others ... makes evident that we are no longer free to fill in unwritten gaps in ERISA's civil remedies. Accordingly...... the Supreme Court has instructed that it is not for us to decide the best ERISA remedial scheme.

Gerosa v. Savasta & Co., Inc., 329 F.3d 317, 322 -323 (2d Cir. 2003).

4

The ruling in Gerosa makes it crystal clear that the Second Circuit's exercise of jurisdiction based on federal common law in connection with ERISA cases is extremely limited. As a result, defendants' reliance on Frank L. Ciminelli Construction Company, Inc. v. Buffalo Laborers, 1992 WL 13425 (W.D.N.Y., 1992) (attached hereto as Exhibit B) is misplaced, as that case does not survive the holding set forth in Gerosa. Moreover, the decision in Ciminelli was also handed down prior to the decision in Blanck v. Consolidated Edison Retirement Plan, 2006 WL 177003 (S.D.N.Y. 2006) (attached hereto as Exhibit C), holding "courts cannot turn to Federal common law to fill gaps in ERISA's civil remedies provisions." In addition, the holding in Ciminelli is limited to mistakenly paid contributions. Indeed, many of the cases that defendants cite involve restitution of erroneously paid contributions and are therefore not applicable to the present case, as ERISA has a specific provision dealing with mistakenly paid contributions made by employers. See 29 U.S.C. §1103(c)(2). See, e.g., Airco Industrial Gases, Inc. v. Teamsters Health and Welfare pension Fund, 850 F.2d 1028 (3rd Cir. 1988); Provident Life & Accident Ins. Co. v. Waller, 906 F.2d 985 (4th Cir., 1990). Accordingly, the cases cited by defendants meet the "central concern" test used to determine whether to exercise federal common law. This is not the case here. Although ERISA does contain discretionary authority for a court to award attorney's fees (29 U.S.C. §1132(g)), the provision contained in the Separation Pay Plan of Texaco is a simple contract term, negotiated between the parties and is not of "central concern" to the statutory provisions of ERISA. Accordingly, as nothing in defendants' counterclaim (seeking a declaration of frivolity) is directly related to a specific statutory provision of ERISA, it would inappropriate to apply federal common law to this case. See, e.g., Memorial Hospital Cancer Hospital, supra, 1994 WL 132151 at 4 (S.D.N.Y. 1994).

Similarly, Northeast Department ILGWU Health and Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund, 764 F.2d 147 (3rd Cir., 1985), a case cited by defendants in support of exercising jurisdiction pursuant to 28 U.S.C. §1331, is not applicable to the present case, as it involved interpretation and application of specific provisions of ERISA. Indeed, the court there held: "An action

thus arises under federal common law if, *inter alia,* plaintiff's requested relief requires the interpretation and application of federal judge-made law." Id. at 153. Defendants' counterclaim does not require an interpretation or application of federal judge-made law, defendants seek an interpretation of a contractual clause outside the confines of ERISA.

Interestingly, while defendants cite Lindy v. Lynn, 501 F.2d 1367 (3rd Cir., 1974), that case squarely supports plaintiffs' position that federal common law does not apply in the present situation. The court there refused to apply federal common law jurisdiction and dismissed that action for lack of subject matter jurisdiction, holding:

> If, on the other hand, the action is not expressly authorized by federal law, does not require the construction of a federal statute and is not required by some distinctive policy of a federal statute to be determined by the application of federal legal principles, it does not arise under the laws of the United States even if federal law furnishes some necessary ingredient of the claim. Moreover, the fact that a contract is subject to federal regulation does not, in itself, demonstrate that Congress meant that all aspects of its performance or nonperformance are to be governed by federal law rather than by the state law applicable to similar contracts in businesses not under federal regulation. Ivy Broadcasting Co. v. American Tel. & Tel. Co., 2 Cir. 1968, 391 F.2d 486, 490, 493

Lindy v. Lynn, 501 F.2d 1367, 1369 (3rd Cir., 1974)

Moreover, in an attempt to fall within the confines of federal common law, defendants blur the request they are seeking in their counterclaim. Their counterclaim seeks a declaration by the Court that plaintiffs' claims were frivolous. Accordingly, the relief sought by defendants in their counterclaim does not in any way conform with the statutory provision of ERISA. As a result, defendants' counterclaim should be dismissed.

C. *__Defendants' Counterclaim Is Not A Compulsory Counterclaim.__*

Defendants' counterclaim seeks a declaratory judgment by the Court that plaintiffs' claims are frivolous. The rules of law necessary to determine frivolity are separate and distinct from those necessary to determine plaintiffs' claims for ERISA benefits. In fact, defendants' obligation to reimburse plaintiffs their attorney's fees is independent of any obligation defendants have pursuant to

6

ERISA. Indeed, defendants never characterized their counterclaim as compulsory, nor did they rely on 28 U.S.C. §1367 as a jurisdictional basis for this claim.

Furthermore, not one of the cases cited by defendants in connection with 28 U.S.C. §1367 involves an ERISA case.[2] Moreover, defendants' counterclaim does not satisfy the test for a compulsory counterclaim. While the facts of plaintiffs' claims and defendants' counterclaim may overlap, the analysis to be undertaken by the Court is completely distinct. In order to determine whether plaintiffs' claims are frivolous, the Court must undertake the equivalent of a Federal Rule of Civil Procedure 11 analysis. The standard set forth in Federal Rule of Civil Procedure 11 for determining whether an action is frivolous is the standard that is generally applied for frivolousness in ERISA cases as well. See Shofer v. Stuart Hack Co., 753 F.Supp. 587, aff'd, 970 F.2d 1316 (4th Cir. 1992); see also Tolson v. Avondale Industries, Inc., 141 F.3d 604 (5th Cir. 1998). Under this analysis, defendants must show that plaintiffs' action in instituting the action was "so completely without merit .... that [the action] must have been undertaken for some improper purpose ...." Salovaara v. Eckert, 222 F.3d 19, 35 (2d Cir. 2000). Indeed, in a case involving ERISA issues, the Rule 11 standard for which a cause of action may be deemed frivolous was distinctly higher. "Something is frivolous only when (a) we've decided the very point, and recently, against the person reasserting it, or (b) 99 of 100 practicing lawyers would be 99 percent sure that the position is untenable, and the other 1 percent would be 60 percent sure its untenable. Either one is a pretty stiff test." Smith v. Blue Cross & Blue Shield United of Wisconsin, 724 F.Supp. 618, 623, aff'd, 959 F.2d 655 (7th Cir. 1992).

Accordingly, even utilizing the test set forth by defendants, their counterclaim is not compulsory. Indeed, because defendants face such a high standard in proving frivolity, only a small

---

[2] D'Jamoos v. Griffith, 368 F.Supp.2d 200 (E.D.N.Y. 2005), involved a legal malpractice claim with a counterclaim for attorney's fees; Baker v. Gold Seal Liquors, 417 U.S. 467 (1974), arose under bankruptcy laws; and Critical-Vac Filtration Corp. v. Minutemen Int'l Inc., 233 F.3d 697 (2d Cir. 2000), dealt with antitrust and patent infringement. Jones v. Ford Motor Credit Company, 358 F.3d 205 (2d Cir., 2004), a race discrimination case brought pursuant to the Equal Credit Opportunity Act, is also not on point. In that case, the Second Circuit held that the counterclaim was not compulsory, but permissive, and was simply determining whether the district court should have retained jurisdiction.

percentage of the facts must be reviewed to make this determination. In addition, there is no "mutuality of proof" between plaintiffs' claims, which have been dismissed, and defendants' remaining counterclaim. The elements of law necessary to prove whether benefits were wrongfully withheld and whether plaintiffs' claims are frivolous are completely distinct. Defendants' assertion that in order to "evaluate Defendant's counterclaim, the Court will have to analyze the Plaintiffs' claims that the de novo standard should have applied to the Committee's decision to deny their benefits..." is simply erroneous. (See Defendants' Opposition at p.4.) The frivolity analysis does not sufficiently overlap with plaintiffs' original claims in terms of facts, proof or legal analysis to support a finding of jurisdiction. Accordingly, defendants do not have proper jurisdiction pursuant to 28 U.S.C. §1367.

Finally, the fact that plaintiffs' claims have been dismissed should not be overlooked. 28 U.S.C. §1367(c)(3) gives the Court the authority to decline to exercise jurisdiction when all other claims with original jurisdiction have been dismissed. Accordingly, even if the Court determines that defendants' counterclaim is compulsory, it is not bound to exercise jurisdiction in light of the fact that plaintiffs' claims have been dismissed.

## II. SUMMARY JUDGMENT IS APPROPRIATE, AS DEFENDANTS HAVE NOT ARGUED THERE ARE ANY REMAINING QUESTIONS OF FACT.[3]

### A. There Are No Questions Of Fact Remaining In Connection With Defendants' Counterclaim.

Defendants are seeking a declaratory judgment from the Court that plaintiffs' claims are "frivolous" so that they can avoid the obligation to reimburse plaintiffs for "all reasonable attorney's

---

[3] Plaintiffs originally moved for summary judgment on this counterclaim in August 2004, renewing that Motion in December 2006 and incorporating by reference all documents filed in connection therewith. Defendants filed an Opposition to plaintiffs' renewed Motion on January 10, 2007, expressly incorporating *only* their Local Rule 56 statements of fact (see fn 1 of defendants' opposition). Accordingly, defendants' prior submissions filed in opposition to plaintiffs' August 2004 motion should not be considered when deciding the current Motion for Summary Judgment. However, to the extent the Court determines that it is appropriate to consider defendants' prior arguments, this section has been included as a reply, together with plaintiffs' previous Reply brief incorporated herewith.

8

fees, costs and other expenses incurred by you in enforcing your rights under this plan, unless a court of competent jurisdiction determines that your cause of action is frivolous." (A.Ex. A, p.18.)[4]

Defendants have not argued that there are any questions of fact in connection with their counterclaim in need of determination by judge or jury. Accordingly, their counterclaim is ripe for a decision on summary judgment and, as will be set forth below, plaintiffs' Motion should be granted and defendants' counterclaim dismissed.

### B. *Plaintiffs' Claims Cannot Be Deemed Frivolous In Light Of Defendants' Admissions, And Defendants' Counterclaim Should Therefore Be Dismissed.*

Plaintiffs brought this action seeking payment of enhanced change-in-control benefits they believed they were owed pursuant to The Separation Pay Plan of Texaco. It is not contested that as FAMM employees plaintiffs were nonetheless beneficiaries of The Separation Pay Plan of Texaco. What is contested is whether plaintiffs were entitled to the enhanced benefits afforded to *Texaco* employees holding a Texaco position grade of 20 or above. Plaintiffs submit that while both Texaco and FAMM utilized a numerical position grading scheme, they did not utilize the *same* position grading scheme. As set forth in the many documents submitted in connection with plaintiffs' original Motion and this Renewed Motion, defendants' own admissions reveal that the grading systems were not equal and that a "full and fair review" as required by law was never conducted by defendants in order to determine whether plaintiffs were in fact entitled to enhanced severance benefits.

It is undisputed that Texaco and FAMM were two separate and independent companies. Indeed, defendants readily admit that "FAMM was being run as an entrepreneurial entity striving to remain independent and to create its own compensation and benefit schemes that would be separate and apart from those of Texaco. (Bandy Depo. p14 114-25 (A.Ex. G).)" (Defendants' Local Rule 56(a)2 Statement ¶16.) Accordingly, a preliminary and elementary issue in determining whether plaintiffs were

---

[4] "A.Ex. __" refers to exhibits attached the Appendix filed together with Plaintiffs' June 29, 2004 Memorandum in Support Of Plaintiffs' Motion For Summary Judgment.

entitled to the enhanced benefits *should* have been to determine whether the position grading systems employed by Texaco and FAMM were analogous. Defendants readily admit no such comparison was made. Indeed, defendants admit *"No committee, or member thereof, analyzed the duties, responsibilities or compensation of employees holding a FAMM position-grade 19 as compared to employees holding a Texaco position-grade 19 or 20 when making the determination to deny plaintiffs the enhanced benefits they sought under the Plan.* (See Request to Admit No. 20 and Answer thereto (A.Ex. B)." (Defendants' Local Rule 56(a)2 Statement ¶133.)

Incredibly, defendants even admit that no one from either of the committees could *"quite remember what, if anything, the Committees did to review plaintiffs' claims."* (Defendants' Local Rule 56(a)2 Statement ¶127.) For instance, defendants admit that Patrick Lynch, a member of the Change of Control Committee *"has virtually no memory whatsoever of reviewing any documents in connection with plaintiffs' claims, or what if any discussions he had with the Committee or anyone else regarding plaintiffs' claims."* (Defendants' Local Rule 56(a)2 Statement ¶112.)

By law, plaintiffs were entitled to a "full and fair review" of their claim to benefits pursuant to 29 U.S.C. §1132(b). Defendants' admissions readily reveal that there no such "full and fair review" was ever conducted. Accordingly, on this basis alone, plaintiffs' claims cannot be deemed frivolous, regardless of their ultimate success. Plaintiffs' Motion should therefore be granted, and defendants' counterclaim dismissed.

## *CONCLUSION*

In view of the foregoing and all of plaintiffs' prior submissions, it is respectfully submitted that (1) defendants' counterclaim should be dismissed for lack of subject matter jurisdiction; and (2) should the Court find defendants have jurisdiction, plaintiffs' Motion for Summary Judgment should be granted and defendants' counterclaim dismissed.

Case 3:02-cv-02201-AWT   Document 91   Filed 01/23/2007   Page 11 of 12

By _____
Scott R. Lucas (ct00517)
Mary Alice S. Canaday (ct17608)
*Attorneys for Plaintiffs*
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com
mcanaday@mlc-law.com

11

## *CERTIFICATE OF SERVICE*

This is to certify that on this 23rd day of January, 2007, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties, as listed below, by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system

Conrad S. Kee, Esq.
Alison Jacobs Wice, Esq.
Jackson Lewis LLP
177 Broad Street, P.O. Box 251
Stamford, CT 06904
Phone: (203) 961-0404
Fax: (203) 324-4704
KeeC@JacksonLewis.com
wicea@jacksonlewis.com

Jennifer B. Courtian, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, NY 10038-4502
Phone: (212) 545-4000
Fax: (212) 972-3213
courtiaj@jacksonlewis.com

Scott R. Lucas (ct00517)
Martin Lucas & Chioffi, LLP
177 Broad Street
Stamford, CT 06902
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com

12