```
                    UNITED STATED DISTRICT COURT
                       DISTRICT OF CONNECTICUT

-------------------------------x
                               :
LARRY A. KATZ, and             :
KENNETH M. RAFTERY,            :
                               :
       Plaintiffs,             :      CIVIL ACTION NO.
                               :      3:02CV02201 (AWT)
v.                             :
                               :
THE SEPARATION PAY PLAN        :
OF TEXACO, INC., and           :
TEXACO, INC.                   :
                               :
-------------------------------x
```

## ORDER RE PENDING MOTIONS

For the reasons set forth below, the plaintiffs' Renewed Motion for Summary Judgment Also Addressing Subject Matter Jurisdiction (Doc. No. 82) is hereby GRANTED.

As a threshold matter, the court concludes that there is jurisdiction over the defendants' counterclaim pursuant to 28 U.S.C. § 1367(a) because the counterclaim is a compulsory counterclaim for the reasons set forth by the defendants in their opposition. See Defendants' Opposition to Plaintiffs' Renewed Motion for Summary Judgment (Doc. No. 90).

The court next addresses the substance of the counterclaim seeking a declaratory judgment that the plaintiffs' claims are frivolous. The relevant provision of the Plan, entitled "Expenses & Fees Reimbursement," provides as follows: "Reimbursement of all reasonable attorney's fees, costs and other expenses incurred by you in enforcing your rights under the Plan, unless a court of

competent jurisdiction determines that your cause of action is frivolous." The Plan does not define the term frivolous, so the court "considers the ordinary, common-sense meaning of the word[]." United States v. Dauray, 215 F.3d 257, 260 (2d Cir. 2000) (referring to Webster's Third New International Dictionary for the definition of a word). The term frivolous is defined by Merriam-Webster's Third New International Dictionary Unabridged as "having no basis in law or fact." There are innumerable cases where a plaintiff loses at the summary judgment stage, but his case is not "frivolous." By the same token, the mere fact that a plaintiff's claim is not frivolous does not mean that it will survive the summary judgment stage. Here, after a review of the plaintiffs' Local Rule 56(a)(1) Statement (Doc. No. 50) and the evidentiary basis for the plaintiffs' claims, it is apparent to the court that the plaintiffs' claims were not frivolous. Accordingly, summary judgment shall enter in favor of the plaintiffs with respect to the defendants' counterclaim seeking a declaratory judgment that plaintiffs' claims are frivolous.

In light of the foregoing, the Plaintiff's Motion Pursuant to F.R.C.P. 54(b) (Doc. No. 81) is hereby DENIED, as moot.

It is so ordered.

Dated this 22nd day of May, 2007 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge