UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LARRY A. KATZ And KENNETH M. RAFTERY, | : : : | CIVIL ACTION NO. 302 CV 02201 (AWT) |
| Plaintiffs, | : : | |
| V. | : : | |
| THE SEPARATION PAY PLAN OF TEXACO, INC. And TEXACO, INC., | : : : : | JUNE 25, 2007 |
| Defendants. | : | |

## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

Pursuant to Federal Rule of Civil Procedure 54(d), Larry A. Katz and Kenneth M. Raftery hereby move the Court for an order awarding reasonable attorneys' fees, and other costs incurred by plaintiffs in enforcing their rights pursuant to The Separation Pay Plan of Texaco.

In an effort to avoid paying plaintiffs' legal fees and costs under the terms of the subject ERISA Plan, defendants asserted a single counterclaim seeking a declaratory judgment by the Court that plaintiffs' claims were frivolous. On June 12, 2007, Judgment was entered granting plaintiffs' Motion for Summary Judgment on defendants' counterclaim, with the Court specifically holding that plaintiffs' action was not frivolous. Accordingly, defendants are obligated to pay plaintiffs reasonable fees and all costs incurred in this action. It is undisputed that under the benefit plan at issue in this case, "unless a court of competent jurisdiction

1

determines that [plaintiffs'] cause of action is frivolous," plaintiffs are entitled to payment of all "reasonable attorney's fees, costs and other expenses incurred by [plaintiffs] in enforcing [their] rights under this plan." (See The Separation Pay Plan of Texaco, page 18, Section (4) "Expenses and Fee Reimbursement," attached hereto as Exhibit A.) Pursuant to this uncontested provision of the subject ERISA Plan, plaintiffs are entitled to their fees and costs. It is black letter law that contractual provisions entitling a party to attorneys' fees are enforceable in federal court. See, e.g., Alland v. Consumers Credit Corp., 476 F.2d 951 (2dCir. 1973). Indeed, defendants concede that unless plaintiffs' claims were deemed frivolous, they are entitled to their reasonable attorneys' fees and costs. In fact, defendants entitled Section B1 on page 6 of Defendants' Response To The Plaintiffs' Motion For Summary Judgment dated August 6, 2004: *"The Separation Pay Plan Reimbursement Terms Are Undisputed"*. (Emphasis added.)

Accordingly, attached hereto as Exhibit B is an Affidavit of Counsel Re: Fees. Exhibit B(1) is the original retainer agreement between counsel and plaintiffs dated June 18, 2002 charging the then-current hourly rates. After paying $32,882.51 in fees and $1,835.69 in disbursements, due to defendants' failure and refusal to pay fees incurred and disbursements and defendants' transparent attempt to use depletion of plaintiffs' assets as a litigation strategy, the undersigned agreed to represent plaintiffs on an accrual basis under which the undersigned agreed plaintiffs' fees would be due and payable at the time of the award of this Court for fees incurred. The rates utilized in this revised retainer (Ex. B(2)) were $325 per hour for time of Scott R. Lucas, Esq., and associate time at rates of $155 to $185 per hour. Exhibits B(3) and B(5) to the Affidavit are "settlement statements" detailing all time and disbursements incurred in this

2

firm's representation of plaintiffs from the onset of this matter through June 22, 2007 under the two retainer agreements. Total fees and disbursements incurred were $176,243.91 (i.e., $166,449.17 in fees and $9,794.74 in disbursements). Adding to this sum prejudgment interest in the amount of $45,316.72 under Connecticut General Statutes §37-3a yields a total of $221,560.63.[1]

These sums are less than the "lodestar" amount which arguably is a more appropriate measure of "reasonable fees" given the 5-year lapse of time since payment of fees was first requested. The Court has broad discretion in determining what constitutes a reasonable fee based on the circumstances of the case. Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997). See also Andrews v. Gorby, 237 Conn. 12, 24 (1996) ("Courts have a general knowledge of what would be reasonable attorneys fees for services which are fairly stated and described. Courts may rely on their general knowledge of what has occurred at the proceedings before them to supply evidence in support of an award for attorneys' fees.... The court is in a position to evaluate the complexity of the issues presented and the skill with which counsel has dealt with those issues.").

As set forth in Exhibit B, the amounts requested are reasonable. There was extensive time and labor put into this matter, as is evidenced by the time entries. The time entries also indicate that none of the work performed by the various attorneys and paralegals was duplicative or unnecessary. Further, while this is a contract action, the nature of the dispute centers around

---

[1] Interest under the retainer is 1% per month. This sum does not use this rate but instead uses the 10% statutory prejudgment rate for funds due under Connecticut General Statutes §37-3a.

3

alleged ERISA violations, which involves analysis of complex subject matter in order to adequately prosecute the case.

The current hourly rates for the individuals who worked on this matter are as follows:

| | |
|---|---|
| Scott R. Lucas, Partner | $400 |
| Mary Alice Canaday, Associate | $295 |
| Claire E. Ryan, Associate | $275 |
| John Reh, Associate | $210 |
| Michael Bayonne | $200 |
| Bonnie K. Ford, Paralegal | $150 |

These current are reasonable hourly rates in Stamford, Connecticut. The undersigned has been litigating for over 21 years and is AV-rated with a practice focused on employment and complex commercial matters. See Exhibit 7 for list of reported cases of the undersigned. Biographies and credentials for the above-identified attorneys are attached hereto as Exhibit 6.

The Court should look to fees charged by similar lawyers with similar skills, experience and reputation in the district in which the court sits to determine a reasonable hourly rate. Luciano v. Olsten Corporation, 109 F.3d 111, 115 (2d Cir. 1997); see Benedetto v. Wanat, 2002 WL 31311837, at 1 (Conn. Super. Sept. 9, 2002) (attached as Exhibit C). Additionally:

> There are several factors that affect actual billing rates by attorneys in this District. First, large firm lawyers generally bill at higher rates than do small firm lawyers or solo practitioners. For example, one very experienced partner of a large firm in Hartford submitted an affidavit to me this year in support of a motion for sanctions in which he stated that his standard hourly billing rate is $500 per hour. Second, lawyers at firms with offices in major metropolitan areas outside this state generally charge higher rates than do lawyers from firms that practice almost exclusively within Connecticut. Third, hourly rates charged by lawyers in lower Fairfield County are higher than the hourly rates charged by lawyers based in counties farther from New York, and hourly rates charged by lawyers in the larger cities in Connecticut are higher than the hourly rates charged by lawyers based in smaller towns. Each of these factors reflect, in large part, the

dramatically different overhead expenses shouldered by lawyers in different practice settings and in different parts of the state.

Connecticut State Dept. of Social Services v. Thompson, 289 F.Supp.2d 198, 206 (D.Conn. 2003) (finding $375 per hour reasonable rate for New Haven attorney); see also Sony Electronics Inc. v. Soundview Technologies, Inc., 389 F.Supp.2d 443, 448 (D.Conn. 2005) (finding rate of $400 per hour reasonable for an experienced trial attorney); Doe v. East Haven Bd. Of Educ., 430 F.Supp.2d 54, 66-67 (D.Conn. 2006) (awarding rate of $350 per hour for experienced New Haven County civil rights litigator); Connecticut State Dept. of Social Services v. Thompson, supra, 289 F.Supp.2d at 205 (awarding fee of $375 per hour for experienced trial attorney); Omnipoint Communications, Inc. v. Planning & Zoning Com'n, 91 F.Supp.2d 497, 499 (D.Conn. 2000) (awarding $300 per hour as reasonable 1999 rate for name partner in small Stamford, Connecticut firm); Shorter v. Hartford Financial Services Group, Inc., 2005 WL 2234507, *12 (D.Conn. 2005) (finding that $300 per hour is a reasonable rate for attorney with only 13 years of legal experience) (attached hereto as D); Nembhard v. Memorial Sloan-Kettering Cancer Center, 918 F.Supp. 784, 791, n.4 (S.D.N.Y. 1996) (noting case where reputable employment litigator entitled to fees up to $400 multiplied by a multiple of 1.85).

The lodestar associate rates ranging from $200 to $295 per hour are likewise reasonable. Orchano v. Advanced Recovery, Inc., 107 F.3d 94, 97 (2d Cir. 1997) (finding, in 1997, $200 per hour a reasonable rate for 8th year associate and $175 per hour reasonable for a 4th year associate); Blackledge v. Carlone, 126 F.Supp.2d 224, 233 (D.Conn. 2001) (finding $200 per hour appropriate for attorney with 8 years of experience, $175 reasonable for associates with 3

and 4 years of experience); Y.O. By and Through M., supra, 1 F.Supp.2d 133, 140 (D.Conn. 1998) (finding associate rate of $150 per hour in 1998 to be appropriate); see also Barfield v. New York City Health and Hospitals Corp., 2006 WL 2356152, *1 (S.D.N.Y. 2006) (citing National Law Journal article's proposition that large firms in New York bill fifth-year associates at between $300 and $400 per hour) (attached as Exhibit E).

Furthermore, no expert testimony is needed, as the Court's knowledge of the practice and norms in Connecticut are a sufficient basis for determining a "reasonable" award. See Association for Retarded Citizens of Connecticut, Inc. v. Thorne, 68 F.3d 547, 554 (2d Cir., 1995).

Using the lodestar analysis, the total due would be $251,394.74 (i.e., $241,600 in fees plus $9794.74 in disbursements), plus prejudgment interest pursuant to Connecticut General Statutes §37-3.[2] This is higher than the retainer amounts due, further substantiating the reasonableness of said sum. For all of the foregoing reasons, Plaintiffs respectfully request that defendants be ordered to pay to plaintiffs their reasonable attorneys fees, costs and all other expenses incurred in connection with this matter in the amount of $176,243.91, plus prejudgment interest at the statutory rate of 10%, for a total of $221,560.63.

---

[2] On March 6, 2007, amounts were invoiced and requested of defendants (see invoice dated March 6, 2007 sent to defendants' counsel with cover letter attached hereto as Exhibit F). As throughout this litigation, defendant has failed and refused to pay any amounts in fees or disbursements to plaintiffs.

6

By _____
Scott R. Lucas (ct00517)
Mary Alice S. Canaday (ct17608)
*Attorney for Plaintiffs*
MARTIN, LUCAS & CHIOFFI, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com

## *CERTIFICATE OF SERVICE*

  This is to certify that on this 25th day of June, 2007, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties, as listed below, by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

Conrad S. Kee, Esq.
Alison Jacobs Wice, Esq.
Jackson Lewis LLP
177 Broad Street, P.O. Box 251
Stamford, CT 06904
Phone: (203) 961-0404
Fax: (203) 324-4704
KeeC@JacksonLewis.com
wicea@jacksonlewis.com

Jennifer B. Courtian, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, NY 10038-4502
Phone: (212) 545-4000
Fax: (212) 972-3213
courtiaj@jacksonlewis.com

          Scott R. Lucas (ct00517)
          Martin Lucas & Chioffi, LLP
          177 Broad Street
          Stamford, CT 06902
          Phone: (203) 973-5200
          Fax: (203) 973-5250
          slucas@mlc-law.com