# EXHIBIT C



Not Reported in A.2d
Not Reported in A.2d, 2002 WL 31311837 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

Page 1

Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Connecticut.
Jennifer BENEDETTO,
v.
William WANAT.
**No. CV990364526S.**

Sept. 9, 2002.

GORMLEY, J.
*1 The plaintiff in this case has prevailed on her claim of breach of contract set forth in the First Count of her Complaint and the court awarded her $75,000 in damages plus statutory interest in a decision on August 1, 2002. In her complaint, the plaintiff also sought counsel fees pursuant to her agreement with the defendant. At the conclusion of the trial, the plaintiff did not offer any evidence as to counsel fees. On August 12, 2002, the plaintiff moved for an award of counsel fees pursuant to Practice Book § 11-21 and paragraph 26 of the Indenture Agreement (plaintiff's exhibit 1) entitled "Default" which reads as follows:
In the event either party shall be in default of any of its covenants or obligations under the within Lease, the defaulting party shall be liable to the other for all reasonable attorneys fees incurred by the other in enforcing its rights under the within Lease.

The court conducted a hearing on this matter and thereafter allowed the parties to file supplemental briefs on the subject. The defendant has objected to the motion on multiple grounds, all set forth in its Memorandum of August 23, 2002.

The court does not agree with the defendant that this motion is untimely or has denied the defendant of the opportunity to contest the issue of reasonableness of those fees. See, e.g., *Arnone v. Town of Enfield,* No. CV960558333 (J.D. Hartford July 23, 2001). That is precisely what the hearing on this matter was intended to do. The plaintiff's attorney at the hearing described his legal experience, his years at the bar, his time spent in pursuing this case totaling 147.60 hours and his hourly rate of $150 per hour. The court afforded defense counsel an opportunity to question plaintiff's counsel on these matters and he declined.

As has been stated in *Andrews v. Gorby,* 237 Conn. 12, 24 (1996):
Courts have a general knowledge of what would be reasonable attorneys fees for services which are fairly stated and described. Courts may rely on their general knowledge of what has occurred at the proceedings before them to supply evidence in support of an award for attorneys fees ... The court is in a position to evaluate the complexity of the issues presented and the skill with which counsel has dealt with those issues.

Expert testimony is not required in such matters and if offered is not binding on the court. *Appliance, Inc. v. Yost,* 186 Conn. 673, 680 (1982). Based on the hearing and the court's view of the complexity of the underlying case, the court concludes that the plaintiff's attorney's request for a legal fee in the amount of $22,140 (147.60 hours at $150 per hour) is reasonable.

That, however, does not end the court's consideration of this issue. No one would dispute the fact that Connecticut has adopted the American rule that counsel fees are not awarded to a successful litigant in the absence of a statute or specific contract language. It is the latter exception, specific contract language, that the plaintiff is claiming, specifically paragraph 26 of the Indenture Agreement (plaintiff's exhibit 1). That clause refers to "a default of any of its covenants or obligations under the written lease." Here we are not talking about a failure to pay rent or a failure to construct the building, which would clearly fall under this description. Also, there is no provision in the lease for a return of the $100,000 deposit. It is described throughout as "nonrefundable."

*2 What this case is all about are promises, understandings and commitments made outside the lease and long after its execution. Obviously, the plaintiff never became the tenant of the defendant. What did happen is because of delays in construction the plaintiff through her father Stanley Benedetto, a defendant in the cross claim, sought relief from the defendant in getting out of the lease. He made efforts to find a new tenant and he asked the defendant and his agent Mr. Girouard to look for a new tenant. The court has already found that this was conditioned on a new tenant taking over all of the plaintiff's

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

<023>

Not Reported in A.2d                                                                                                                       Page 2
Not Reported in A.2d, 2002 WL 31311837 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

obligations under the lease and the return of the full deposit. Otherwise, the plaintiff would in fact become the defendant's tenant and live by the lease. The court will not repeat what is contained in its earlier memorandum in support of its finding for the plaintiff.

What the court does conclude is that its decision for the plaintiff was not made as to any specific covenant or obligation found in plaintiff's exhibit 1, but on facts and representations made long after the lease was executed. For that reason, the court does not believe that paragraph 26 of plaintiff's exhibit 1 affords the plaintiff a valid claim for counsel fees. Contract language such as this, which flies in the face of the American rule, should be strictly construed.

The court, therefore, denies the plaintiff's request for attorneys fees.

Conn.Super.,2002.
Benedetto v. Wanat
Not Reported in A.2d, 2002 WL 31311837 (Conn.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.