**EXHIBIT E**

Case 3:02-cv-02201-AWT    Document 95-6    Filed 06/25/2007    Page 2 of 4

**Westlaw.**

Slip Copy                                                                                                                   Page 1
Slip Copy, 2006 WL 2356152 (S.D.N.Y.)
**(Cite as: Slip Copy)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Anetha BARFIELD, Plaintiff,
v.
NEW YORK CITY HEALTH AND HOSPITALS CORPORATION and Bellevue Hospital Center, Defendants.
**No. 05 Civ. 6319(JSR).**

Aug. 11, 2006.

*MEMORANDUM ORDER*
RAKOFF, J.
\*1 By Opinion dated May 30, 2006, the Court granted plaintiff summary judgment on her claim for overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1), and directed plaintiff to submit a detailed statement of the amount of her damages. As part of that submission, plaintiff also moved for an award of attorney's fees and costs. Although defendants agree with plaintiff's calculation of compensatory and liquidated damages, totaling $1,774.50, they oppose her request for $340,375 in fees and $6,565.79 in costs.

As to attorney's fees, defendants contend, *first,* that the billing rate of plaintiff's attorney, *i.e.,* $350/hour, exceeds the market rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Gierlinger v. Gleason,* 160 F.3d 858, 882 (2d Cir.1998) (internal quotation marks omitted). They argue instead that the proper rate should be, at most, $200/hour because plaintiff's counsel, having been admitted to the bar just five years ago, is comparable to a mid-level associate in a large law firm. However, this analysis ignores the considerable experience plaintiff's counsel has acquired as a solo practitioner, working primarily in the areas of wage and hour litigation over the past five years. Further, even assuming, *arguendo,* that defendants' comparison were here appropriate, a number of large New York firms bill the time of their fifth-year associates at between $300-$400/hour. *See* Billing Rates for Junior and Senior Associates, *The National Law Journal* (Dec.2004), at http://www.law.com/jsp/article.jsp?id=1102340171889. Accordingly, the Court finds the rate requested by plaintiff's counsel to be fully reasonable for counsel of his skill and experience.

*Second,* defendants argue that plaintiff's request contains time entries that are imprecise and undetailed. After a careful review of the entries, the Court agrees that the vague nature of many of the entries makes it impossible to determine whether the number of recorded hours expended in pursuit of this litigation was reasonable. Several entries report simply that plaintiff's counsel "reviewed materials" or "reviewed extensive documents," without any indication of what materials or documents were reviewed or of what that review consisted. Other entries list multiple tasks without the slightest indication of how much time was devoted to any given task. Yet again, still other entries simply recite the total number of hours spent on preparing a given submission, with little to no detail as to what portion of that preparation consisted of research, of drafting, of revising, etc.

Without further multiplying examples, the point is that there is no way to reasonably evaluate plaintiff's time entries. What does seem obvious, however, is that the total of nearly 400 hours that plaintiff's counsel says he spent on this case seems entirely disproportionate to the time the case reasonably should have involved, at least as evidenced by proceedings visible or made known to the Court. Thus, a flat percentage reduction in plaintiff's claimed hours is warranted. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1146 (2d Cir.1983). Specifically, the Court determines that a 25 percent reduction in plaintiff's requested fees is required to arrive at an assessment of the number of hours that reasonably might be expended on this case. *See, e.g., Local 32B-32J, SEIU v. Port Auth.,* 180 F.R.D. 251, 253 (S.D.N.Y.1998).

\*2 *Third,* defendants argue that certain of plaintiff's claimed expenses are either administrative in nature or are for work that could easily have been done by a paralegal, and, thus, should be billed at the paralegal rate or not billed at all. Somewhat missing the point, plaintiff responds that the Court of Appeals has explicitly rejected a "blended hourly" approach, *see McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund,* 450 F.3d 91, 98 (2d Cir.2006) (*per curiam* ); but "[s]etting different hourly rates for

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 2356152 (S.D.N.Y.)
**(Cite as: Slip Copy)**

Page 2

different litigation tasks is not the same as using a blended hourly rate," *id. at 99.* On the merits, however, assessing this contention is made more difficult by the inadequacies of the time entries. Nonetheless, the Court determines that at least 5.75 hours were dedicated to tasks that should have been performed by a paralegal,[FN1] and those hours will consequently be billed at a rate of $75/hour. Further, 4 hours were spent on administrative tasks that are not properly compensable at all.[FN2] *See, e.g., Broome v. Biondi,* 17 F.Supp.2d 230, 236 (S.D.N.Y.1997).

> FN1. Specifically, September 12, 2005 (.5 hours); October 11, 2005 (.25 hours); November 22, 2005 (.25 hours); November 29, 2005 (.25 hours); January 31, 2006 (.75 hours); February 8, 2006 (1 hour); February 9, 2006 (.25 hours); February 21, 2006 (.25 hours); February 22, 2006 (.75 hours); February 23, 2006 (.25 hours); February 26, 2006 (.5 hours); and March 6, 2006 (.75 hours).

> FN2. Specifically, June 18, 2005 (.75 hours); July 13, 2005 (.5 hours); October 11, 2005 (.25 hours); March 20, 2006 (.25 hours); April 21, 2006 (.25 hours); April 29, 2006 (1.5 hours); and May 1, 2006 (.5 hours).

*Fourth,* defendants argue that plaintiff's counsel failed to reduce his travel time to depositions to half his hourly rate, as is customary in the Second Circuit. *See, e.g., Ward v. New York City Transit Auth.,* No. 97 Civ. 8550(HB), 1999 U.S. Dist. LEXIS 9621 (S.D.N.Y. June 28, 1999). Accordingly, 2.3 of the claimed hours will be billed at $175/hour.

*Fifth,* defendants argue that plaintiff should not be able to collect for hours dedicated to her unsuccessful motion to have this case certified as an FLSA collective action (akin to a class action). However, "fees may be awarded for unsuccessful claims as well as successful ones ... where they are inextricably intertwined and involve a common core of facts or are based on related legal theories." *Quaratino v. Tiffany & Co.,* 166 F.3d 422, 425 (2d Cir.1999) (internal quotation marks omitted). Here, plaintiff's unsuccessful motion for a collective action and her successful motion for summary judgment both involved a "common core of facts" and a "related legal theory."

That determination does not, however, end the Court's inquiry, because courts have the authority to adjust the lodestar to reflect a number of factors, including the results obtained. *See Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). Here, plaintiff's primary aim in this litigation, as reflected in her complaint and in the first four months of litigation before this Court, was to certify a collective action. Yet despite the fact that the FLSA requires only a "modest factual showing" to support certification as a collective action, *see Hoffmann v. Sbarro, Inc.,* 982 F.Supp. 249, 261 (S.D.N.Y.1997), plaintiff was unable to meet even that minimal requirement, presenting nothing more than "limited anecdotal hearsay" that the problem of which plaintiff complained was a widespread practice, *see Barfield v. New York City Health & Hosps. Corp.,* No. 05 Civ. 6319(JSR), 2005 U.S. Dist. LEXIS 28884, *3 (S.D.N.Y. Nov. 18, 2005). That plaintiff now claims that an upward adjustment is warranted because "[t]housands of workers receiving thousands of dollars" will benefit from this decision is rather remarkable given plaintiff's inability at the time the motion was pending to present any material evidence that any one else was in the named plaintiff's position. Indeed, because of plaintiff's inability to make this showing, those alleged "thousands" will now have to initiate their own lawsuits to collect the benefits to which plaintiff continues to claim they are entitled.

*3 While the Court fully appreciates the importance of encouraging civil rights litigants to pursue their claims and does not believe that the very limited monetary value of plaintiff's claim (under $2,000) undermines the significance of plaintiff's success on her individual claim, the Court also believes that her limited success in the litigation as a whole justifies a further reduction in the fee award. To award the full amount would be tantamount to awarding a fee as if plaintiff had prevailed on her collective action motion, a result which would hardly encourage counsel to vigorously litigate such motions and could encourage counsel to bring them even when there is little basis for doing so. Accordingly, the Court determines that a fifty percent reduction in the lodestar amount is appropriate.

Based on the foregoing, the Court reaches the following calculations:

389 hours (claimed by plaintiff) less 2.3 hours (travel time) less 5.75 hours (paralegal tasks) less 4 hours (administrative tasks) results in a total of 376.95 hours. To arrive at the lodestar, the Court then reduces that figure by 25%, for a total of 282.7 hours.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
Slip Copy, 2006 WL 2356152 (S.D.N.Y.)  
**(Cite as: Slip Copy)**

Page 3

Thus, the lodestar amount is $99,778.75 (*i.e.*, (282 .7 hours x $350/hour) + (2.3 travel hours x $175/hour) + (5.75 paralegal hours x $75/hour)). Once that figure is reduced by 50%, plaintiff is entitled to $49,889 in attorney's fees.

As to costs, defendants oppose taxing those costs associated with the deposition of Frank Cirillo on the ground that this deposition was unnecessary to plaintiff's motion. The Court, however, believes that plaintiff could have reasonably believed that the deposition of Cirillo, who was in charge of Labor and Employment for defendant Health and Hospitals Corporation, could be useful to the motion. Defendants also oppose the fees for expediting deposition transcripts and for the costs of court transcripts for the court hearings. Because the Court finds these costs to be reasonable, it awards them to plaintiff and, to the extent Local Rule 54.1 requires permission for reimbursement of the costs of transcripts for court hearings, the Court grants such permission *nunc pro tunc*. Finally, the Court denies defendants' request that the Court exclude those costs related to the hearings on the collective action motion for the reasons stated above.

Accordingly, plaintiff is awarded $887.25 in unpaid wages; $887.5 in liquidated damages; $6,565.79 in costs; and $49,889 in attorney's fees, for a grand total of $58,229.29. Clerk to enter judgment.

SO ORDERED.

S.D.N.Y.,2006.  
Barfield v. New York City Health and Hospitals Corp.  
Slip Copy, 2006 WL 2356152 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1434255 (Trial Motion, Memorandum and Affidavit) Defendants' Reply Memorandum of Law in Further Support of Their Motion for Summary Judgment (Apr. 21, 2006) Original Image of this Document with Appendix (PDF)
• 2006 WL 1434256 (Trial Motion, Memorandum and Affidavit) Plaintiff's Memorandum of Law in Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment (Apr. 21, 2006) Original Image of this Document (PDF)
• 2006 WL 1434253 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment (Apr. 12, 2006) Original Image of this Document (PDF)
• 2006 WL 1434254 (Trial Motion, Memorandum and Affidavit) Plaintiff's Memorandum Of Law in Opposition to Defendants' Motion for Summary Judgment (Apr. 12, 2006) Original Image of this Document (PDF)
• 2006 WL 1127610 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Support of their Motion for Summary Judgment (Mar. 20, 2006) Original Image of this Document (PDF)
• 2006 WL 1127611 (Trial Motion, Memorandum and Affidavit) Plaintiff's Memorandum of Law in Support of her Motion for Summary Judgment (Mar. 20, 2006) Original Image of this Document (PDF)
• 2005 WL 3281695 (Trial Motion, Memorandum and Affidavit) Defendants' Post-Hearing Brief in Further Opposition to Plaintiff's Motion for Authorization to Provide Notice to Potential Opt-in Plaintiffs and to Obtain Names and Addresses from Defendants Together With Related Relief (Oct. 11, 2005)
• 2005 WL 3281698 (Trial Motion, Memorandum and Affidavit) Plaintiff's Post-Hearing Memorandum of Law in Support of Her Motion for Authorization to Provide Notice to Potential Opt-in Plaintiffs and to Obtain Names and Addresses From Defendant Together With Related Relief (Oct. 11, 2005) Original Image of this Document (PDF)
• 2005 WL 2583606 (Trial Pleading) Answer and Defenses (Aug. 31, 2005) Original Image of this Document (PDF)
• 2005 WL 2582444 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Authorization to Provide Notice to Potential OPT-IN Plaintiffs and to Obtain Names and Addresses from Defendants Together with Related Relief (Aug. 26, 2005) Original Image of this Document with Appendix (PDF)
• 2005 WL 2582441 (Trial Motion, Memorandum and Affidavit) Plaintiff's Memorandum of Law in Support of Her Motion for Authorization to Provide Notice to Potential Opt-In Plaintiffs and to Obtain Names and Addresses from Defendant Together with Related Relief (Aug. 12, 2005)
• 2005 WL 2158244 (Trial Pleading) Complaint (Flsa Collective Action) (Jul. 6, 2005) Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.