# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2006 SEP 30 A 12:30

------------------------------------x
LARRY A. KATZ and                   :
KENNETH M. RAFTERY,                 :
                                    :
                Plaintiffs,         :
                                    :
v.                                  : CASE NO. 3:02CV02201(AWT)
                                    :
THE SEPARATION PAY PLAN OF          :
TEXACO, INC. and TEXACO, INC.       :
                                    :
                Defendants.         :
------------------------------------x

### ORDER RE RECOMMENDED RULING

After a de novo review and pursuant to 28 U.S.C. §636(b) and Rule 72.2 of the Local Rules for United States Magistrate Judges (D.Conn.), Magistrate Judge Martinez's Recommended Ruling (Doc. No. 76) on the parties' cross-motions for summary judgment is hereby ACCEPTED, over objection; the Plaintiffs' Motion for Summary Judgment (Doc. No. 48) is hereby DENIED without prejudice and the defendants' Motion for Summary Judgment Pursuant to Rule 56 (Doc. No. 53) is hereby GRANTED.

The plaintiffs suggest that the Magistrate Judge did not carefully consider their papers because, among other things, she did not cite or even address but one sentence of their 450 page submission. However, the court's review led to the conclusion that the Magistrate Judge focused on the relevant factors with respect to summary judgment, i.e., genuine issues and material facts. Moreover, it appears that the plaintiffs are either being disingenuous or have not read their own papers carefully. For

example, the court was struck by the fact that, at page 5 of their objection, the plaintiffs focus on the Magistrate Judge's statement that the FAMM board of directors understood the plaintiffs were requesting promotions in order to become eligible for enhanced severance benefits, and suggest the statement is not supported by the record. However, the plaintiffs' Local Rule 56(a)(2) Statement (Doc. No. 62) contains pertinent admissions by the plaintiffs in paragraphs 61 and 62 and a statement by the plaintiffs in paragraph 60 that they have insufficient knowledge to dispute that paragraph. The statements all relate to the August 22, 2001 FAMM board of directors meeting. In addition, "Exhibit S" to the plaintiffs' motion for summary judgment is the deposition of Scott Jeffrey. Although the plaintiffs cite to page 23 of Jeffrey's deposition, Jeffrey's testimony at page 22 of the deposition is more to the point: "With respect to Messrs. Raftery and Katz, there was an understanding that that promotion would have resulted in additional payments."

It is also very significant, for purposes of assessing whether the plan administrator's decision was arbitrary and capricious, that the Administrative Record reflects that the Claims Committee was aware of the fact that the FAMM board of directors did not approve changing the plaintiffs' position grades from grade 19 to grade 20. See Declaration of Janet Stoner (Doc. No. 58) Exhibit E, at Texaco 0039.

Finally, as to the plaintiffs' motion for summary judgment,

the plaintiffs object to the fact that the Magistrate Judge denied the motion without prejudice so the parties could address the threshold question of standing, which was raised in the first instance by the Magistrate Judge. Because this issue has been raised in the first instance by the Magistrate Judge, it is appropriate to deny the motion without prejudice and permit the parties to research and brief the issue, as opposed to having the court address it sua sponte.

It is so ordered.

Dated at Hartford, Connecticut, this 29th day of September 2006.

Alvin W. Thompson
United States District Judge