# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LARRY A. KATZ and            :
KENNETH M. RAFTERY,          :
                             :
    Plaintiffs,              :
                             :
v.                           :       CASE NO. 3:02CV02201 (AWT)
                             :
THE SEPARATION PAY PLAN OF   :
TEXACO, INC. and TEXACO INC.,:
                             :
    Defendants.              :

### RECOMMENDED RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This is an action for severance benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Pending before the court are the parties' cross-motions for summary judgment (doc. #48, 53).[1]

I.   **FACTUAL BACKGROUND**

The relevant facts are undisputed. The plaintiffs, Larry Katz and Kenneth Raftery, were employed by Fuel and Marine Marketing ("FAMM"), a majority owned subsidiary of Texaco Inc. ("Texaco"). (Defs' Local Rule 56(a)1 Statement, ¶¶ 2-3, 6, 12.) Katz was the Treasurer of FAMM from 1998 to 2002, and Raftery was FAMM's Comptroller from 1998 to 2002. (Id., ¶¶ 6, 12.) At the time FAMM was created, it adopted Texaco's position grade system. (Id., ¶ 21.) Throughout their tenure at FAMM, both plaintiffs

---

[1] On April 4, 2006, District Judge Alvin W. Thompson referred these motions to the undersigned for a ruling. (Doc. #74.)

held position grade 19.  (Id., ¶¶ 6, 12.)

Sometime prior to 1998, Texaco adopted a benefits plan known as The Separation Pay Plan of Texaco Inc. (the "Plan") which provided qualifying participants with a severance pay benefit in the event of a change of control. (Id., ¶ 26-27; Affidavit of Janet L. Stoner ("Stoner Aff."), Ex. A.) This benefit was available to all qualifying participant employees, regardless of their position grade.  (Defs' Local Rule 56(a)1 Statement, ¶ 29; Stoner Aff., Ex. A.)  The Plan applied to employees of Texaco as well as to employees of certain participating subsidiaries and affiliates, including FAMM.  (Stoner Aff., Ex. A.; Defs' Local Rule 56(a)1 Statement, ¶ 27, 28.)

On December 11, 1998, Texaco amended the Plan to provide "that employees in grades 20 or higher . . . shall receive supplemental severance benefits." (Id., ¶ 49; Stoner Aff., Ex. B at 7.)  The amendment provided a formula for the calculation of these enhanced severance benefits.  (Id.)

The Plan Administrator for purposes of Change of Control benefits, including the severance benefits at issue, is the Change of Control Committee (the "Committee"). (Id., ¶ 32.) Its subcommittee, known as the Claims Committee, receives written claims and renders a written decision on those claims.  (Id., ¶ 41, 42.) Decisions of the Claims Committee are appealable to the Change of Control Committee. (Id., ¶ 42.)

2

The Plan provides that "The Plan Administrator . . . has final discretionary authority to interpret the plan's provisions, including questions of fact . . . The decisions of the Plan Administrator with respect to all issues and questions will be final, conclusive, and binding on all persons." (Stoner Aff., Ex. A at 24.) The Plan is self-funded. (Pls' Local Rule 56(a)1 Statement, ¶ 2.)

Sometime in 2001, the plaintiffs sought to be promoted to position grade 20. (Defs' Local Rule 56(a)1 Statement, ¶¶ 56-59.) Such promotions required the approval of the FAMM Board of Directors. (Id., ¶ 58.) During a meeting on August 22, 2001, the FAMM Board of Directors discussed the plaintiffs' promotion requests and declined to take any action regarding the promotions, thereby leaving the plaintiffs in position grade 19. (Id., ¶¶ 60-62; see also Affidavit of Michael Brady ("Brady Aff."), Ex. G.) The minutes from the meeting indicate that the Board of Directors understood that the plaintiffs were requesting promotion in order to become eligible for enhanced severance benefits. (Bandy Aff., Ex. G.)

In October, 2001, Texaco merged with Chevron Corporation. (Defs' Local Rule 56(a)1 Statement, ¶ 1.) After the merger, both plaintiffs were offered positions that would have required them to relocate from White Plains, New York to Houston, Texas, and both plaintiffs resigned from FAMM in lieu of relocating to

3

Houston. (Id. at ¶¶ 8, 14.)

On March 27, 2002, the plaintiffs submitted a claim for enhanced severance benefits to the Claims Committee. (Defs' Local Rule 56(a)1 Statement, ¶¶ 63-64.) The Claims Committee denied the claims in an April 22, 2002 letter, explaining that "[t]he Claims Committee has determined that your status as a position grade 19 makes you ineligible for the enhanced benefits available for position grade 20 individuals." (Stoner Aff., Ex. E at 0033.)

The plaintiffs appealed the denial of benefits to the Change of Control Committee. (Defs' Local Rule 56(a)1 Statement, ¶ 65.) The Change of Control Committee upheld the decision. (Id., ¶ 72; Stoner Aff., Ex. E at 0006, 0095.) In letters dated August 26, 2002, the Committee stated that it "concurs with the earlier decision by the Claims Committee that as a Position Grade 19 employee, you are not eligible for the enhanced benefits made available to Position Grade 20 employees." (Stoner Aff., Doc. #58, Ex. E at 0006, 0095.)

On December 13, 2002, the plaintiffs commenced this action, alleging that they had been denied enhanced severance benefits in violation of ERISA.

II. **SUMMARY JUDGMENT STANDARD**

A party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions, together

4

with affidavits, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the burden of showing the absence of any genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A party opposing a . . . motion for summary judgment bears the burden of going beyond the pleadings, and 'designating specific facts showing that there is a genuine issue for trial.'" Amnesty Am. v. Town of W. Hartford, 288 F.3d 467, 470 (2d Cir. 2002) (quoting Celotex, 477 U.S. at 324). The court must view the evidence in the record in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor. See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

### III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants argue that they are entitled to summary judgment because the Committee's decision to deny the plaintiffs' claim for enhanced severance benefits was not arbitrary and capricious. Plaintiffs contend that the Committee's decision should be reviewed *de novo*. They also argue that, even under the more deferential arbitrary and capricious standard of review, the Committee's decision was arbitrary and capricious because (1) the Committee failed to recognize that the plaintiffs' roles as position grade 19 employees at FAMM were "equivalent" to those of

5

position grade 20 employees at Texaco and (2) the Committee's review was not supported by substantial evidence.

**A.  Standard of Review**

The plaintiffs first argue that the court should review the denial of benefits *de novo* because the Committee was operating under a conflict of interest.[2]

Generally, where an ERISA Plan includes language granting discretion to the plan's administrator, a court will review the administrator's decision under an arbitrary and capricious standard.  See Sullivan v. LTV Aerospace and Defense Co., 82 F.3d 1251, 1255 (2d Cir. 1996).  The plaintiffs do not dispute that the Plan includes such language. (Stoner Aff., Ex. A at 24; Pls' Mem. in Support of S.J. at 26.) But, as plaintiffs point out, a conflict of interest on the part of the administrator can trigger *de novo* review in certain circumstances.  The rule in this Circuit is clear:

> In order to trigger *de novo* review of an administrator's decision when the plan itself grants discretion to the administrator, a plaintiff must show that the administrator was in fact influenced by the conflict of interest.

Pulvers v. First Unum Life Ins. Co., 210 F.3d 89, 92 (2d Cir.

---

[2] In reality, plaintiffs' briefs do not focus on the Committee at all, arguing instead that Texaco more generally had a financial incentive to minimize the severance benefits paid to FAMM employees.  However, the conflict of interest analysis requires a showing that the *plan administrator* was conflicted.  The plaintiffs admit that the Committee is the plan administrator.

6

2000)(internal citations and quotation marks omitted). Under that rule, even if a conflict of interest exists, *de novo* review will only be triggered if there is a showing that the conflict *actually* influenced the plan administrator. The burden of showing that the plan administrator was influenced by a conflict of interest rests with the plaintiffs. Id., citing Sullivan v. LTV Aerospace & Defense Co., 82 F.3d 1251, 1259 (2d Cir. 1996).

While there is no bright-line rule for determining whether a conflict of interest has influenced the plan administrator, it is not enough for a plaintiff to allege that a plan is self-funded and that the members of the plan administration committee were also company employees. In Pagan v. NYNEX Pension Plan, 52 F.3d 438, 442 (2d. Cir. 1995), the court found that *de novo* review was not triggered despite the plaintiff's allegation that the pension plan at issue was funded by company operating revenues and that the pension plan's administrators were also company employees with an incentive to minimize pension payments. See also Jordan v. Retirement Committee of Rensselaer Polytechnic Inst., 4 F.3d 1264 (2d Cir. 1995) (applying arbitrary and capricious standard despite retirement committee's "interest in keeping the costs of funding the Plan as low as possible"); Pulvers v. First Unum Life Ins. Co., 210 F.3d 89 (2d Cir. 2000) (alleged conflict of interest did not trigger *de novo* review where the plan administrator was also the plan insurer, because there was no

7

evidence that the administrator's decision was actually influenced by the conflict of interest). In <u>Sullivan v. LTV Aerospace and Defense Co.</u>, 82 F.3d 1251 (2d Cir. 1996), the Second Circuit found that a conflict of interest may have in fact influenced the plan administrator. The court found that the plan administrators were board members with conflicting fiduciary duties towards both the company and the benefit applicants and that they knew the company's financial condition was so severe that significant downsizing was likely. <u>Id.</u> at 1256-57. It also noted that the company's vice president of human resources had a significant, and possibly improper, role in making benefits decisions. <u>Id.</u>

Plaintiffs' allegations do not rise to that level. They argue that a conflict of interest arose because the Plan was self-funded, so that Texaco (and, presumably, the Committee) had an interest in minimizing severance payments. The allegations are similar to those in <u>Pagan</u>. It is not sufficient for the plaintiffs to raise suspicions about possible conflicts; they must show that the conflict actually affected the reasonableness of the Committee's decision. <u>Pagan</u>, 52 F.3d at 443. The plaintiffs have not met their burden.

Because the plaintiffs have not shown that the alleged conflict of interest actually affected the Committee's decision, *de novo* review is not triggered. Accordingly, the court reviews

the Committee's determination under the arbitrary and capricious standard.

B. **Review of Committee's Denial of Benefits**

The plaintiffs next argue that the plan administrator's decision was arbitrary and capricious because their position grade does not accurately reflect their real level of responsibility at FAMM. They contend that they were key executives of FAMM and that their job duties, as well as their salary and benefit packages, were more substantial than those of many Texaco employees in position grade 19.

Under the arbitrary and capricious standard, the scope of review is narrow. Celardo v. GNY Auto. Dealers Health & Welfare Trust, 318 F.3d 142, 146 (2d Cir. 2003). A court may overturn a plan administrator's decision to deny benefits "only if the decision was without reason, unsupported by substantial evidence or erroneous as a matter of law." Id. (internal citation and quotation marks omitted); see also Jordan v. Retirement Comm. Of Rensellaer Polytechnic Institute, 46 F.3d 1264, 1271 (2d Cir. 1995) ("[t]he Court may not upset a reasonable interpretation by the administrator"). Substantial evidence is "such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the administrator and . . . requires more than a scintilla but less than a preponderance." Celardo, 318 F.3d at 146 (internal citations and quotations omitted). The

9

court may disturb an administrator's interpretation only if it imposes a standard not required by the plan, conflicts with the plain words, or renders some other part of the plan superfluous. O'Shea v. First Manhattan Co. Thrift Plan & Trust, 55 F.3d 109, 112 (2d Cir. 1995).

The Committee decision was not arbitrary and capricious. The Committee reasonably applied the Plan in denying the plaintiffs' claims for enhanced severance benefits. The Committee's determination was based solely on the fact that the plaintiffs were in position grade 19 rather than position grade 20.[3] The plain language of the Plan provides enhanced severance benefits only to employees at position grade 20 or higher. The Plan does not provide for case by case review of a claimant's merits or employment history.

Plaintiffs also contend that the Committee's decision was not supported by substantial evidence, because there is no record of what the Committee reviewed in reaching its decision. Given the nature of the claim that was before the Committee, the Committee's decision to review only the plaintiffs' position grades was reasonable. Its determination was supported by substantial evidence.

---

[3]There is no allegation that the Committee had any power to adjust the plaintiffs' position grade assignment. Indeed, the parties agree that such promotion would have required a decision by the FAMM Board of Directors, and the plaintiffs were unsuccessful in their attempts to gain such a promotion.

### IV. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The parties agree that the Plan entitles the plaintiffs to reimbursement of "all reasonable attorney's fees, costs and other expenses . . . unless a court of competent jurisdiction determines that their cause of action is frivolous." (Stoner Aff., Ex. A at 18.) The defendants' counterclaim seeks a declaratory judgment that the plaintiffs' action is frivolous. Plaintiffs' motion (doc. #48), now before the court, seeks summary judgment as to the defendants' counterclaim on the grounds that this action is not frivolous, even if plaintiffs do not prevail on the merits.

The parties have not addressed the threshold question of whether the defendants have standing to bring this counterclaim. Section 1132(a) of ERISA narrowly delineates who has standing to bring an action for benefits or to clarify rights under a plan. The defendants have not identified, either in their pleadings or their briefs, any provision that grants them standing to bring a declaratory judgment action. See 29 U.S.C. § 1132(a); see also Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Co., 700 F.2d 889, 891-893 (2d Cir. 1983) (a court has no subject matter jurisdiction over a claim brought by a pension fund, which is not one of the parties enumerated as having standing to bring an action under ERISA); Blanck v. Consolidated Edison Retirement Plan, No. 02 Civ. 7718, 2006 U.S.

11

Dist. LEXIS 2460 (S.D.N.Y. Jan. 24, 2006) (court lacked subject matter jurisdiction to adjudicate Plan's counterclaims).

Until this preliminary, jurisdictional question is addressed, the court cannot rule on the plaintiffs' motion for summary judgment. Plaintiffs' motion for summary judgment is therefore denied without prejudice.

## V.  CONCLUSION

For all these reasons, the court recommends that the defendants' Motion for Summary Judgment (doc. #53) be granted and that the plaintiffs' Motion for Summary Judgment (doc. #48) be denied without prejudice.

Any party may seek the district court's review of this recommendation. See 28 U.S.C. § 636(b)(written objections to proposed findings and recommendations must be filed within ten days after service of same); Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992)(failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling).

SO ORDERED at Hartford, Connecticut this 31st day of August, 2006.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge