## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
----------------------------x
                            :
LARRY A. KATZ and           :
KENNETH M. RAFTERY,         :
     Plaintiffs,            :
                            :
v.                          :    CASE NO. 3:02CV02201(AWT)
                            :
THE SEPARATION PAY PLAN OF  :
TEXACO, INC. and TEXACO, INC.,:
     Defendants.            :
                            :
----------------------------x
```

### ORDER RE PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

For the reasons set forth below, the plaintiffs' motion for attorneys' fees and costs is being granted in part and denied in part, and the plaintiffs are being awarded $32,882.51 in attorneys' fees and $1,835.69 in expenses.

The pertinent section of The Separation Pay Plan of Texaco (the "Plan") provides for "[r]eimbursement of all reasonable attorney's fees, costs and other expenses incurred by you in enforcing your rights under this plan, unless a court of competent jurisdiction determines that your cause of action is frivolous." (Pl's Mot. for Atty's Fees and Costs (Doc. No. 95), Ex. A.)

The plaintiffs entered into a retainer agreement with their counsel dated June 18, 2002. The plaintiffs and their counsel subsequently renegotiated the terms and conditions of the

-1-

representation and entered into a second retainer agreement,
which is dated September 23, 2003.  The September 23, 2003
retainer agreement includes the following paragraph:

> You agree to cooperate in obtaining a court
> determination of fees due from defendants should they
> refuse payment of such fees and we deem it advisable to
> obtain such a ruling.  In the unlikely event we lose
> our case so that you receive nothing **and** the court
> finds no fees are due from defendants, you shall owe
> nothing.

(Pl's Mot. for Atty's Fees and Costs (Doc. No. 95), Ex. B,
Attach. 2, at 3 (emphasis in original).)

It is undisputed that the plaintiffs actually paid to their
counsel only $32,882.51 in attorneys' fees and $1,835.69 in
expenses.  However, based on the amount of time their counsel
have spent on the case, the plaintiffs seek an award of
$166,449.17 in attorneys' fees and $9,794.74 in disbursements
plus prejudgment interest in the amount of $45,316.72.  Thus, the
total amount sought by the plaintiffs is $221,560.63.

The language of the Plan is controlling here.  The first
hurdle faced by the plaintiffs was avoiding a determination by
this court that their cause of action is frivolous.  Looking at
the ordinary, common-sense meaning of the word "frivolous" in
Merriam-Webster's Third New International Dictionary Unabridged,
this court concluded that the plaintiffs' cause of action is not
frivolous.  <u>See</u> Order Re Pending Motions (Doc. No. 92).

The remaining issue is the proper interpretation of the

-2-

provision in the Plan providing that the Plan will reimburse the plaintiffs for legal expenses incurred by them.  The Plan does not provide that the defendants will pay all of the plaintiffs' reasonable attorneys' fees, costs and other expenses.  Rather, it provides for "reimbursement" of all such legal expenses incurred by the plaintiffs in enforcing their rights under the Plan.

Thus, under the language of the Plan, the defendants are only liable to pay the amount in reasonable attorneys' fees, costs and other expenses that the plaintiffs have actually paid. See Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 178-80 (2d. Cir. 2005) (agreement providing that defendant would indemnify plaintiff for reasonable attorneys' fees, court costs and other costs did not permit plaintiff to demand from defendant "greater expenses than plaintiff has itself incurred," "and retainer agreement is unenforceable to the extent that it attempts to calculate plaintiff's liabilities to counsel based on what plaintiff can secure as reimbursement for those liabilities in an indemnity action"); Chojnacki v. Georgia Pacific Corp., 108 F.3d 810, 818 (7th Cir. 1997) (where plaintiffs had a contingent fee agreement with their lawyers, they never incurred legal fees except a small sum paid to their attorney before the contingent fee agreement was signed).

Accordingly, Plaintiffs' Motion for Attorneys' Fees and

-3-

Costs (Doc. No. 95) is hereby GRANTED in part and DENIED in part. The plaintiffs are hereby awarded $32,882.51 in attorneys' fees and $1,835.69 in expenses, for a total award of $34,718.20.

It is so ordered.

Signed this 13th day of December, 2007 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge